J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
WINE SCOUT INTERNATIONAL

FILED
NOV 26 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Wine Scout International,

    Plaintiff,

vs.

Patricia Crowell,

    Defendant.

CASE NO. C07-05930

**COMPLAINT**

1. Federal Unfair Competition
2. California Unfair Competition
3. California False or Misleading Statements
4. Common Law Trademark Infringement

**DEMAND FOR JURY TRIAL**

Plaintiff, Wine Scout International ("Plaintiff"), for its complaint against Defendant, Patricia Crowell ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for unfair competition (15 U.S.C. §1125(a)), violations of the California Business and Professions Code for unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark infringement, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's service mark and trade name, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's

COMPLAINT      1

infringement of Plaintiff's service mark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Wine Scout International is a California corporation with its principal place of business located at 975 First Street, Napa, California, 94559.

3. Upon information and belief, Defendant is an individual with a principal place of business located at PMB 110, 11357 Nuckols Road, Glen Allen, Virginia 23059.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through her agents, transacted business in the State of California and within this judicial district through the provision of services in this judicial district via a nationally accessible Internet website, as more specifically set forth below, and expected or should reasonably have expected her acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district through the provision of services via a nationally accessible Internet website, as more specifically set forth below, and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of the distinctive service mark WINE SCOUT for various wine-related services, including mail order catalog services featuring wine, online retail store services featuring wine, and the provision of information and advice to catalog and online retail store customers concerning wine (the "WINE SCOUT Service Mark").

8. Plaintiff is the owner of the trade name Wine Scout International as used in association with wine and various wine-related services (the "Wine Scout International Trade Name"). Plaintiff uses the Wine Scout International Trade Name as a négociant and vintner to have wines produced under various proprietary labels. Plaintiff has sold over one million bottles of wine featuring the Wine Scout International Trade Name as the producer. Plaintiff is known and referred to colloquially by the industry and the public by such Wine Scout International Trade Name.

9. Long prior to the acts of Defendant complained of herein, Plaintiff has used its WINE SCOUT Service Mark in association with its wine-related services in U.S. commerce, including mail order catalog services featuring wine, online retail store services featuring wine, the provision of information and advice to catalog and online retail store customers concerning wine.

10. Long prior to the acts of Defendant complained of herein, Plaintiff has used its Wine Scout International Trade Name in association with its wine-related services, including its négociant and vintner services, and in such capacity has produced over one million bottles of wine bearing the Wine Scout International Trade Name.

11. Plaintiff owns extremely valuable goodwill which is symbolized by its WINE SCOUT Service Mark and its Wine Scout International Trade Name and each use of the mark and the trade name substantially increases the value of Plaintiff's company and the salability of the goods and services sold through Plaintiff's company.

12. Upon information and belief, Defendant, Patricia Crowell is the owner of an Internet business operated under the service mark THE WINE SCOUT, accessible at http://thewinescout.com, through which Defendant offers promotional services relating to the advertisement and marketing of wine, wineries, wine tasting kits, wine vacations, and other wine-oriented goods and services, provides audio and video podcasts and other downloadable information about wine, and offers educational programs and travel shows related to wine.

13. Defendant's website, accessible at http://thewinescout.com, prominently features the mark THE WINE SCOUT throughout the site, as well as throughout Defendant's downloadable wine-centered audio and video podcasts, programs, and blogs. Upon information and belief, in addition to being available to consumers via Defendant's http://thewinescout.com website, Defendant's downloadable THE WINE SCOUT podcasts are available on Apple iTunes and numerous other podcast aggregators and directories.

14. Upon information and belief, Defendant willfully adopted and initiated use of THE WINE SCOUT service mark with prior knowledge of Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name.

15. Upon information and belief, Defendant is the owner of pending federal Service Mark Application Serial No. 77/084749 for the mark THE WINE SCOUT for "downloadable podcasts relating to wines and restaurants distributed by means of a global computer network" in International Class 9, "promotional services, namely advertising and marketing for goods and services related to wine, online ordering and retail store services in the field of wine, wine accessories, and other general merchandise related to wine" in International Class 35, and "conducting educational programs relating to wine; educational and entertainment services, namely podcasts and entertainment programs

COMPLAINT                                    4

relating to wine; production of travel shows relating to wine; online journals, namely, blogs featuring wine" in International Class 41.

