1  STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
   Business & Technology Law Group
2  160 W. Santa Clara Street, Suite 1050
   San Jose, CA  95113
3  Telephone:  (408) 282-1949
   Facsimile:  (408) 275-9930
4  E-Mail:  wsc@businessandtechnologylawgroup.com

5  Attorneys for Defendant,
   PATRICIA CROWELL

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  WINE SCOUT INTERNATIONAL,          )   CASE NO. C 07 05930 JSW
                                       )
12       Plaintiff,                    )   DEFENDANT'S NOTICE OF MOTION
                                       )   AND MOTION TO ENLARGE TIME
13  vs.                                )   FOR THE FILING OF RESPONSIVE
                                       )   PLEADINGS AND MEMORANDUM OF
14  PATRICIA CROWELL,                  )   POINTS AND AUTHORITIES IN
                                       )   SUPPORT THEREOF
15       Defendant.                    )
                                       )   Date:      Shortened Time
16                                     )   Time:      Set By the Court
                                       )   Courtroom: 2, 17th Floor
17                                     )   Judge:     Hon. Jeffrey S. White
                                       )
18                                     )
                                       )   [Electronic digital signatures permitted]
19                                     )

20       TO PLAINTIFF, WINE SCOUT INTERNATIONAL, AND TO ITS ATTORNEY OF

21  RECORD:

22       NOTICE IS HEREBY GIVEN that as soon as the matter may be heard by the above-

23  entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, in the courtroom

24  of Hon. Jeffrey S. White, defendant will and hereby does move for an enlargement of time for the

25  filing of responsive pleadings in this action to March 31, 2008.

26       The motion is brought on each of the six grounds set forth in the numbered and

27  underlined headings of the accompanying Memorandum of Points and Authorities, as required by

28  Civ. L.R. 6.3(a).

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DEFT.'S NOT. OF MOT. & MOT.
TO ENLARGE TIME FOR RESP.
PLDGS. & MPA IN SUPPORT

Page 1

1    The motion is based upon this Notice of Motion and Motion, the Memorandum of Points

2  and Authorities in Support thereof, the Declarations of Andres N. Madrid, Patricia Crowell, and

3  Stephen N. Hollman, and the pleadings and papers on file herein, and upon such other matters as

4  may be presented to the Court.

5    DATED:  February 23, 2007                    BUSINESS & TECHNOLOGY LAW GROUP

6

7                                               By:        /s/ Stephen N. Hollman
                                                          Stephen N. Hollman,
                                                          Attorneys for Defendant,
8                                                         PATRICIA CROWELL

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10    Pursuant to Civ. L.R. 6-3(a), the reasons for the requested enlargement of time are as

11  follows.

12        1.    The First Case Management Conference Is Not Until April 25, 2008.

13    Pursuant to the Order Setting Case Management Conference and Requiring Joint Case

14  Management Conference Statement signed by Your Honor on January 25, 2008 (ECF Document

15  No. 7) (hereinafter referred to as the "Order"), there will be no Case Management Conference in

16  this litigation for more than two months hence.

17    Despite the applicable provisions of Fed.R.Civ.P. Rules 4 and 5 and the explicit mandates

18  in the Order (p. 1, ll. 20-23), requiring service of the Order by plaintiff on defendant and the

19  filing with the Clerk of a Certificate reflecting such service in accordance with Civ. L.R. 5-6(a),

20  no such service of the Order was ever made upon either defendant, her New York counsel, or her

21  California counsel.[1]

22    Making this wholesale absence to comply with the Order, defendant was never served

23  with a copy of the pamphlet entitled "Dispute Resolution Procedures in the Northern District of

24  California".[2]

25  //

26  _____

27  [1]    Madrid Decl., p. 2, ll. 11-13; Hollman Decl., p. 2, ll. 4-6 and ll. 17-19; Electronic Docket of the case
reflecting the absence any certificate of Service, as required by Civ. L.R. 5-6(a).

28  [2]    Madrid Decl., p. 2, ll. 14-16; Crowell Decl., p. 2, ll. 23-28 and p. 3, ll. 1-2.

1    2.    Pending Action of the PTO.