16. Defendant's pending Application Serial No. 77/084749 for the mark THE WINE SCOUT has a filing date of January 17, 2007, and an alleged first use date for all services of January 19, 2006, both of which are dates long after Plaintiff initiated use of its WINE SCOUT Service Mark and Wine Scout International Trade Name in U.S. commerce.

17. In mid September of 2007, Plaintiff discovered that Defendant had filed her federal service mark application for the mark THE WINE SCOUT. This service mark application was filed on the Principal Register, indicating Defendant's belief that THE WINE SCOUT mark is distinctive and capable of registration.

18. Defendant's THE WINE SCOUT mark is confusingly similar to Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name given that the marks and the trade name are virtually identical in sight, sound, and meaning, and that the services offered by Defendant under THE WINE SCOUT are highly related to those which Plaintiff offers under its WINE SCOUT Service Mark and its Wine Scout International Trade Name.

19. Plaintiff has advised Defendant of Plaintiff's service mark and trade name rights in the term "WINE SCOUT" and has requested that Defendant cease use of her confusingly similar THE WINE SCOUT mark. However, Defendant has indicated that she does not intend to cease use of the mark THE WINE SCOUT in promoting and offering her various wine-related services despite repeated demands from Plaintiff and has instead demanded that Plaintiff cease use of its WINE SCOUT Service Mark.

20. Continued use of the mark THE WINE SCOUT by Defendant is likely to confuse consumers into believing that Defendant's THE WINE SCOUT online business and/or

her Internet website http://thewinescout.com are affiliated with, associated with, or connected to Plaintiff and/or the goods and services offered under Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name. Defendant will unjustly benefit from such false association.

21. As a result of Defendant's use of this confusingly similar mark, Plaintiff has lost control of its WINE SCOUT Service Mark and Wine Scout International Trade Name, and has been irreparably harmed. If Defendant is permitted to use and register her mark, any defect, objection, or fault found with Defendant's services marketed under THE WINE SCOUT necessarily would reflect upon and seriously injure the reputation Plaintiff has established for its services and products merchandised or marketed under its WINE SCOUT Service Mark and Wine Scout International Trade Name.

22. Upon information and belief, Defendant plans on continuing use of THE WINE SCOUT mark. Plaintiff has suffered, and continues to suffer, irreparable harm resulting from loss of control of its WINE SCOUT Service Mark and Wine Scout International Trade Name and such harm cannot be remedied solely by monetary damages. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using such mark, wherefore Plaintiff is without adequate remedy at law.

23. Upon information and belief, Defendant's infringing use of the confusingly similar THE WINE SCOUT mark has financially harmed Plaintiff by diminishing the value of Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name as a source indicator for Plaintiff's goods and services, and Defendant's infringing use of THE WINE SCOUT mark has increased the profitability of Defendant's THE WINE SCOUT brand and business to the detriment of Plaintiff.

24. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

## FIRST CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Plaintiff restates and reavers the allegations of Paragraphs 1 through 24, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

## SECOND CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

28. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## THIRD CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through 28, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## FOURTH CAUSE OF ACTION

(Common Law Trademark Infringement)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, her principals, partners, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under her direction and/or pursuant to her control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the mark THE WINE SCOUT, or terms or marks confusingly similar to WINE SCOUT, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine, including but not limited to, online ordering and retail store services in the field of wine, wine accessories, and general merchandise related to wine, advertising and marketing for goods and services related to wine, downloadable podcasts relating to wines distributed by any means whatsoever, educational programs relating to wine, and travel shows and blogs relating to wine, which may be produced or distributed in any media whatsoever;

b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3. That Defendant, her principals, partners, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under her direction and/or pursuant to her control, be required to deliver up for destruction all advertising, promotional, point of sale, press kit, packaging, and any other materials bearing the infringing mark THE WINE SCOUT, together with all artwork, graphics, and other means and materials for making and reproducing the same;

4. That the Commissioner for Trademarks of the United States Patent and Trademark Office be directed to refuse and deny registration of the service mark THE WINE SCOUT shown and specified in Application Serial No. 77/084749 based on a likelihood of confusion with Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name pursuant to 15 U.S.C. 1052(d);

5. That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

COMPLAINT

9

6. That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: 11/20/2007

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By *(signature)*
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

COMPLAINT

10

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: 11/20/2007

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

11

COMPLAINT