2    As more fully set forth in the supporting Declarations of Patricia Crowell and Stephen N.

3  Hollman, proactive action was taken by defendant with the PTO to amend her trademark

4  application so as to eliminate any reference to International Class No 35 therein thereby mooting

5  a number of the claims in the Complaint and ameliorating concerns of plaintiff, and action

6  thereon by the PTO will not occur until after the close of the publication period of plaintiff's

7  trademark application which will be approximately the end of March, 2008.[3]

8    3.    Efforts Made To Obtain A Stipulation To The Time Change.

9    As more fully set forth in the Hollman Declaration, without even specifying a date for an

10 enlargement of time for the filing of responsive pleadings, the door to consideration by plaintiff

11 was shut tight by its counsel absent any consideration of the fact that the undersigned was new to

12 the case and absent any consultation with the plaintiff.[4]

13    4.    Substantial Harm Or Prejudice To Defendant; The Absence Of Same To Plaintiff.

14    It is conceded that the absence of service of the Order would not, standing alone, justify

15 an enlargement of time for the filing of responsive pleadings.  However, there is simply no

16 justification whatsoever for plaintiff to not grant an enlargement for the filing of responsive

17 pleadings beyond February 29, 2008 given the combination of facts that (i) there will be no Case

18 Management Conference in this litigation for more than two months hence; (ii) the anticipated

19 action from the PTO by approximately the end of March, 2008 that would moot many of the

20 claims made in the Complaint and ameliorate concerns of plaintiff that defendant was

21 encroaching on its business; (iii) the undersigned, as new counsel in this case, simply requires

22 time to get up to speed; and (iv) the utter and complete absence of prejudice to plaintiff of it

23 granting an enlargement to the end of March 2008 for the filing of responsive pleadings given

24 both the Case Management Conference not occurring until April 25, 2008 and the anticipated

25 action of the PTO by the end of March, 2008.  As significantly, by forcing defendant to file

26

27  [3]    Crowell Decl., p. 3, ll. 7-10 and ll. 16-22; Hollman Decl. p. 2, ll. 7-8; Complaint (ECF Document No. 1, *e.g.*, ¶¶ 7, 9, 15.

28  [4]    Hollman Decl. p. 2, ll. 1-28.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DEFT.'S NOT. OF MOT. & MOT.
TO ENLARGE TIME FOR RESP.
PLDGS. & MPA IN SUPPORT

Page 3

1  responsive pleadings by February 29, 2008, plaintiff both precludes the potential for defendant of

2  filing a Fed.R.Civ.P. Rule 12 motion based upon the anticipated action of the PTO, and having

3  claims in the Complaint mooted given the parameters of the very description of its business by it

4  as set forth in its application to the PTO.[5]  Instead, this Rambo-like conduct by plaintiff[6] serves

5  only to visit prejudice upon defendant when plaintiff itself will suffer none.

6        4.      This Motion Is Requested To Be Heard Upon Shortened Time.

7        The underlying dispute rests with the unjustified refusal of plaintiff to grant an

8  enlargement of time to defendant for the filing of responsive pleadings absent any showable

9  shred of prejudice being incurred by it, and the demonstrated detrimental prejudice to defendant

10  by such denial, both as more fully set forth above.

11        5.      Previous Time Modifications In this Case.

12        There has been only one prior time modification in this litigation (EFT Document No.

13  9).[7]  This occurred at a time when defendant was attempting to precipitate a settlement with

14  plaintiff,[8] at a time when plaintiff had not complied with the Order,[9] and at a time when

15  defendant did not have California counsel.[10]

16        6.      Effect The Requested Time Modification Would Have On The Case.

17        In light of the Order providing that there is no Case Management Conference until April

18  25, 2008, an enlargement of time for the filing of responsive pleadings to March 31, 2008 would

19  have no effect whatsoever on the date for the Case Management Conference.  Even if defendant

20  was to file a (i) Counterclaim on March 31, 2008, plaintiff would have to respond within 20 days

21  thereafter – 5 days prior to the Case Management Conference; or (ii) Rule 12 Motion, the Court

22

23  [5]     Crowell Decl., p. 2, ll. 10-15.

24  [6]     Madrid Decl., p. 1, ll. 23-26 and p. 2, ll. 1-8; Crowell, Decl., p. 2, ll. 16-19 and ll. 23-28, and p. 3, ll. 1-2; Hollman Decl., p. 2, ll. 1-28 and p. 3, ll. 1-8.

25  [7]     Madrid Decl., p. 1, ll. 23-28.

26  [8]     Madrid Decl. p. 2, ll. 1-8; Crowell, p. 2, ll. 23-28, and p. 3. ll. 1-2.

27  [9]     *supra*, p. 2, ll. 12-20.

28  [10]     Madrid Decl., p. 2, ll. 17-18; Crowell Decl., p. 3, ll. 11-15; Hollman Decl., p. 1, ll. 23-24.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DEFT.'S NOT. OF MOT. & MOT.
TO ENLARGE TIME FOR RESP.
PLDGS. & MPA IN SUPPORT

Page 4

1  has the ability to have the hearing thereon occur during its morning motion session on April 25,

2  2008 by either the parties stipulating to, or the Court setting, a briefing schedule so that this

3  would so occur.

4      Conclusion.

5      This Motion regrettably sheds no positive aura by way of an example of the good faith

6  conduct of counsel expected by the Court.  For any one or more of the reasons set forth above,

7  from the appearance of new counsel, to the failure to comply with the Order, to the pending

8  action of the PTO and its effect on mooting claims in the Complaint and ameliorating concerns

9  of plaintiff, to the complete and utter lack of prejudice to plaintiff and the discernable prejudice

10  to defendant, there should have been some measure of consideration given by plaintiff to a

11  reasonable enlargement of time for the filing of responsive pleadings.

12      It is anticipated that plaintiff will argue that Mr. Madrid had the Complaint long enough.

13  However, Mr. Madrid was **not** acting as counsel to defendant in this litigation and **never** so

14  indicated to plaintiff's counsel.[11]

15      There is no prejudice at all to plaintiff and no effect of the schedule set by the Court for

16  this litigation if the requested enlargement of time for the filing of responsive pleadings to March

17  31, 2008 is granted.  Further, there is no benefit accorded to either of the parties or to the Court

18  by having their respective counsel engage in what Senator Barak Obama termed in last

19  Thursday's televised debate as a "silly season" of posturing.

20      The only party who would bear cognizable prejudice by having to file responsive

21  pleadings on February 29, 2008 respectfully requests the Court to grant its Motion to enlarge the

22  time for the filing of responsive pleadings to March 31, 2008.

23      Respectfully submitted,

24  DATED:  February 23, 2007      BUSINESS & TECHNOLOGY LAW GROUP

25      By:      */s/ Stephen N. Hollman*

26      Stephen N. Hollman,
    Attorneys for Defendant,
    PATRICIA CROWELL

27

28  [11.]  Madrid Decl., p. 2, ll. 9-10.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

1   STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
    Business & Technology Law Group
2   160 W. Santa Clara Street, Suite 1050
    San Jose, CA  95113
3   Telephone:  (408) 282-1949
    Facsimile:  (408) 275-9930
4   E-Mail:  wsc@businessandtechnologylawgroup.com

5   Attorneys for Defendant,
    PATRICIA CROWELL
6

7

8                   UNITED STATES DISTRICT COURT
9
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  WINE SCOUT INTERNATIONAL,        )   CASE NO. C 07 05930 JSW
                                     )
12       Plaintiff,                  )   DECLARATION OF
                                     )   ANDRES N. MADRID IN SUPPORT OF
13  vs.                              )   DEFENDANT'S MOTION TO
                                     )   ENLARGE TIME FOR THE FILING OF
14  PATRICIA CROWELL,                )   RESPONSIVE PLEADINGS
                                     )
15       Defendant.                  )
                                     )   [Electronic digital signatures permitted]
16                                   )
                                     )
17                                   )

18       I, ANDRES N. MADRID, declare as follows:

19       1.      I am an attorney at law duly licensed to practice in the State of New York, the

20  United States District Court for the Southern District of New York, and other Federal courts.

21       2.      I make this Declaration of my own personal knowledge, and, if called as a

22  witness, I could competently testify to the matters herein.

23       3.      On or about November 28, 2007, I was advised by plaintiff's counsel, J. Scott

24  Gerien, of the filing of the Complaint in this action, and was given a deadline of two days hence

25  for defendant to cease and desist using the mark in question otherwise the plaintiff would go

26  forward with the litigation.

27       4.      Ultimately, the parties reached an agreement for defendant to respond to the

28  Complaint to and include February 15, 2008.

Business & Technology Law Group                    CASE NO. 07 05930 JSW
160 W. Santa Clara Street, Suite 1050              DECL. OF ANDRES N. MADRID IN
San Jose, CA 95113                                 SUPP. OF DEFT.'S MOT. TO EN-
                                                   LARGE TIME FOR RESP. PLDGS.

Page 1

5.    Prior to January 28, 2008, defendant sought to speak directly with plaintiff regarding a resolution of its claims.  Plaintiff's counsel communicated with me by E-Mail refusing that attempt to resolve the claims by stating:

> Andy:
>
> Spoke with my client.  He's not inclined to speak with Ms. Crowell as he is not prepared to settle the matter absent her cessation of use of the mark.  However, if your client is willing to commit to ceasing use of the mark, our client will agree to allow your client a six month phase out and will waive all damage and attorneys' fees claims.  Otherwise, my client is prepared to proceed with the litigation and will seek all available damages and fees.

6.    I neither appeared as counsel for defendant in this litigation nor had ever advised Mr. Gerien that I would appear as counsel on behalf of defendant in this litigation.

7.    At no time in the period during which I was in communication with Mr. Gerien did I ever receive from him a copy of the Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement signed by Judge White.

8.    At no time in the period during which I was in communication with Mr. Gerien did I ever receive from him a copy of a pamphlet entitled "Dispute Resolution Procedures in the Northern District of California."

9.    Upon information and belief, Ms. Crowell retained California counsel, Mr. Stephen N. Hollman, on or about February 19, 2008 to represent her in this litigation.

I declare under penalty of perjury under the laws of the State of New York and 28 U.S.C. § 1746 that the foregoing is true and correct, except as to those matters that are stated to be on information and belief, and as to such matters I believe them to be true.

This Declaration was signed at New York, New York.

DATED:  February 23, 2007              /s/ Andres N. Madrid
                                       Andres N. Madrid

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF ANDRES N. MADRID IN
SUPP. OF DEFT.'S MOT. TO EN-
LARGE TIME FOR RESP. PLDGS.

Page 2

STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA  95113
Telephone:  (408) 282-1949
Facsimile:  (408) 275-9930
E-Mail:  wsc@businessandtechnologylawgroup.com

Attorneys for Defendant,
PATRICIA CROWELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WINE SCOUT INTERNATIONAL, | ) | CASE NO. C 07 05930 JSW |
| | ) | |
| Plaintiff, | ) | DECLARATION OF |
| | ) | PATRICIA CROWELL IN SUPPORT OF |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | ENLARGE TIME FOR THE FILING OF |
| PATRICIA CROWELL, | ) | RESPONSIVE PLEADINGS |
| | ) | |
| Defendant. | ) | **[Electronic digital signatures permitted]** |
| | ) | |
| | ) | |
| | ) | |

I, PATRICIA CROWELL, declare as follows:

1.      I am the defendant who is named in the Complaint in this litigation.

2.      I make this Declaration of my own personal knowledge, and, if called as a witness, I could competently testify to the matters herein.

3.      The nature of my business under the mark "The Wine Scout" is to discover wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on my website with the registered domain name of "thewinescout.com" and through other sites and applications (*e.g.*, iTunes) on the Internet.

4.      I engaged the services of Andres Madrid to apply with the United States Patent & Trademark Office (hereinafter referred to as the "PTO") for a registration of the trademark "The

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF PATRICIA CROWELL
IN SUPP. OF DEFT'S MOT. TO EN
LARGE TIME FOR RESP. PLDGS.

Page 1

1   Wine Scout" in connection with the business described in Paragraph 3 above, and he did so on or

2   about January 17, 2007.  That application, to which the PTO assigned Serial No. 77084749, was

3   for use in International Class No. 9 ("downloadable podcasts relating to wines and restaurants

4   distributed by means of a global computer network"), International Class No. 35 ("promotional

5   services, namely, advertising and marketing for goods and services related to wine, online

6   ordering and retail store services in the field of wine, wine accessories, and other general

7   merchandise related to wine"), and International Class No. 41 ("conducting educational programs

8   relating to wine; educational and entertainment services, namely, podcast programs relating to

9   wine; podcast travel shows relating to wine; online journals, namely, blogs featuring wine").

10      5.      I subsequently became informed and believe that on or about June 6, 2007,

11  plaintiff filed with the PTO an application to register the mark "Wine Scout" in International

12  Class No. 35 ("mail order catalog services featuring wine; online retail store services featuring

13  wine; providing information and advice to mail order catalog and online retail store customers

14  concerning the purchase of wine").  I am informed and believe that the PTO assigned to that

15  application Serial No. 77199035.

16      6.      On or about November 28, 2007, I recall subsequently being advised by Mr.

17  Madrid that plaintiff had commenced this litigation and that I had two days within which to

18  discontinue all use of my mark "The Wine Scout" or that plaintiff would move forward with this

19  litigation.

20      7.      In the time following my receipt of a copy of the Complaint from Mr. Madrid, it

21  became apparent that any documents relating to this litigation sent out by plaintiff's counsel

22  through the mail for service upon me were never received by me.

23      8.      After Mr. Madrid negotiated an extension of time for me to respond to the

24  Complaint, I requested of Mr. Madrid that he convey to plaintiff's counsel my desire to speak

25  directly with plaintiff regarding a mutually acceptable resolution of its claims.  My desire to do

26  seek such a resolution was done in the absence of any knowledge or understanding by me of the

27  Court's requirement for alternative dispute resolution in cases brought before it of which my

28  California counsel, Stephen Hollman so advised me only within the past day or two.  That

---

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF PATRICIA CROWELL
IN SUPP. OF DEFT'S MOT. TO EN
LARGE TIME FOR RESP. PLDGS.

1    attempt by me was wholly rebuffed when Mr. Madrid was advised by plaintiff's counsel that his

2    client was not prepared to settle the matter absent my total cessation of the use of my mark.

3        9.    Although my sincere attempt to resolve this litigation directly with the plaintiff

4    was rejected outright, the application for my trademark was approved by the PTO and noticed for

5    publication.  I am further informed and believe that the application of plaintiff to register its

6    trademark was suspended by the PTO.

7        10.    In an effort to address the claims in the Complaint and the concerns of plaintiff,

8    Mr. Madrid, with my consent, submitted to the PTO an amendment of my application to register

9    "The Wine Scout", which the PTO had previously approved, by deleting International Class No.

10    35 – the sole and only class in which plaintiff is seeking its trademark registration.

11        11.    On or about February 18, 2008, I engaged Stephen N. Hollman of San Jose,

12    California to represent me in this litigation.  In a telephone conference he had with plaintiff's

13    counsel on February 20, 2008, Mr. Hollman told me that he was informed that I had to respond to

14    the Complaint within approximately one week unless I discontinued all use of my mark in any

15    connection with wine.

16        12.    I am informed and believe that no formal action can be taken by the PTO on the

17    amendment of my application to register "The Wine Scout" by deleting International Class No.

18    35 – the sole and only class in which plaintiff is seeking its trademark registration – until several

19    days after the publication period of my mark expires and that such action by the PTO will be

20    toward the end of March 2008.  If that amendment is approved, and I am informed and believe

21    this to be highly likely, then I am further informed and believe that many of the claims made by

22    plaintiff in its Complaint will simply become moot.

23        I declare under penalty of perjury under the laws of the State of New York and 28 U.S.C.

24    § 1746 that the foregoing is true and correct, except as to those matters that are stated to be on

25    information and belief, and as to such matters I believe them to be true.

26        This Declaration was signed at New York, New York.

27    DATED:  February 23, 2007            _____/s/ Patricia Crowell_____
                                              Patricia Crowell
28

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF PATRICIA CROWELL
IN SUPP. OF DEFT'S MOT. TO EN
LARGE TIME FOR RESP. PLDGS.

Page 3

1  STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
   Business & Technology Law Group
2  160 W. Santa Clara Street, Suite 1050
   San Jose, CA  95113
3  Telephone:  (408) 282-1949
   Facsimile:  (408) 275-9930
4  E-Mail:  wsc@businessandtechnologylawgroup.com

5  Attorneys for Defendant,
   PATRICIA CROWELL
6

7

8                    UNITED STATES DISTRICT COURT
9
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 WINE SCOUT INTERNATIONAL,        )    CASE NO. C 07 05930 JSW
                                    )
12        Plaintiff,                )    DECLARATION OF
                                    )    STEPHEN N. HOLLMAN IN SUPPORT
13 vs.                              )    OF DEFENDANT'S MOTION TO
                                    )    ENLARGE TIME FOR THE FILING OF
14 PATRICIA CROWELL,                )    RESPONSIVE PLEADINGS
                                    )
15        Defendant.                )
                                    )    **[Electronic digital signatures permitted]**
16                                  )
                                    )
17 _____ )

18        I, STEPHEN N. HOLLMAN, declare as follows:

19        1.    I am an attorney at law duly licensed to practice in the State of California and the

20 Commonwealth of Massachusetts, and in several Federal courts.

21        2.    I make this Declaration of my own personal knowledge, and, if called as a

22 witness, I could competently testify to the matters herein.

23        3.    On or about February 18, 2008, my office was engaged by defendant in this

24 litigation as her counsel.

25        4.    In anticipation of so being engaged, I communicated with plaintiff's counsel on

26 February 14, 2008 to arrange for a telephone conference on February 20, 2008 for the purpose of

27 discussing the case.  That telephone conference was subsequently postponed to the morning of

28 February 21, 2008.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF STEPHEN N. HOLLMAN
IN SUPP. OF DEFT'S MOT. TO EN-
LARGE TIME FOR RESP. PLDGS.

Page 1

5.      In the February 21, 2008 telephone conference with plaintiff's counsel, I pointed out to him, among other things, that (i) I was very new to the case by only a couple of days and thereby not wholly familiar with all of the background facts; (ii) there was no Case Management Conference in this litigation until April 25, 2008; (iii) no copy of the Court's Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement signed by Your Honor on January 25, 2008 had ever been served on defendant or sent to Mr. Madrid; (iv) defendant's trademark registration had been amended to delete International Class No. 35 and that should ameliorate many of the claims in the Complaint and many of plaintiff's concerns; (v) absent even my specifying a date, I needed time to evaluate the position of defendant generally and in light of the anticipated action of the PTO favorably approving the amendment to defendant's trademark registration deleting and thereby mooting many of the claims in the Complaint, and no prejudice would be incurred by plaintiff in light of there being no Case Management Conference for more than two months; and (vi) proposed that parties commence ADR prior to the April 25, 2008 Case Management Conference once the anticipated favorable action of the PTO occurred deleting International Class No. 35 from the defendant's trademark application.

6.      The responses from plaintiff's counsel to me absent any consultation by him with his client were that (i) a copy of the Court's Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement signed by Your Honor on January 25, 2008 had been sent to Mr. Madrid; (ii) defendant had until February 29, 2008 to file her responsive pleadings and there would be no further continuance; and (iii) there would be no ADR in this litigation.

7.      In reply, I informed plaintiff's counsel that (i) I should be compelled to seek from the Court by motion on shortened time an enlargement of the time for defendant to file responsive pleadings; (ii) in light of the of the April 25, 2008 Case Management Conference his client would not be prejudiced; and (iii) filing such a motion with the Court would be a bad way to start off this litigation.  Plaintiff's counsel responded that I should do whatever I had to do, and the previously stated date of February 29, 2008 for responsive pleadings remained firm.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF STEPHEN N. HOLLMAN
IN SUPP. OF DEFT'S MOT. TO EN-
LARGE TIME FOR RESP. PLDGS.

Page 2

8.    On February 22, 2008, I received an E-Mail from plaintiff's counsel stating:

I have conferred with my client concerning our conversation yesterday, and in light of your posturing, I want to advise you that the prior offer of settlement [*plaintiff's demand that defendant discontinue all use of her trademark of plaintiff will move forward with the litigation*] is off the table.  If your client wishes to settle this matter, my client will require a payment of its attorneys' fees as well as cessation of use.

We look forward to responding to your motion for an extension of time to answer.  In light of the fact that Andy received a copy of the complaint from us on November 27, 2007, I believe that our stipulation allowing Ms. Crowell until next week to respond is more than generous and any claims of substantial harm or prejudice as required under Local Rule 6-3(a)(3) will be completely without merit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except as to those matters that are stated to be on information and belief, and as to such matters I believe them to be true.

12.    This Declaration was signed at San Jose, California.

DATED:  February 23, 2007                    _____/s/ Stephen N. Hollman_____
                                                            Stephen N. Hollman

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
DECL. OF STEPHEN N. HOLLMAN
IN SUPP. OF DEFT'S MOT. TO EN-
LARGE TIME FOR RESP. PLDGS.

Page 3

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   WINE SCOUT INTERNATIONAL,          )        CASE NO. C 07 05930 JSW
                                        )
12        Plaintiff,                    )        [PROPOSED] ORDER RE
                                        )        DEFENDANT'S MOTION TO
13   vs.                                )        ENLARGE TIME FOR THE FILING OF
                                        )        RESPONSIVE PLEADINGS
14   PATRICIA CROWELL,                  )
                                        )
15        Defendant.                    )        **[Electronic digital signatures permitted]**
                                        )
16                                      )
                                        )
17   _____)

18          The motion of defendant, Patricia Crowell, for an order enlarging the time for the filing of

19   responsive pleadings came before the Court on submissions by Stephen N. Hollman, counsel for

20   defendant, and J. Scott Gerien, counsel for plaintiff.

21          After consideration of the submissions ad arguments of counsel, and all other matters

22   presented to and reviewed by the Court,

23          IT IS HEREBY ORDERED that defendant's motion for an order enlarging the time for

24   the filing of responsive pleadings is GRANTED, and defendant will file responsive pleadings in

25   this action on or before March 31, 2008.

26    DATED:        February __, 2008         _____
                                              JEFFREY S. WHITE
27                                            UNITED STATES DISTRICT JUDGE

28

Business & Technology Law Group                                    CASE NO. 07 05930 JSW
160 W. Santa Clara Street, Suite 1050                              [PROPOSED] ORDER RE
San Jose, CA 95113                                                 DEFT'S MOT. TO ENLARGE
                                                                   TIME FOR RESP. PLDGS.

# BUSINESS & TECHNOLOGY LAW GROUP

160 W. SANTA CLARA STREET
SUITE 1050
SAN JOSE, CALIFORNIA  95113


TELEPHONE:  (408) 282-1949
FACSIMILE:  (408) 275-9930
EMAIL:  snh@bestintechnologylaw.com
WEBSITE:  www.businessandtechnologylawgroup.com


February 25, 2008


Hon. Jeffrey S. White
United States District Judge
U. S. District Court for the No. Dist. of Cal.
Courtroom 2, Seventeenth Floor
450 Golden Gate Avenue
San Francisco, CA  94102

*RE:*    ***Wine Scout International vs. Patricia Crowell***
***USDC, N.D. Cal., Case No. C-07-05930 JSW***
***CHAMBERS COPIES AND REQUEST FOR SHORTENED TIME***

Dear Judge White:

Enclosed are Chambers Copies of the following pleadings that were electronically filed this morning in the above-referenced matter:

1.    Defendant's Notice of Motion and Motion to Enlarge Time for the Filing of Responsive Pleadings and Memorandum of Points and Authorities in Support Thereof;

2.    Declaration of Andres N. Madrid in Support of Defendant's Motion to Enlarge Time for the Filing of Responsive Pleadings;

3.    Declaration of Patricia Crowell in Support of Defendant's Motion to Enlarge Time for the Filing of Responsive Pleadings;

4.    Declaration of Stephen N. Hollman in Support of Defendant's Motion to Enlarge Time for the Filing of Responsive Pleadings; and

5.    [Proposed] Order.

Defendant hereby requests that the Court rule on the Motion referenced above on shortened time because plaintiff has set February 29, 2008 at the non-negotiable date on which responsive pleadings are due.

Hon. Jeffrey S. White
February 25, 2008
Page 2


During a telephone conference with plaintiff's counsel on February 21, 2008, I advised him of defendant's intent to file the Motion referenced above.  He acknowledges that I so notified him in the text of an E-Mail from him to me that is quoted on p. 3, ll. 1-9 of the Declaration of Stephen N. Hollman referenced above, and indicates he will apparently file an opposition thereto.

By the time the Motion referenced above and the anticipated opposition from plaintiff are considered and ruled upon by the Court, it is likely that February 29, 2008 will have come and gone. As such, some type of enlargement of time will be necessary in any event.

For all of the good and sufficient reasons set forth in pleadings referenced above, defendant respectfully requests that her Motion be granted and that the Court issue an Order enlarging the time for her to file responsive pleadings in this action to March 31, 2008.

I hereby certify under the penalty of perjury that in compliance with Civ. L.R. 6.3(b) and General Order 45, IX.A, a copy of this letter and each of the documents referenced above were seemed to have been sent to plaintiff's counsel.

Respectfully submitted,

/s/ *Stephen N. Hollman*

Stephen N. Hollman


Enclosures (as stated)