1
2
3
4
5
6

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
WINE SCOUT INTERNATIONAL

7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

Wine Scout International,

Plaintiff,

vs.

Patricia Crowell,

Defendant.

CASE NO. C 07 05930 JSW

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO ENLARGE
TIME FOR THE FILING OF
RESPONSIVE PLEADINGS**

17
18
19
20

Plaintiff, Wine Scout International, hereby opposes defendant, Patricia Crowell's Motion

to Enlarge Time for the Filing of Responsive Pleadings. For the reasons stated below, Plaintiff

requests that the motion be denied in its entirety without hearing.

21

## FACTS

22
23
24
25
26

A detailed timeline setting forth the extensive interaction between the parties related to the

infringement at issue in this matter, the receipt of the Complaint by Defendant three months ago,

Plaintiff's numerous accommodations to Defendant concerning her response to the Complaint,

and Defendant's retention of local counsel a mere one day prior to the stipulated extension

deadline to answer or otherwise plead, is included in the Declaration of J. Scott Gerien in Support

of Plaintiff's Opposition to Defendant's Motion to Enlarge Time for the Filing of Responsive

1   Pleadings ("Gerien Decl."), submitted herewith.

2                                    **ARGUMENT**

3       Defendant has not carried her burden of establishing the "substantial harm or prejudice

4   that would occur if the Court did not change the time" to respond to the complaint as required by

5   Civil L.R. 6-3(3). Instead, Defendant asserts that there is plenty of time until the case

6   management conference, Plaintiff will not be prejudiced by the extension and that Plaintiff is

7   simply taking part in what Senator Barak Obama has termed a "silly season" of posturing.

8

9       Defendant's motion is insulting to both Plaintiff and this Court as Defendant is requiring the

10  Plaintiff and this Court to unnecessarily expend time and resources on this motion simply because

11  Defendant "wants" more time, even though she has been in possession of the Complaint for three

12  months.[1] This is unacceptable. Plaintiff will in fact be prejudiced if this motion is granted

13  because Defendant will be allowed additional time to answer and potentially formulate

14  unwarranted counterclaims as threatened by Defendant's counsel, despite the fact that Defendant

15

16  did not act promptly in retaining local counsel in this matter. *See* Gerien Decl., ¶¶11-12.

17      1.    There is no Substantial Harm or Prejudice to Defendant if the Motion for Enlargement
18            of Time is Denied

19      In her moving papers, Defendant acknowledges that there is no substantial harm or

20  prejudice to her if this motion for enlargement of time to respond to the complaint is denied.

21  Instead, Defendant attempts to turn this factor around on Plaintiff by asserting that Plaintiff will

22  not be harmed if the extension is granted. *This is not the standard.* As the party requesting the

23  relief, Defendant carries the burden of proving her substantial harm or prejudice so as to merit

24  such relief. Furthermore, Plaintiff *will* be prejudiced if the requested extension is granted.

25

26      Plaintiff has diligently prosecuted this action providing the Defendant with a courtesy

---

[1]  Aware that she has had the complaint for three months, Defendant incredibly argues that New York counsel was not acting as counsel to Defendant in this litigation. Clearly, the facts as demonstrated in the accompanying declaration demonstrate otherwise. *See* Gerien Decl. ¶¶2-10, Exhibits 1, 3, 5.

copy of the complaint immediately after it was filed three months ago, allowing Defendant 60 days to answer through the Waiver of Service provisions of FRCP 4, extending that deadline another two weeks at the request of Defendant, and agreeing to grant a further two week extension when Defendant "began" to retain local counsel one day prior to the first extended deadline to answer. *See* Gerien Decl., ¶¶3, 5, 8, 11.

Plaintiff has been extremely generous in allowing Defendant three months to respond to the Complaint. Now Defendant's new local counsel has threatened Plaintiff with a counter claim and wants additional time to draft this counterclaim despite Defendant's possession of the complaint for three months. *See* Gerien Decl., ¶¶3, 11-12. Thus, granting additional time to Defendant will clearly prejudice Plaintiff by providing a tactical advantage to Defendant and cutting in to Plaintiff's time to respond to such counterclaims ahead of the case management conference, as well as Plaintiff's time to prepare discovery to efficiently use the discovery period once it opens. On this basis, the motion for enlargement of time should be denied.

2.    The Fact that Defendant Allegedly did not Receive the Case Management Conference Order is of No Import

Defendant has failed to demonstrate how the allegation that she did not receive the Order Setting Case Management Conference before Judge White is even relevant to the need for an order extending time to answer when Defendant has been in possession of the Complaint for three months. *See* Gerien Decl., ¶3. Reassignment of the case or the issuance of a new Order Setting the Case Management Conference does not affect the deadline for filing an Answer.

Furthermore, had Defendant or counsel for Defendant registered with ECF, Defendant would have promptly received a copy of such Order. *See* Gerien Decl., ¶9, Exhibit 4. Even if Defendant did not *receive* such Order as she alleges, her counsel clearly obtained such Order and knew that the matter had been reassigned to Judge White as demonstrated by counsel's email of

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

January 28, 2008. *See* Gerien Decl., ¶10, Exhibit 5. Thus, this claim by Defendant appears to be entirely contrived.

     3.    <u>The Pending Action at the PTO is not Relevant</u>

Defendant also asserts that she has submitted an amendment to her pending trademark application which she believes will "moot" certain issues raised in the Complaint. While Plaintiff disagrees with the proposition that Defendant's answer will be changed in any manner if the amendment to the trademark application is granted, this proposition itself is moot as the PTO will very certainly not make any further decisions on the pending application in light of this litigation.

On January 14, 2008, Plaintiff filed a Letter of Protest to suspend Defendant's trademark application pending the outcome of this litigation. *See* Gerien Decl., ¶7, Exhibit 2. Since the PTO has not yet acted on this Letter of Protest and the application has been published, to remove any doubt as to the primacy of this federal court action, Plaintiff has filed a Notice of Opposition against Defendant's application and a Motion to Suspend the Opposition. *See* Gerien Decl., ¶¶14-15, Exhibits 7-8. Pursuant to the Trademark Trial and Appeal Board Manual of Procedure ("TBMP"), "the decision of the Federal district court is often binding on the Board," and "[o]rdinarily, the Board will suspend proceedings in the case before it if the final determination of the other proceeding will have a bearing on the issues before the Board." TBMP §510.02(a).

Thus, even though Defendant's claim that the proceedings in the Trademark Office would somehow impact her Answer in this action is without merit, the Trademark Trial and Appeal Board will certainly suspend any action on Defendant's trademark application in deference to the decision of this Court. Thus, this should not serve as a basis for an enlargement of time to answer.

     4.    <u>Plaintiff's Refusal to Stipulate to Further Extensions of Time to Answer Requested by Defendant's Counsel is Entirely Justified</u>

Defendant's local counsel asserts Plaintiff's counsel "shut tight" the door for

1    consideration of enlargement of time absent consideration of the fact that Defendant's local

2    counsel was new to the case. This is false. Despite the fact that Defendant's local counsel

3    contacted Plaintiff's counsel the day before the stipulated deadline to answer to request additional

4    time, Plaintiff's counsel indicated it was willing to give a two week extension to answer, but

5    believed anything beyond that was unreasonable in light of Defendant's possession of the

6    complaint for 10 weeks. *See* Gerien Decl., ¶¶11-12, Exhibit 6. Plaintiff stands by its position and

7    it is in fact Defendant's counsel that is being unreasonable in preparing and filing this motion and

8    attendant declarations when such time could have been spent on preparing an answer to be filed

9    by the February 29, 2008 deadline extension granted by Plaintiff.

10

11

12                                  **CONCLUSION**

13          This motion should be denied in its entirety as it reflects nothing more than Defendant's

14    request that she be excused from complying with the response deadlines of the Federal Rules and

15    Local Rules because she was dilatory in retaining local counsel and responding to the Complaint

16    in this matter. Plaintiff has been generous in providing extensions to Defendant and is deserving

17    of a prompt response to the Complaint after three months of waiting so that Plaintiff may prepare

18    discovery in this case.

19          Dated: _2/26/08_               Respectfully submitted,

20

21                                         DICKENSON, PEATMAN & FOGARTY

22                                         By _____

23                                         J. Scott Gerien
                                           Megan Ferrigan Healy
24                                         809 Coombs Street
                                           Napa, California 94559
25                                         Telephone: 707-252-7122
                                           Facsimile: 707-255-6876
26

                                           Attorneys for Plaintiff,
                                           Wine Scout International

DP&F
DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

**PROOF OF SERVICE**

1

2      I declare that I am over the age of 18 years, employed in the County of Napa, and not a

3  party to the within action; my business address is 809 Coombs Street, Napa, California 94559.

4

5      On February 26, 2008, I placed a copy of the following document(s):

6      • **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
          ENLARGE TIME FOR THE FILING OF RESPONSIVE
7          PLEADINGS**

8      • **DECLARATION OF J. SCOTT GERIEN IN SUPPORT OF
          PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
9          ENLARGE TIME FOR THE FILING OF RESPONSIVE
          PLEADINGS**

10

11  in a sealed envelope addressed as shown below and placing the envelope for collection and

12  mailing following our ordinary business practices. I am readily familiar with this business'

13  practice for collecting and processing correspondence for mailing. On the same day that

14  correspondence is placed for collection and mailing, it is deposited in the ordinary course of

15  business with the United States Postal Service in a sealed envelope with postage fully prepaid.

16      The persons served are as follows:

17      Stephen N. Hollman, Esq.
18      Business & Technology Law Group
        160 W. Santa Clara Street, Suite 1050
19      San Jose, CA 95113

20

21      I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.

23

24      Executed February 26, 2008, at Napa, California.

25

26      Jaymie Kilgore
        Legal Secretary

27

J. SCOTT GERIEN, State Bar No. 184728
MEGAN FERRIGAN HEALY, State Bar No. 229177
DICKENSON, PEATMAN & FOGARTY
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
WINE SCOUT INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wine Scout International,<br><br>             Plaintiff,<br><br>     vs.<br><br>Patricia Crowell,<br><br>             Defendant. | CASE NO. C 07 05930 JSW<br><br>**DECLARATION OF J. SCOTT GERIEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME FOR THE FILING OF RESPONSIVE PLEADINGS** |

I, J. Scott Gerien, declare as follows:

1.     I am an attorney in good standing licensed to practice by the State Bar of California. I am employed by the law firm of Dickenson, Peatman & Fogarty, located at 809 Coombs Street, Napa, California. I am counsel for Plaintiff, Wine Scout International ("Wine Scout" or "Plaintiff"). I submit this declaration in support of Plaintiff's Opposition to Defendant's Motion to Enlarge Time for the Filing of Responsive Pleadings. I have personal knowledge of the facts stated herein and if called to testify upon same could and would do so willingly.

2.     On October 8, 2007, I sent a demand letter to Andres Madrid for claims of trademark infringement against Patricia Crowell related to her use and application to register the mark WINE SCOUT. Mr. Madrid is counsel of record for Ms. Crowell on her pending

DECLARATION OF J. SCOTT GERIEN              1

U.S. trademark application. Following this initial demand letter was an exchange of correspondence on the matter, culminating in a letter from Mr. Madrid on November 13, 2007, wherein he indicated that Ms. Crowell would not cease her use of THE WINE SCOUT mark and further demanding that my client cease use of its WINE SCOUT mark and stating that if Wine Scout did not, Ms. Crowell would "take all necessary steps to protect her valuable intellectual property rights."

3.    On November 26, 2007, Plaintiff filed the complaint in this matter. On November 27, 2007 I sent an email to Mr. Madrid with a courtesy copy of the complaint advising him that if his client agreed to cease use of the mark we could resolve the matter absent litigation. I gave him a deadline of November 30, 2007 to respond, notifying him that otherwise Plaintiff would proceed with litigation and seek all available damages.

4.    On November 28, 2007, Mr. Madrid requested an extension of time until December 7, 2007 to respond to the settlement offer. I advised Mr. Madrid that I would agree to the extension until December 7, 2007 if he would accept service of the complaint on behalf of his client. Rather than accept this offer, on November 29, 2007, Mr. Madrid instead requested evidence of our client's trademark rights, evidence which had already been provided in the exchange of demand letters. Mr. Madrid advised that if we provided him with this evidence, he would respond to such evidence within two weeks and agree to accept service if a resolution could not be reached.

5.    On December 3, 2007 we mailed Ms. Crowell a Notice of Lawsuit and Request for Waiver of Service of Summons to the address indicated on her U.S. trademark application. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Ms. Crowell was allowed until January 2, 2008 to return a signed waiver in order to avoid the costs of service. Not having received any waiver, on January 3, 2008, I contacted Mr. Madrid to inquire as to whether his client intended to sign the waiver, and gave him until January 7, 2008 to let me

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

know before we proceeded with personally serving the summons and complaint. On January 4, 2008 Mr. Madrid contacted me and advised me that he had not heard from his "client," anticipated hearing from her by January 7, 2008, and requested that I not serve the summons and complaint until I heard from him, to which I agreed. A true and correct copy of this email exchange is attached hereto as Exhibit 1, including Mr. Madrid's representation that Ms. Crowell was his client in the context of this litigation.

6.    On January 7, 2008, Mr. Madrid advised me that he would forward me Ms. Crowell's waiver on January 8, 2008. Despite the waiver being late, we accepted the waiver and permitted Ms. Crowell until February 1, 2008 to answer or otherwise respond to the complaint as permitted by Rule 4.

7.    On January 14, 2008, Plaintiff filed a "Letter of Protest Pursuant to TMEP §1715" with the U.S. Patent and Trademark Office requesting that Ms. Crowell's pending trademark application be suspended pending the outcome of the subject litigation. The PTO has yet to consider the Letter of Protest. A true and correct copy of the Letter of Protest is attached as Exhibit 2.

8.    On January 22, 2008, Mr. Madrid contacted me and requested a further 30 day extension of time to answer on behalf of his client Ms. Crowell. In light of the upcoming meet and confer deadline scheduled for February 26, 2008, I felt a 30 day extension would put the answer too close to this deadline and instead, on that same day, agreed to a two week extension of time to answer. Mr. Madrid accepted such extension and thanked me for agreeing to such extension. Mr. Madrid further inquired as to whether I had a form for such an extension and I informed him I did not but that he should consult with the Local Rules for the Northern District. A true and correct copy of this email exchange is attached hereto as Exhibit 3.

9.     On January 25, 2008, this matter was reassigned to Judge White. Based on my reading of the FAQs section for electronic filing for the Northern District, I did not believe that I needed to serve Judge White's Case Management Order as the case was already proceeding under ECF. According to FAQ SV02, "court's orders in efiling cases will be served via the email notice of electronic filing only, and no paper service will be made, regardless of whether counsel has yet registered as an efiler. It is hoped that this will provide a strong incentive to register for those who have not yet done so." I interpreted this to mean that I did not need to serve Judge White's order issued on January 25, 2008. A true and correct copy of this FAQs section is attached hereto as Exhibit 4. However, I generally recollect advising Mr. Madrid of the reassignment to Judge White, although I have no documentary correspondence to establish this.

10.     On January 28, 2008 I received an email from Mr. Madrid with a proposed stipulation to extend time to answer on behalf of his client. In the email, Mr. Madrid states "I believe it complies with Judge White's standing order, but please let me have your comments." A true and correct copy of this email is attached as Exhibit 5. Thus, Mr. Madrid was clearly on notice that the matter had been reassigned to Judge White and clearly had access to the January 25, 2008 order. The stipulated extension was filed by Ms. Crowell extending the answer deadline to February 15, 2008.

11.     On February 14, 2008, one day prior to Ms. Crowell's extended deadline to answer, I received a call from Stephen Hollman. Mr. Hollman advised me that he "believed" he would be representing Ms. Crowell in this matter but that formalities such as an engagement letter still needed to be worked out. He proposed a conference call for February 19, 2008, to discuss various matters in the case, to which I agreed. He confirmed this with an email, to which I advised him that Plaintiff was not stipulating to any extensions at that time and would not consider any further extensions beyond February 29, 2008 at the latest, as Ms.

Crowell had had more than adequate time to respond to the complaint. A true and correct copy of this email exchange is attached hereto as Exhibit 6.

12.     On February 19, 2008, Mr. Hollman contacted me and asked that the call be moved to February 20, 2008, to which I agreed. When we spoke on February 20, 2008, Mr. Hollman offered me two options: 1) a further extension of the deadline to respond, or 2) a suspension of proceedings so that the parties could pursue expedited ADR. I advised Mr. Hollman that the parties' positions seemed fairly established, so I was not interested in pursuing ADR at this time. I did not indicate that Plaintiff would not take part in any ADR and Plaintiff will comply with the District's requirement to take part in some type of ADR. I further advised Mr. Hollman that I would not stipulate to further extensions in the matter beyond February 29, 2008 as it was Plaintiff's position that Ms. Crowell has already had three months to consider the complaint and should be prepared to respond, and Plaintiff is entitled to have time to consider any response well ahead of the case management conference. During this call Mr. Hollman indicated he might have counterclaims which would require more time to draft. When I pressed him on what those counterclaims could be, he indicated he did not know.

13.     Following my conference call with Mr. Hollman, I advised him that Plaintiff's prior settlement offer to waive damages and attorneys' fees in exchange for cessation of use of the mark was off the table and that Plaintiff would oppose any request for further extensions of time to respond.

14.     On February 25, 2008, Plaintiff filed a Notice of Opposition in the U.S. Patent and Trademark Office against Defendant's pending trademark application. A true and correct copy of this Notice of Opposition is attached hereto as Exhibit 7.

15.      On February 26, 2008, Plaintiff filed a Motion to Suspend Proceedings in the Opposition filed against Defendant's trademark application.  A true and correct copy of this Motion is attached hereto as Exhibit 8.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 26ʰ day of February, 2008, at Napa, California.

J. SCOTT GERIEN

# EXHIBIT 1

**Scott Gerien**

| | |
|---|---|
| **From:** | Scott Gerien |
| **Sent:** | Friday, January 04, 2008 1:10 PM |
| **To:** | andy.madrid@madrid-law.com |
| **Subject:** | RE: Wine Scout v. Crowell |

I will hold off until i hear from you

-----Original Message-----
From: "Andy Madrid" <andy.madrid@madrid-law.com>
To: "'Scott Gerien'" <Sgerien@dpf-law.com>
Cc: "'Megan Healy'" <MHealy@dpf-law.com>
Sent: 1/4/08 12:54 PM
Subject: RE: Wine Scout v. Crowell

Dear Scott: I am trying to reach my client.  Right before the holidays, it was my
understanding that she had received no communication from anyone regarding the case.  I
expect to hear from her Monday so I would ask that you hold off attempting formal service
until you hear from me.

Regards.
Andy Madrid


Andres N. Madrid, Esq.
45 West 21st Street, Suite 5A
New York, New York 10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient,
you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely,
including deletion of all associated text files from all individual and network storage
devices; and (3) Refrain from copying or disseminating this communication by any means
whatsoever. Thank you.


From: Scott Gerien [mailto:Sgerien@dpf-law.com]
Sent: Thursday, January 03, 2008 5:41 PM
To: madrid@madrid-law.com
Cc: Megan Healy
Subject: Wine Scout v. Crowell


Dear Andy:


Attached is a copy of the Request for Waiver of Service of Summons that was
mailed to your client on December 3, 2007.  We have not received back the
signed Waiver from your client.  Unless you advise us by Monday, January 7,
2008 that your client is willing to accept service, we will have a process
server proceed with service and expect your client to reimburse our client
for the costs of such service pursuant to the Federal Rules.

1

Sincerely,

Scott

J. Scott Gerien, Esq.

Dickenson Peatman & Fogarty

809 Coombs Street

Napa, California   94559

t - 707-252-7122

f - 707-255-6876

sgerien@dpf-law.com

www.dpf-law.com <http://www.dpf-law.com/>

# EXHIBIT 2

Certificate of Mailing

I hereby certify that this correspondence is being deposited with the United States Postal Service as express mail in an envelope addressed to Office of the Commissioner for Trademarks, P.O. Box 1451, Alexandria, Virginia 22313-1451 on January 14, 2008.    Signed _____

Megan Ferrigan Healy

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Trademark application of

Applicant:    Patricia Crowell

Serial No.:    77/084749

Mark:    THE WINE SCOUT

Classes:    9, 35, 41

Filed:    January 17, 2007

Examining Attorney:  Emily M. Chuo, Law Office 101

TO THE ADMINISTRATOR FOR TRADEMARK IDENTIFICATIONS, CLASSIFICATION AND PRACTICE

## LETTER OF PROTEST PURSUANT TO TMEP §1715

### I.    Introduction.

This Letter of Protest is filed by Wine Scout International, a California corporation ("Wine Scout").  Wine Scout is the owner of the service mark WINE SCOUT for various wine-related services, including mail order catalog services featuring wine, online retail store services featuring wine, and the provision of information and advice to catalog and online retail store customers concerning wine, and has used its WINE SCOUT mark on such services since as early as December 1996.  Wine Scout is also the owner of the trade name Wine Scout International and uses such trade name as a négociant and vintner to have wines produced under various proprietary labels.  Wine Scout has sold over one million bottles of wine featuring the Wine Scout International trade name as the producer and is known and referred to colloquially by the industry and the public by such trade name.

1

For the reasons discussed below, this Letter of Protest is filed by Wine Scout to respectfully request that prosecution of Application Serial No. 77/084749 for the mark THE WINE SCOUT be suspended.

## II.    Federal Litigation is Pending Between the Parties.

On November 26, 2007, Wine Scout filed a federal complaint against Applicant in the United States District Court for the Northern District of California alleging federal unfair competition, state unfair competition and the dissemination of false or misleading statements, and common law trademark infringement. Wine Scout's Complaint has been assigned Case No. C07-05930, and a copy is attached hereto as Exhibit 1. The Complaint requests as relief, among other things, that the Commissioner for Trademarks of the United States Patent and Trademark Office be directed to refuse and deny registration of the mark THE WINE SCOUT, as shown and specified in Application Serial No. 77/084749, based on a likelihood of confusion with Wine Scout's WINE SCOUT service mark and Wine Scout International trade name pursuant to 15 U.S.C. 1052(d);

## III.    Suspension of Prosecution of THE WINE SCOUT Application is Requested.

Applicant's application for THE WINE SCOUT has been approved for publication and is scheduled to be published on February 12, 2008. TMEP § 1715.01(a)(3) instructs that it is appropriate for a third party to file a letter of protest requesting that prosecution of an application be suspended when there is pending litigation that is relevant to the registerability of the mark. The pending litigation between Wine Scout and Applicant is clearly relevant to the registerability of THE WINE SCOUT, as Wine Scout is requesting that the Commissioner for Trademarks of the United States Patent and Trademark Office be directed to refuse and deny registration of the mark. Accordingly, Wine Scout respectfully requests that Application Serial No. 77/084749 for the mark THE WINE SCOUT be suspended until the pending federal litigation between the parties is resolved.

* * *

2

1    If the Administrator or the Examining Attorney has any questions about this Letter of

2    Protest, a call to the undersigned would be appreciated.

3

4                                          Respectfully submitted,

5                                          DICKENSON, PEATMAN & FOGARTY

6

7

8    Date:  1/14/08                        By

9                                          J. Scott Gerien
                                            Megan Ferrigan Healy

10

11                                         Attorneys for Registrant
                                            809 Coombs Street
12                                         Napa, California 94559
                                            (707) 252-7122
13                                         (707) 255-6876 (Fax)
                                            tmdept@dpf-law.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

3

# EXHIBIT 1

1  J. SCOTT GERIEN, State Bar No. 184728
   MEGAN FERRIGAN HEALY, State Bar No. 229177
2  DICKENSON, PEATMAN & FOGARTY
   809 Coombs Street
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Plaintiff
   WINE SCOUT INTERNATIONAL

6

7



*E-filing*

*ORIGINAL FILED*

*NOV 2 6 2007*

*RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND*

*ADR*

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  Wine Scout International,                    CASE NO. C07-05930  *PVT*

12              Plaintiff,                       COMPLAINT

13      vs.
                                                1.  Federal Unfair Competition
14  Patricia Crowell,                           2.  California Unfair Competition
                                                3.  California False or Misleading
15              Defendant.                           Statements
                                                4.  Common Law Trademark
16                                                   Infringement

17                                               DEMAND FOR JURY TRIAL

18      Plaintiff, Wine Scout International ("Plaintiff"), for its complaint against Defendant,

19  Patricia Crowell ("Defendant"), alleges as follows:

20                          **NATURE OF ACTION**

21

22  1.  This is an action to redress violations of the federal Lanham Act for unfair competition

23      (15 U.S.C. §1125(a)), violations of the California Business and Professions Code for

24      unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and

25      misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark

26      infringement, as the result of willful and unauthorized use by Defendant of colorable

27      imitations of Plaintiff's service mark and trade name, as more fully set forth hereinafter.

        Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's

infringement of Plaintiff's service mark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Wine Scout International is a California corporation with its principal place of business located at 975 First Street, Napa, California, 94559.

3. Upon information and belief, Defendant is an individual with a principal place of business located at PMB 110, 11357 Nuckols Road, Glen Allen, Virginia 23059.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through her agents, transacted business in the State of California and within this judicial district through the provision of services in this judicial district via a nationally accessible Internet website, as more specifically set forth below, and expected or should reasonably have expected her acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district through the provision of services via a nationally accessible Internet website, as more specifically set forth below, and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of the distinctive service mark WINE SCOUT for various wine-related services, including mail order catalog services featuring wine, online retail store services featuring wine, and the provision of information and advice to catalog and online retail store customers concerning wine (the "WINE SCOUT Service Mark").

8. Plaintiff is the owner of the trade name Wine Scout International as used in association with wine and various wine-related services (the "Wine Scout International Trade Name"). Plaintiff uses the Wine Scout International Trade Name as a négociant and vintner to have wines produced under various proprietary labels. Plaintiff has sold over one million bottles of wine featuring the Wine Scout International Trade Name as the producer. Plaintiff is known and referred to colloquially by the industry and the public by such Wine Scout International Trade Name.

9. Long prior to the acts of Defendant complained of herein, Plaintiff has used its WINE SCOUT Service Mark in association with its wine-related services in U.S. commerce, including mail order catalog services featuring wine, online retail store services featuring wine, the provision of information and advice to catalog and online retail store customers concerning wine.

10. Long prior to the acts of Defendant complained of herein, Plaintiff has used its Wine Scout International Trade Name in association with its wine-related services, including its négociant and vintner services, and in such capacity has produced over one million bottles of wine bearing the Wine Scout International Trade Name.

11. Plaintiff owns extremely valuable goodwill which is symbolized by its WINE SCOUT Service Mark and its Wine Scout International Trade Name and each use of the mark and the trade name substantially increases the value of Plaintiff's company and the salability of the goods and services sold through Plaintiff's company.

12. Upon information and belief, Defendant, Patricia Crowell is the owner of an Internet business operated under the service mark THE WINE SCOUT, accessible at http://thewinescout.com, through which Defendant offers promotional services relating to the advertisement and marketing of wine, wineries, wine tasting kits, wine vacations, and other wine-oriented goods and services, provides audio and video podcasts and other downloadable information about wine, and offers educational programs and travel shows related to wine.

13. Defendant's website, accessible at http://thewinescout.com, prominently features the mark THE WINE SCOUT throughout the site, as well as throughout Defendant's downloadable wine-centered audio and video podcasts, programs, and blogs. Upon information and belief, in addition to being available to consumers via Defendant's http://thewinescout.com website, Defendant's downloadable THE WINE SCOUT podcasts are available on Apple iTunes and numerous other podcast aggregators and directories.

14. Upon information and belief, Defendant willfully adopted and initiated use of THE WINE SCOUT service mark with prior knowledge of Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name.

15. Upon information and belief, Defendant is the owner of pending federal Service Mark Application Serial No. 77/084749 for the mark THE WINE SCOUT for "downloadable podcasts relating to wines and restaurants distributed by means of a global computer network" in International Class 9, "promotional services, namely advertising and marketing for goods and services related to wine, online ordering and retail store services in the field of wine, wine accessories, and other general merchandise related to wine" in International Class 35, and "conducting educational programs relating to wine; educational and entertainment services, namely podcasts and entertainment programs

COMPLAINT                                    4

relating to wine; production of travel shows relating to wine; online journals, namely, blogs featuring wine" in International Class 41.

16. Defendant's pending Application Serial No. 77/084749 for the mark THE WINE SCOUT has a filing date of January 17, 2007, and an alleged first use date for all services of January 19, 2006, both of which are dates long after Plaintiff initiated use of its WINE SCOUT Service Mark and Wine Scout International Trade Name in U.S. commerce.

17. In mid September of 2007, Plaintiff discovered that Defendant had filed her federal service mark application for the mark THE WINE SCOUT.   This service mark application was filed on the Principal Register, indicating Defendant's belief that THE WINE SCOUT mark is distinctive and capable of registration.

18. Defendant's THE WINE SCOUT mark is confusingly similar to Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name given that the marks and the trade name are virtually identical in sight, sound, and meaning, and that the services offered by Defendant under THE WINE SCOUT are highly related to those which Plaintiff offers under its WINE SCOUT Service Mark and its Wine Scout International Trade Name.

19. Plaintiff has advised Defendant of Plaintiff's service mark and trade name rights in the term "WINE SCOUT" and has requested that Defendant cease use of her confusingly similar THE WINE SCOUT mark.  However, Defendant has indicated that she does not intend to cease use of the mark THE WINE SCOUT in promoting and offering her various wine-related services despite repeated demands from Plaintiff and has instead demanded that Plaintiff cease use of its WINE SCOUT Service Mark.

20. Continued use of the mark THE WINE SCOUT by Defendant is likely to confuse consumers into believing that Defendant's THE WINE SCOUT online business and/or

her Internet website http://thewinescout.com are affiliated with, associated with, or connected to Plaintiff and/or the goods and services offered under Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name. Defendant will unjustly benefit from such false association.

21. As a result of Defendant's use of this confusingly similar mark, Plaintiff has lost control of its WINE SCOUT Service Mark and Wine Scout International Trade Name, and has been irreparably harmed. If Defendant is permitted to use and register her mark, any defect, objection, or fault found with Defendant's services marketed under THE WINE SCOUT necessarily would reflect upon and seriously injure the reputation Plaintiff has established for its services and products merchandised or marketed under its WINE SCOUT Service Mark and Wine Scout International Trade Name.

22. Upon information and belief, Defendant plans on continuing use of THE WINE SCOUT mark. Plaintiff has suffered, and continues to suffer, irreparable harm resulting from loss of control of its WINE SCOUT Service Mark and Wine Scout International Trade Name and such harm cannot be remedied solely by monetary damages. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using such mark, wherefore Plaintiff is without adequate remedy at law.

23. Upon information and belief, Defendant's infringing use of the confusingly similar THE WINE SCOUT mark has financially harmed Plaintiff by diminishing the value of Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name as a source indicator for Plaintiff's goods and services, and Defendant's infringing use of THE WINE SCOUT mark has increased the profitability of Defendant's THE WINE SCOUT brand and business to the detriment of Plaintiff.

24. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

## FIRST CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Plaintiff restates and reavers the allegations of Paragraphs 1 through 24, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

## SECOND CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

28. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## THIRD CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through 28, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## FOURTH CAUSE OF ACTION

(Common Law Trademark Infringement)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.  That Defendant, her principals, partners, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under her direction and/or pursuant to her control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a.  Using the mark THE WINE SCOUT, or terms or marks confusingly similar to WINE SCOUT, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine, including but not limited to, online ordering and retail store services in the field of wine, wine accessories, and general merchandise related to wine, advertising and marketing for goods and services related to wine, downloadable podcasts relating to wines distributed by any means whatsoever, educational programs relating to wine, and travel shows and blogs relating to wine, which may be produced or distributed in any media whatsoever;

COMPLAINT                                           8

b.     Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2.     That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.     That Defendant, her principals, partners, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under her direction and/or pursuant to her control, be required to deliver up for destruction all advertising, promotional, point of sale, press kit, packaging, and any other materials bearing the infringing mark THE WINE SCOUT, together with all artwork, graphics, and other means and materials for making and reproducing the same;

4.     That the Commissioner for Trademarks of the United States Patent and Trademark Office be directed to refuse and deny registration of the service mark THE WINE SCOUT shown and specified in Application Serial No. 77/084749 based on a likelihood of confusion with Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name pursuant to 15 U.S.C. 1052(d);

5.     That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

COMPLAINT             9

6. That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: 11 / 20 / 2007

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____

J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: 11 / 20 / 2007

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

# EXHIBIT 3

## Scott Gerien

| | |
|---|---|
| **From:** | Scott Gerien |
| **Sent:** | Tuesday, January 22, 2008 3:55 PM |
| **To:** | 'andy.madrid@madrid-law.com' |
| **Subject:** | RE: Wine Scout v. Crowell |

Hi Andy:

We won't move to default and the court is unlikely to act sua sponte at this point. To be honest, I don't have any electronic copies of an extension to answer since I changed firms a couple years back, but the Northern District is pretty informal about these things as far as form. Their local rules are on the web site if you wanted to check them out.

Sincerely,
Scott

---

**From:** Andy Madrid [mailto:andy.madrid@madrid-law.com]
**Sent:** Tuesday, January 22, 2008 3:50 PM
**To:** Scott Gerien
**Subject:** RE: Wine Scout v. Crowell

Scott: Thank you for agreeing to extend my client's time to respond to the complaint. It has been a long time since I had a case in the Northern District of California -- do we need an order or a stipulated order? If so, would you please send me a form that you would be comfortable submitting to the Court? Thanks.

Regards.
Andy Madrid


### Andres N. Madrid, Esq.
45 West 21st Street, Suite 5A
New York, New York 10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

---

**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Tuesday, January 22, 2008 3:55 PM
**To:** andy.madrid@madrid-law.com
**Subject:** RE: Wine Scout v. Crowell

Andy:

That's putting things close to the meet and confer deadline and I'd prefer to have the answer filed ahead of that. I will consent to a two week extension of the answer deadline as a compromise.

Sincerely,
Scott

---

**From:** Andy Madrid [mailto:andy.madrid@madrid-law.com]
**Sent:** Tuesday, January 22, 2008 7:50 AM
**To:** Scott Gerien
**Subject:** RE: Wine Scout v. Crowell

Scott: Please let me know whether you and your client would agree to an extension of 30 days for my client to respond to the complaint. She never got the request of waiver you sent back in early December so, in view of her agreement to waiver formal service, we thought it would be appropriate for her to get a little more time to respond.

I thank you in advance for your anticipated cooperation. However, should you have any questions please do not hesitate to give me a call.

Regards.
Andy Madrid


_____

**Andres N. Madrid, Esq.**
45 West 21st Street, Suite 5A
New York, New York  10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

---

**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Tuesday, January 08, 2008 5:59 PM
**To:** andy.madrid@madrid-law.com
**Subject:** RE: Wine Scout v. Crowell

Thank you, Andy.

---

**From:** Andy Madrid [mailto:andy.madrid@madrid-law.com]
**Sent:** Tuesday, January 08, 2008 2:53 PM
**To:** Scott Gerien; madrid@madrid-law.com
**Cc:** Megan Healy
**Subject:** RE: Wine Scout v. Crowell

Scott:  Attached is a signed waiver.

Regards.
Andy Madrid

**Andres N. Madrid, Esq.**
45 West 21st Street, Suite 5A
New York, New York 10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this
communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or
disseminating this communication by any means whatsoever. Thank you.

**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Thursday, January 03, 2008 5:41 PM
**To:** madrid@madrid-law.com
**Cc:** Megan Healy
**Subject:** Wine Scout v. Crowell

Dear Andy:

Attached is a copy of the Request for Waiver of Service of Summons that was mailed to your client on December
3, 2007. We have not received back the signed Waiver from your client. Unless you advise us by Monday,
January 7, 2008 that your client is willing to accept service, we will have a process server proceed with service
and expect your client to reimburse our client for the costs of such service pursuant to the Federal Rules.

Sincerely,
Scott

J. Scott Gerien, Esq.
Dickenson Peatman & Fogarty
809 Coombs Street
Napa, California 94559
t - 707-252-7122
f - 707-255-6876
sgerien@dpf-law.com
www.dpf-law.com

# EXHIBIT 4

# Service

Last updated: 02/22/08

---

1. How does service work for efiling cases?
2. Does **everyone** get served by ECF?
3. How can I tell who is getting served by ECF and who is not?
4. Do I have to file a Proof/Certificate of Service?
5. Do I have to serve paper-copies of efiled documents?
6. How does service work for non-efiling cases?

Back to top

---

SV01

## How does service work for efiling cases?

1. When an **efiling** occurs on a case in the ECF system, the system all the registered counsel and "watchers" of that case.  This emai called the **Notice of Electronic Filing** (or "NEF") and constitute: delivery of the document(s) and Proof of Service to all the registe counsel.  The NEF clearly states:

   - **Who** efiled the document
   - **Who** was, and was not, served via email through ECF
   - **What** was efiled
   - **Where** the efiled document can be downloaded
   - **When** it was efiled

   For all *registered* counsel, ECF does all the work so delivery of paper copies to opposing counsel and Proofs of Service are NOT required or desired by the court, since all registered counsel have agreed to accept service via ECF (per the ECF registration):

   > "BY SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID
   > AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL
   > ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR
   > ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT
   > TO RULES 77 and 5(b)(2)(D) (effective 12.1.01) OF THE FEDERAL
   > RULES OF CIVIL PROCEDURE.  YOU ALSO AGREE TO ABIDE BY ALL
   > RULES AND PROCEDURES SET FORTH BY THE COURT, ESPECIALLY
   > GENERAL ORDER 45, GENERAL ORDER 53, LOCAL RULE 5-4, AND AS
   > SET FORTH ON THE ECF WEB SITE."

For all *unregistered* counsel and parties *without counsel*,
all Federal and Local Rules apply regarding Service (the
same as on a non-efiling case) - paper copies of the efiled
documents must be delivered by the filing party (via mail,
hand or otherwise) and a Proof of Service (just like a
"paper-case") <u>is</u> required (which should be efiled).

2. <u>When a **paper filing** occurs on a case in the ECF system</u>, the
   court clerks will docket the filing in ECF and the system still
   emails the NEF to all the *registered* counsel and "<u>watchers</u>" of
   that case exactly as above, but the NEF will constitute only a
   notification that there has been a paper-filing at the court, not
   delivery of the document or Proof of Service.  The NEF will <u>not</u>
   contain a link to the document as the court will not scan any
   documents for efiling.  All Federal and Local Rules apply
   regarding Service (the same as on a non-efiling case) - paper
   copies of the efiled documents must be delivered by the filing
   party (via mail, hand or otherwise) to <u>all the case participants</u>
   (ECF registered or not) and a Proof of Service (just like a
   "paper-case") <u>is</u> required (which should be efiled).  Unless the
   document filed in paper is <u>excluded from efiling</u>, then the filing
   party has ten (10) days to <u>submit a PDF copy of what was filed
   via email (not ECF) to the court</u>.

Typically, the only time you must serve in paper, and create a Proof
of Service, is in the event that you have an exhibit too large to
efile.  If you file that exhibit on paper, you will also have to serve it
on paper.  In place of the actual document, you will efile a <u>Manual
Filing Notification</u> for that exhibit.

<u>Back to top</u>

---

SV02

**Does <u>everyone</u> get served by ECF?**

ECF only notifies counsel in a given case who are:

Registered for ECF in this district (each district is separate)
**and**

Appearing on the docket as a counsel of record
**and/or**
<u>Watching</u> the case in question

ECF does <u>nothing</u> to serve unregistered counsel or parties without counsel. In fact, the court may do nothing to notify these entities - <u>General Order 45, Section IX.D</u> states that the court's orders in efiling cases will be served via the email notice of electronic filing <u>only</u>, and no paper service will be made, regardless of whether counsel has yet registered as an efiler. It is hoped that this will provide a strong incentive to register for those who have not yet done so.

<u>Back to top</u>

---

SV03

## How can I tell who is getting served by ECF and who is not?

You must do two things:

1. Check the docket to see if all parties have counsel. If they don't have counsel, ECF will not serve them.

2. In ECF, click on **Reports => Email Info for a Case**. This report will show all counsel of record, and if they will be served via ECF or not. This report is vital for completing your Proof of Service (if needed).

<u>Back to top</u>

---

SV04

## Do I have to file a Proof/Certificate of Service?

That depends -

- If all parties have counsel and all the counsel are registered for ECF, then NO ~ Proof of Service is not required or desired by the court.

- For all parties that don't have counsel and all counsel who are not

yet registered, a Proof of Service is required (which should be efiled) for the documents you must submit to them in paper.

Back to top

## SV05

### Do I have to serve paper-copies of efiled documents?

First, per General Order 45, Section VI.G., all efilings must also be sent as "courtesy copies" for chambers.  These are always in paper format and must be sent to court in the manner described in the General Orders.

Second, you must determine if any parties in the case do not have representation (counsel) yet.  If they don't, you must serve them in paper, and efile your proof of service.

Last, you must determine if any counsel of record are not yet registered.  If they aren't, you must serve them in paper, and efile your proof of service.

Back to top

## SV07

### How does service work for non-efiling cases?

The same as it always has, all Federal and Local Rules apply, just like prior to the advent of ECF. Please click **HERE** for more info.

Back to top

# EXHIBIT 5

## Scott Gerien

| | |
|---|---|
| **From:** | Andy Madrid [andy.madrid@madrid-law.com] |
| **Sent:** | Monday, January 28, 2008 9:46 AM |
| **To:** | Scott Gerien |
| **Subject:** | RE: Wine Scout v. Crowell |

**Attachments:** WS Extension Stip.doc

Scott: As we discussed last Friday, attached is a proposed extension stipulation for your review. I believe it complies with Judge White's standing order, but please let me have your comments. If everything is in order, please execute it and file with the Court.

Regards.
Andy Madrid


**Andres N. Madrid, Esq.**
45 West 21st Street, Suite 5A
New York, New York 10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.


**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Tuesday, January 22, 2008 6:55 PM
**To:** andy.madrid@madrid-law.com
**Subject:** RE: Wine Scout v. Crowell

Hi Andy:

We won't move to default and the court is unlikely to act sua sponte at this point. To be honest, I don't have any electronic copies of an extension to answer since I changed firms a couple years back, but the Northern District is pretty informal about these things as far as form. Their local rules are on the web site if you wanted to check them out.

Sincerely,
Scott


**From:** Andy Madrid [mailto:andy.madrid@madrid-law.com]
**Sent:** Tuesday, January 22, 2008 3:50 PM
**To:** Scott Gerien
**Subject:** RE: Wine Scout v. Crowell

Scott: Thank you for agreeing to extend my client's time to respond to the complaint. It has been a long time since I had a case in the Northern District of California -- do we need an order or a stipulated order? If so, would

you please send me a form that you would be comfortable submitting to the Court?  Thanks.

Regards.
Andy Madrid

---

**Andres N. Madrid, Esq.**
45 West 21st Street, Suite 5A
New York, New York  10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

---

**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Tuesday, January 22, 2008 3:55 PM
**To:** andy.madrid@madrid-law.com
**Subject:** RE: Wine Scout v. Crowell

Andy:

That's putting things close to the meet and confer deadline and I'd prefer to have the answer filed ahead of that.  I will consent to a two week extension of the answer deadline as a compromise.

Sincerely,
Scott

---

**From:** Andy Madrid [mailto:andy.madrid@madrid-law.com]
**Sent:** Tuesday, January 22, 2008 7:50 AM
**To:** Scott Gerien
**Subject:** RE: Wine Scout v. Crowell

Scott: Please let me know whether you and your client would agree to an extension of 30 days for my client to respond to the complaint.  She never got the request of waiver you sent back in early December so, in view of her agreement to waiver formal service, we thought it would be appropriate for her to get a little more time to respond.

I thank you in advance for your anticipated cooperation.  However, should you have any questions please do not hesitate to give me a call.

Regards.
Andy Madrid

---

**Andres N. Madrid, Esq.**
45 West 21st Street, Suite 5A
New York, New York  10010

2/25/2008

E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Tuesday, January 08, 2008 5:59 PM
**To:** andy.madrid@madrid-law.com
**Subject:** RE: Wine Scout v. Crowell

Thank you, Andy.

**From:** Andy Madrid [mailto:andy.madrid@madrid-law.com]
**Sent:** Tuesday, January 08, 2008 2:53 PM
**To:** Scott Gerien; madrid@madrid-law.com
**Cc:** Megan Healy
**Subject:** RE: Wine Scout v. Crowell

Scott:  Attached is a signed waiver.

Regards.
Andy Madrid

**Andres N. Madrid, Esq.**
45 West 21st Street, Suite 5A
New York, New York  10010
E-mail andy.madrid@madrid-law.com
Tel. 212.404.6926
Fax 917.536.9981

This e-mail may contain confidential communication. If you are not the intended recipient, you should: (1) Reply via e-mail to sender; (2) Destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) Refrain from copying or disseminating this communication by any means whatsoever. Thank you.

**From:** Scott Gerien [mailto:Sgerien@dpf-law.com]
**Sent:** Thursday, January 03, 2008 5:41 PM
**To:** madrid@madrid-law.com
**Cc:** Megan Healy
**Subject:** Wine Scout v. Crowell

Dear Andy:

Attached is a copy of the Request for Waiver of Service of Summons that was mailed to your client on December 3, 2007.  We have not received back the signed Waiver from your client.  Unless you advise us by Monday, January 7, 2008 that your client is willing to accept service, we will have a process server proceed with service and expect your client to reimburse our client for the costs of such service pursuant to the Federal Rules.

Sincerely,
Scott

J. Scott Gerien, Esq.
Dickenson Peatman & Fogarty
809 Coombs Street
Napa, California  94559
t - 707-252-7122
f - 707-255-6876
sgerien@dpf-law.com
www.dpf-law.com

# EXHIBIT 6

**Scott Gerien**

| | |
|---|---|
| **From:** | Stephen N. Hollman [shollman@businessandtechnologylawgroup.com] |
| **Sent:** | Thursday, February 14, 2008 3:14 PM |
| **To:** | Scott Gerien |
| **Subject:** | Re: Wine Scout International v. Crowell, USDC N.D. Cal., Case No. 3:07-cv-05930-JSW |

From:  Stephen Hollman

Scott:  Wednesday afternoon at 3:00 p.m. would be more convenient for there is an out-of-office appointment on our calendar for 4:30 p.m.

It is agreed that we have not stipulated to anything at this point in time.  We shall be local counsel, and can discuss at our next Telephone Conference the other matters you raise in your E-Mail below.

Scott Gerien wrote:
> Stephen:
>
> I am free to talk on Wednesday afternoon at about 4pm.  So it is
> clear, we have not stipulated to any extension of time for your client
> to answer the complaint.  While I am willing to consider a proposed
> date, I don't believe your potential client needs a lot of time to
> answer.  Will you be lead counsel or will Andy?  If its Andy, he's had
> the complaint for some time and an answer should be fairly simple.  If
> it is you, and Andy will not be appearing in the matter at all, I am
> willing to consent to some additional time for the answer, but I see
> no reason under any circumstances why your client needs time beyond
> 2/29 to answer the complaint.  This will give us sufficient time ahead
> of initial disclosures and the meet and confer to organize relevant information.
>
> Let me know if 4pm on next Wednesday works for you.
>
> Sincerely,
> Scott
>
> -----Original Message-----
> From: Stephen N. Hollman
> [mailto:shollman@businessandtechnologylawgroup.com]
> Sent: Thursday, February 14, 2008 2:11 PM
> To: Scott Gerien
> Subject: Re: Wine Scout International v. Crowell, USDC N.D. Cal., Case
> No. 3:07-cv-05930-JSW
>
> From:  Stephen N. Hollman
>
> Scott:  This will confirm our Telephone Conference of this afternoon
> in which we advised that this office will be appearing as counsel for
> defendant in the above-entitled action.
>
> Because formalities such as an engagement letter and review of
> documents have to be completed, we were not in a position to discuss
> the litigation at that time.
>
> In light of our appearing for defendant, the obligation to file
> responsive pleadings arranged by defendant's New York counsel would go
> off calendar.
>
> We advised that since there was no Case Management Conference before
> Judge White until April 25, 2008, under Local Rule 6-1 counsel were
> free to set whatever dates they agree upon provided that such
> arrangement does not affect the April 25th date.
>
> With both yours and our respective offices closed for the Federal

1

> holiday on Monday, February 17, 2008, we indicated that we should be
> telephoning again on either Tuesday or Wednesday, February 18 or 19.
> It now appears that the latter date is more likely.
>
> Please advise by reply E-Mail of one or two alternate times on
> Wednesday, February 19, when you would be free to have a Telephone
> Conference.
>
> --
> Stephen N. Hollman, Esq.
> Business & Technology Law Group
> 160 W. Santa Clara Street, Suite 1050
> San Jose, CA 95113
>
> Tel:    (408) 282-1949
> Fax:    (408) 275-9930
> Email:  info@businessandtechnologylawgroup.com
>
> RULE #1 -- If we do not properly take care of the needs of our
> clients, another law firm will.  So we abide by a simple and yet
> powerful business rule -- WE SHALL GIVE TO EACH OF OUR CLIENTS MORE
> THAN THEY EXPECT TO RECEIVE.
>
> You are invited to view our website at:
>
> http://www.businessandtechnologylawgroup.com
>
>
>
> ------------------IMPORTANT NOTICE------------------
>
> This message is intended only  for the use of the individual to whom
> it is addressed, and may well contain information that is privileged,
> confidential, and exempt from disclosure as a matter of law.  Unless
> you are the named addressee (or are authorized to receive this message
> for the addressee), then you may not use, copy, or disclose this
> message or any information contained in it and/or any attachment.
> Moreover, if the message was received by you in error, then no
> attorney-client relationship is thereby created by between you and the
> sender of the message unless you are already a client of that sender.
> If you have received this message in error, then kindly click on the
> reply icon in your email program and so advise the sender.
> Thanks so very much.
>

--
Stephen N. Hollman, Esq.
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

Tel:    (408) 282-1949
Fax:    (408) 275-9930
Email:  info@businessandtechnologylawgroup.com

RULE #1 -- If we do not properly take care of the needs of our clients, another law firm
will.  So we abide by a simple and yet powerful business rule -- WE SHALL GIVE TO EACH OF
OUR CLIENTS MORE THAN THEY EXPECT TO RECEIVE.

You are invited to view our website at:

http://www.businessandtechnologylawgroup.com


------------------IMPORTANT NOTICE------------------

This message is intended only  for the use of the individual to whom it is addressed, and may well contain information that is privileged, confidential, and exempt from disclosure as a matter of law.  Unless you are the named addressee (or are authorized to receive this message for the addressee), then you may not use, copy, or disclose this message or any information contained in it and/or any attachment.  Moreover, if the message was received by you in error, then no attorney-client relationship is thereby created by between you and the sender of the message unless you are already a client of that sender.  If you have received this message in error, then kindly click on the reply icon in your email program and so advise the sender.
Thanks so very much.

# EXHIBIT 7

Certificate of Electronic Filing

I hereby certify that this correspondence is being electronically filed with the Trademark Trial and Appeal Board through the ESTTA system located at <http://estta.uspto.gov>.

Dated: 2/25/08        By _____
                         Jaymie Kilgore

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE

TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Wine Scout International, | OPPOSITION NO. |
|        Opposer, | |
| vs. | NOTICE OF OPPOSITION |
| Patricia Crowell, | |
|        Applicant. | |

TO THE COMMISSIONER OF TRADEMARKS:

Wine Scout International, a corporation organized under the laws of the State of California and located at 975 First Street, Napa, California 94559 ("Opposer"), believes it will be damaged by registration of the mark THE WINE SCOUT for wine-related goods and services in International Classes 9, 35, and 41, as shown in application Serial No. 77/084749, filed on January 17, 2007, by Patricia Crowell ("Applicant"), and hereby opposes same.

Solely for the purpose of this proceeding, Opposer alleges the following as grounds for opposition:

1.   Applicant seeks to register THE WINE SCOUT as a service mark for "downloadable podcasts relating to wines and restaurants distributed by means of a global computer network" in International Class 9, "promotional services, namely, advertising and marketing for goods and services related to wine, online ordering and retail store services in the field of wine, wine accessories, and other general merchandise related to wine" in International Class 35, and "conducting educational programs relating to wine; educational and entertainment services, namely, podcast programs relating to wine; podcast travel shows relating to wine; online journals, namely, blogs featuring wine" in International Class 41, based on Applicant's alleged use of such mark in commerce since January 19, 2006, as evidenced by the publication of such mark on February 12, 2008.

2.   Opposer is the owner of the service mark WINE SCOUT for mail order catalog services featuring wine, online retail store services featuring wine, providing information and advice to mail order catalog and online retail store customers concerning the purchase of wine, and has continuously used the WINE SCOUT mark on such services since 1996, which is earlier than any known date of first use or constructive filing date on which Applicant can rely. Opposer is also the owner of U.S. Trademark Application Serial No. 77/199035 for the mark THE WINE SCOUT for "mail order catalog services featuring wine; online retail store services featuring wine; providing information and advice to mail order catalog and online retail store customers concerning the purchase of wine" in International Class 35, filed on June 6, 2007, based on Opposer's use of such mark in commerce since December 31, 1996.

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

2

3.    Opposer alleges that Applicant's applied-for mark is likely to cause confusion, mistake or to deceive the public. Applicant's THE WINE SCOUT mark is similar to Opposer's WINE SCOUT mark and the respective services on which the marks are used are virtually identical, substantially similar or related and said services are purchased by the same group of consumers. Accordingly, Applicant's mark is confusingly similar to Opposer's mark such that Applicant is not entitled to register its mark and Applicant's application should be denied in accordance with Section 2(d) of the Trademark Act of 1946, 15 U.S.C. §1052(d).

4.    Opposer avers that if Applicant is granted the registration herein opposed, it would interfere with Opposer's exclusive right to use its WINE SCOUT mark herein relied upon, all to the detriment and damage of Opposer. In addition, Applicant's THE WINE SCOUT mark has been cited by the USPTO as confusingly similar to Opposer's WINE SCOUT under Section 2(d) of the Trademark Act of 1946, 15 U.S.C. §1052(d). Accordingly, Opposer avers that for the reasons aforesaid, it will be damaged by a grant of registration to Applicant of its trademark which is the subject of Serial No. 77/084749.

WHEREFORE, Opposer prays as follows:

1.    That this Opposition be sustained;

2.    That Application Serial No. 77/084749 be rejected; and

3.    That registration of the trademark THE WINE SCOUT shown and specified in Application Serial No. 77/084749 be refused and denied.

3

1    Please charge Opposer's counsel's Deposit Account #503564 the $300 filing fee for the

2    Opposition.

3
     Dated: 2/25/08                          Respectfully submitted,
4
                                             DICKENSON, PEATMAN & FOGARTY
5

6

7
                                             By:
8                                               J. Scott Gerien
                                                Megan Healy
9
                                             809 Coombs Street
10                                           Napa, California 94559
                                             Telephone: (707) 252-7122
11                                           Facsimile: (707) 255-6876

12                                           Attorneys for Opposer
                                                WINE SCOUT INTERNATIONAL
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

4

## PROOF OF SERVICE

I declare that I am over the age of 18 years, employed in the County of Napa, and not a party to the within action; my business address is 809 Coombs Street, Napa, California 94559. On February 25, 2008, I served the attached **NOTICE OF OPPOSITION** on the person(s) listed below:

    Andres N. Madrid, Esq.
    45 West 21st Street, Suite 5A
    New York, NY 10010
    Tel.: (212) 404-6926
    Fax: (917) 536-9981

by enclosing a true copy in a sealed envelope addressed as shown below and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 25, 2008, at Napa, California.

JAYMIE KILGORE

DPⓟF

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

5

**Scott Gerien**

| From: | ESTTA@USPTO.GOV |
|---|---|
| Sent: | Monday, February 25, 2008 4:01 PM |
| To: | Scott Gerien; tmdept - IP Distribution |
| Subject: | Notice of Opposition |

UNITED STATES PATENT AND TRADEMARK OFFICE Trademark Trial and Appeal Board P.O. Box 1451
Alexandria, VA  22313-1451

Mailed:  February 25, 2008

Opposition No. 91182634
Serial No. 77084749

Andres N. Madrid
Andres N. Madrid, Esq.
45 West 21st St. Suite 5A
New York, NY 10010
andy.madrid@madrid-law.com
Wine Scout International

v.

Crowell, Patricia

J. Scott Gerien
Dickenson Peatman & Fogarty
809 Coombs Street
Napa, CA 94559
sgerien@dpf-law.com, tmdept@dpf-law.com

ESTTA194663

A notice of opposition to the registration sought by the above-identified application has
been filed.  A service copy of the notice of opposition was forwarded to applicant
(defendant) by the opposer (plaintiff).  An electronic version of the notice of opposition
is viewable in the electronic file for this proceeding via the Board's TTABVUE system:
http://ttabvue.uspto.gov/ttabvue/v?qs=91182634.

Proceedings will be conducted in accordance with the Trademark Rules of Practice, set
forth in Title 37, part 2, of the Code of Federal Regulations ("Trademark Rules").  These
rules may be viewed at the USPTO's trademarks page:
http://www.uspto.gov/main/trademarks.htm.  The Board's main webpage
(http://www.uspto.gov/web/offices/dcom/ttab/) includes information on amendments to the
Trademark Rules applicable to Board proceedings, on Alternative Dispute Resolution (ADR),
Frequently Asked Questions about Board proceedings, and a web link to the Board's manual
of procedure (the TBMP).

Plaintiff must notify the Board when service has been ineffective, within 10 days of the
date of receipt of a returned service copy or the date on which plaintiff learns that
service has been ineffective.  Plaintiff has no subsequent duty to investigate the
defendant's whereabouts, but if plaintiff by its own voluntary investigation or through
any other means discovers a newer correspondence address for the defendant, then such
address must be provided to the Board.  Likewise, if by voluntary investigation or other

1

means the plaintiff discovers information indicating that a different party may have an interest in defending the case, such information must be provided to the Board.  The Board will then effect service, by publication in the Official Gazette if necessary.  See Trademark Rule 2.118.  In circumstances involving ineffective service or return of defendant's copy of the Board's institution order, the Board may issue an order noting the proper defendant and address to be used for serving that party.

Defendant's ANSWER IS DUE FORTY DAYS after the mailing date of this order. (See Patent and Trademark Rule 1.7 for expiration of this or any deadline falling on a Saturday, Sunday or federal holiday.)  Other deadlines the parties must docket or calendar are either set forth below (if you are reading a mailed paper copy of this order) or are included in the electronic copy of this institution order viewable in the Board's TTABVUE system at the following web address:  http://ttabvue.uspto.gov/ttabvue/.

Defendant's answer and any other filing made by any party must include proof of service. See Trademark Rule 2.119.  If they agree to, the parties may utilize electronic means, e.g., e-mail or fax, during the proceeding for forwarding of service copies.  See Trademark Rule 2.119(b)(6).

The parties also are referred in particular to Trademark Rule 2.126, which pertains to the form of submissions.  Paper submissions, including but not limited to exhibits and transcripts of depositions, not filed in accordance with Trademark Rule 2.126 may not be given consideration or entered into the case file.


As noted in the schedule of dates for this case, the parties are required to have a conference to discuss:  (1) the nature of and basis for their respective claims and defenses, (2) the possibility of settling the case or at least narrowing the scope of claims or defenses, and (3) arrangements relating to disclosures, discovery and introduction of evidence at trial, should the parties not agree to settle the case.  See Trademark Rule 2.120(a)(2).  Discussion of the first two of these three subjects should include a discussion of whether the parties wish to seek mediation, arbitration or some other means for resolving their dispute.
Discussion of the third subject should include a discussion of whether the Board's Accelerated Case Resolution (ACR) process may be a more efficient and economical means of trying the involved claims and defenses.
Information on the ACR process is available at the Board's main webpage.
Finally, if the parties choose to proceed with the disclosure, discovery and trial procedures that govern this case and which are set out in the Trademark Rules and Federal Rules of Civil Procedure, then they must discuss whether to alter or amend any such procedures, and whether to alter or amend the Standard Protective Order (further discussed below).
Discussion of alterations or amendments of otherwise prescribed procedures can include discussion of limitations on disclosures or discovery, willingness to enter into stipulations of fact, and willingness to enter into stipulations regarding more efficient options for introducing at trial information or material obtained through disclosures or discovery.

The parties are required to conference in person, by telephone, or by any other means on which they may agree.  A Board interlocutory attorney or administrative trademark judge will participate in the conference, upon request of any party, provided that such participation is requested no later than ten (10) days prior to the deadline for the conference.  See Trademark Rule 2.120(a)(2).  The request for Board participation must be made through the Electronic System for Trademark Trials and Appeals (ESTTA) or by telephone call to the interlocutory attorney assigned to the case, whose name can be found by referencing the TTABVUE record for this case at http://ttabvue.uspto.gov/ttabvue/.  The parties should contact the assigned interlocutory attorney or file a request for Board participation through ESTTA only after the parties have agreed on possible dates and times for their conference.  Subsequent participation of a Board attorney or judge in the conference will be by telephone and the parties shall place the call at the agreed date and time, in the absence of other arrangements made with the assigned interlocutory attorney.

The Board's Standard Protective Order is applicable to this case, but the parties may agree to supplement that standard order or substitute a protective agreement of their choosing, subject to approval by the Board.

The standard order is available for viewing at:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm.  Any party without access
to the web may request a hard copy of the standard order from the Board.  The standard
order does not automatically protect a party's confidential information and its provisions
must be utilized as needed by the parties.  See Trademark Rule 2.116(g).

Information about the discovery phase of the Board proceeding is available in chapter 400
of the TBMP.  By virtue of amendments to the Trademark Rules effective November 1, 2007,
the initial disclosures and expert disclosures scheduled during the discovery phase are
required only in cases commenced on or after that date.  The TBMP has not yet been amended
to include information on these disclosures and the parties are referred to the August 1,
2007 Notice of Final Rulemaking (72 Fed. Reg. 42242) posted on the Board's webpage.  The
deadlines for pretrial disclosures included in the trial phase of the schedule for this
case also resulted from the referenced amendments to the Trademark Rules, and also are
discussed in the Notice of Final Rulemaking.

The parties must note that the Board allows them to utilize telephone conferences to
discuss or resolve a wide range of interlocutory matters that may arise during this case.
In addition, the assigned interlocutory attorney has discretion to require the parties to
participate in a telephone conference to resolve matters of concern to the Board.  See
TBMP § 502.06(a) (2d ed. rev. 2004).

The TBMP includes information on the introduction of evidence during the trial phase of
the case, including by notice of reliance and by taking of testimony from witnesses.  See
TBMP §§ 703 and 704.  Any notice of reliance must be filed during the filing party's
assigned testimony period, with a copy served on all other parties.  Any testimony of a
witness must be both noticed and taken during the party's testimony period.  A party that
has taken testimony must serve on any adverse party a copy of the transcript of such
testimony, together with copies of any exhibits introduced during the testimony, within
thirty (30) days after the completion of the testimony deposition.  See Trademark Rule
2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).
An oral hearing after briefing is not required but will be scheduled upon request of any
party, as provided by Trademark Rule 2.129.

If the parties to this proceeding are (or during the pendency of this proceeding become)
parties in another Board proceeding or a civil action involving related marks or other
issues of law or fact which overlap with this case, they shall notify the Board
immediately, so that the Board can consider whether consolidation or suspension of
proceedings is appropriate.

ESTTA NOTE:  For faster handling of all papers the parties need to file with the Board,
the Board strongly encourages use of electronic filing through the Electronic System for
Trademark Trials and Appeals (ESTTA).
Various electronic filing forms, some of which may be used as is, and others which may
require attachments, are available at http://estta.uspto.gov.

2

# EXHIBIT 8

1

<u>Certificate of Mailing</u>

I hereby certify that this correspondence is being deposited with the United States Postal Service in an envelope

2   addressed to United States Patent and Trademark Office, Trademark Trial and Appeal Board, P.O. Box 1451, Alexandria,

Virginia, 22313-1451.

3

Dated: 2/26/08                                        By _____

4                                                              Jaymie Kilgore

5

6

7

8               IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE

9                            TRADEMARK TRIAL AND APPEAL BOARD

10

11   Wine Scout International,                          OPPOSITION NO. 91182634

12                    Opposer,

13            vs.                                        OPPOSER WINE SCOUT
                                                        INTERNATIONAL'S MOTION TO
14   Patricia Crowell,                                  SUSPEND PROCEEDINGS PURSUANT TO
                                                        TBMP SECTION 510.02
15                    Applicant.

16

17   I.      MOTION

18           Pursuant to TBMP Section 510.02, Opposer, Wine Scout International, hereby requests

19   that these proceedings be suspended by the Board pending the outcome of Case No. C07-05930

20   filed by Opposer against Applicant Patricia Crowell ("Applicant") in the United States District

21   Court for the Northern District of California. A copy of the complaint in the referenced case is

22   attached hereto as <u>Exhibit</u> 1.

23   II.     ARGUMENT

24           TBMP Section 510.02(a) states: "Whenever it comes to the attention of the Board that a

25   party or parties to a case pending before it are involved in a civil action which may have a bearing

26   on the Board case, proceedings before the Board may be suspended until final determination of

27   the civil action."

1    "To the extent that a civil action in a Federal district court involves issues in common with

2    those in a proceeding before the Board, the decision of the Federal district court is often binding

3    upon the Board, while the decision of the Board is not binding upon the Court." Id.

4         The basis for Opposer's opposition action is Section 2(d) likelihood of consumer

5    confusion. As indicated in the attached complaint, Opposer's basis for its federal action against

6    Applicant is also likelihood of consumer confusion related to the same marks. See Paragraphs

7    25-32. Accordingly, both actions directly involve the issue of likelihood of confusion concerning

8    the same marks.

9         In the complaint, the Opposer also requested that the Court order the USPTO to refuse and

10   deny registration of the application which is the subject of this opposition proceeding. See,

11   Prayer, Paragraph 4. This further evidences that the outcome of the federal action will have a

12   direct bearing on the issues before the Board and that the opposition action should therefore be

13   suspended. See General Motors Corp. v. Cadillac Club Fashions, Inc., 22 USPQ 1933 (TTAB

14   1992).

15        Accordingly, Opposer Wine Scout International respectfully requests that the opposition

16   proceeding be suspended pending the outcome of the federal action, Case No. C07-05930,

17   pending in the Northern District of California.

18   Dated: __2/26/08__

19                                          Respectfully submitted,

20                                          DICKENSON, PEATMAN & FOGARTY

21

22                                          By: _____

23                                          J. Scott Gerien
                                            Megan Healy

24                                          809 Coombs Street

25                                          Napa, California 94559
                                            Telephone: (707) 252-7122

26                                          Facsimile: (707) 255-6876

27                                          Attorneys for Opposer, Wine Scout International

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DPF

## Certificate of Mailing

I, Jaymie Kilgore, am employed in the County of Napa. I am over the age of eighteen years and am not a party to the above-entitled action; my business address is 809 Coombs Street, Napa, CA 94559.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with the United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, and other overnight services.

On February 26, 2008, I placed a copy of the following document(s):

OPPOSER WINE SCOUT INTERNATIONAL'S MOTION TO SUSPEND PROCEEDINGS PURSUANT TO TBMP SECTION 510.02

in a sealed envelope, addressed to and arranged for service consistent with the ordinary business practices as follows:

**Andres N. Madrid, Esq.**
**45 West 21st Street, Suite 5A**
**New York, NY 10010**
**Tel.: (212) 404-6926**
**Fax: (917) 536-9981**

[X] BY MAIL: Such correspondence was deposited, with postage fully prepaid, with the United States Postal Service on the same day in the ordinary course of business.

[ ] BY FEDERAL EXPRESS: By placing a true copy of said document(s), enclosed in a sealed envelope, and by depositing said envelope, fully prepaid, with Federal Express, in Napa, California, on the same day in the ordinary course of business.

[ ] BY PERSONAL SERVICE: Such envelope was delivered by hand to the offices of the addressee.

[ ] BY FACSIMILE: Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

I declare under penalty of perjury that the above is true and correct.

Executed on February 26, 2008 at Napa, California.

Jaymie Kilgore

3

# EXHIBIT 1

1    J. SCOTT GERIEN, State Bar No. 184728
     MEGAN FERRIGAN HEALY, State Bar No. 229177
2    DICKENSON, PEATMAN & FOGARTY
     809 Coombs Street
3    Napa, California 94559
     Telephone: (707) 252-7122
4    Facsimile: (707) 255-6876

5    Attorneys for Plaintiff
     WINE SCOUT INTERNATIONAL

6

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11    Wine Scout International,         CASE NO. **C07-05930**

12            Plaintiff,         **COMPLAINT**

13         vs.                  1. **Federal Unfair Competition**
14    Patricia Crowell,             2. **California Unfair Competition**
                                   3. **California False or Misleading**
15            Defendant.            **Statements**
                                   4. **Common Law Trademark**
16                                        **Infringement**

17                           **DEMAND FOR JURY TRIAL**

18       Plaintiff, Wine Scout International ("Plaintiff"), for its complaint against Defendant,

19    Patricia Crowell ("Defendant"), alleges as follows:

20                      **NATURE OF ACTION**

21    1.   This is an action to redress violations of the federal Lanham Act for unfair competition

22        (15 U.S.C. §1125(a)), violations of the California Business and Professions Code for

23        unfair competition (Cal. Bus. & Prof. Code §17200) and the dissemination of false and

24        misleading statements (Cal. Bus. & Prof. Code §17500), and common law trademark

25        infringement, as the result of willful and unauthorized use by Defendant of colorable

26        imitations of Plaintiff's service mark and trade name, as more fully set forth hereinafter.

27       Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's

E-filing

ORIGINAL FILED

NOV 26 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

infringement of Plaintiff's service mark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Wine Scout International is a California corporation with its principal place of business located at 975 First Street, Napa, California, 94559.

3. Upon information and belief, Defendant is an individual with a principal place of business located at PMB 110, 11357 Nuckols Road, Glen Allen, Virginia 23059.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through her agents, transacted business in the State of California and within this judicial district through the provision of services in this judicial district via a nationally accessible Internet website, as more specifically set forth below, and expected or should reasonably have expected her acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district through the provision of services via a nationally accessible Internet website, as more specifically set forth below, and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7.  Plaintiff is the owner of the distinctive service mark WINE SCOUT for various wine-related services, including mail order catalog services featuring wine, online retail store services featuring wine, and the provision of information and advice to catalog and online retail store customers concerning wine (the "WINE SCOUT Service Mark").

8.  Plaintiff is the owner of the trade name Wine Scout International as used in association with wine and various wine-related services (the "Wine Scout International Trade Name"). Plaintiff uses the Wine Scout International Trade Name as a négociant and vintner to have wines produced under various proprietary labels. Plaintiff has sold over one million bottles of wine featuring the Wine Scout International Trade Name as the producer. Plaintiff is known and referred to colloquially by the industry and the public by such Wine Scout International Trade Name.

9.  Long prior to the acts of Defendant complained of herein, Plaintiff has used its WINE SCOUT Service Mark in association with its wine-related services in U.S. commerce, including mail order catalog services featuring wine, online retail store services featuring wine, the provision of information and advice to catalog and online retail store customers concerning wine.

10. Long prior to the acts of Defendant complained of herein, Plaintiff has used its Wine Scout International Trade Name in association with its wine-related services, including its négociant and vintner services, and in such capacity has produced over one million bottles of wine bearing the Wine Scout International Trade Name.

11. Plaintiff owns extremely valuable goodwill which is symbolized by its WINE SCOUT Service Mark and its Wine Scout International Trade Name and each use of the mark and the trade name substantially increases the value of Plaintiff's company and the salability of the goods and services sold through Plaintiff's company.

COMPLAINT                                3

12. Upon information and belief, Defendant, Patricia Crowell is the owner of an Internet business operated under the service mark THE WINE SCOUT, accessible at http://thewinescout.com, through which Defendant offers promotional services relating to the advertisement and marketing of wine, wineries, wine tasting kits, wine vacations, and other wine-oriented goods and services, provides audio and video podcasts and other downloadable information about wine, and offers educational programs and travel shows related to wine.

13. Defendant's website, accessible at http://thewinescout.com, prominently features the mark THE WINE SCOUT throughout the site, as well as throughout Defendant's downloadable wine-centered audio and video podcasts, programs, and blogs. Upon information and belief, in addition to being available to consumers via Defendant's http://thewinescout.com website, Defendant's downloadable THE WINE SCOUT podcasts are available on Apple iTunes and numerous other podcast aggregators and directories.

14. Upon information and belief, Defendant willfully adopted and initiated use of THE WINE SCOUT service mark with prior knowledge of Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name.

15. Upon information and belief, Defendant is the owner of pending federal Service Mark Application Serial No. 77/084749 for the mark THE WINE SCOUT for "downloadable podcasts relating to wines and restaurants distributed by means of a global computer network" in International Class 9, "promotional services, namely advertising and marketing for goods and services related to wine, online ordering and retail store services in the field of wine, wine accessories, and other general merchandise related to wine" in International Class 35, and "conducting educational programs relating to wine; educational and entertainment services, namely podcasts and entertainment programs

COMPLAINT                                      4

DP&F

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

1   relating to wine; production of travel shows relating to wine; online journals, namely,

2   blogs featuring wine" in International Class 41.

3   16. Defendant's pending Application Serial No. 77/084749 for the mark THE WINE

4   SCOUT has a filing date of January 17, 2007, and an alleged first use date for all

5   services of January 19, 2006, both of which are dates long after Plaintiff initiated use of

6   its WINE SCOUT Service Mark and Wine Scout International Trade Name in U.S.

7   commerce.

8

9   17. In mid September of 2007, Plaintiff discovered that Defendant had filed her federal

10   service mark application for the mark THE WINE SCOUT.   This service mark

11   application was filed on the Principal Register, indicating Defendant's belief that THE

12   WINE SCOUT mark is distinctive and capable of registration.

13   18. Defendant's THE WINE SCOUT mark is confusingly similar to Plaintiff's WINE

14   SCOUT Service Mark and Wine Scout International Trade Name given that the marks

15   and the trade name are virtually identical in sight, sound, and meaning, and that the

16   services offered by Defendant under THE WINE SCOUT are highly related to those

17   which Plaintiff offers under its WINE SCOUT Service Mark and its Wine Scout

18   International Trade Name.

19

20   19. Plaintiff has advised Defendant of Plaintiff's service mark and trade name rights in the

21   term "WINE SCOUT" and has requested that Defendant cease use of her confusingly

22   similar THE WINE SCOUT mark.  However, Defendant has indicated that she does not

23   intend to cease use of the mark THE WINE SCOUT in promoting and offering her

24   various wine-related services despite repeated demands from Plaintiff and has instead

25   demanded that Plaintiff cease use of its WINE SCOUT Service Mark.

26

27   20. Continued use of the mark THE WINE SCOUT by Defendant is likely to confuse

consumers into believing that Defendant's THE WINE SCOUT online business and/or

her Internet website http://thewinescout.com are affiliated with, associated with, or connected to Plaintiff and/or the goods and services offered under Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name. Defendant will unjustly benefit from such false association.

21. As a result of Defendant's use of this confusingly similar mark, Plaintiff has lost control of its WINE SCOUT Service Mark and Wine Scout International Trade Name, and has been irreparably harmed. If Defendant is permitted to use and register her mark, any defect, objection, or fault found with Defendant's services marketed under THE WINE SCOUT necessarily would reflect upon and seriously injure the reputation Plaintiff has established for its services and products merchandised or marketed under its WINE SCOUT Service Mark and Wine Scout International Trade Name.

22. Upon information and belief, Defendant plans on continuing use of THE WINE SCOUT mark. Plaintiff has suffered, and continues to suffer, irreparable harm resulting from loss of control of its WINE SCOUT Service Mark and Wine Scout International Trade Name and such harm cannot be remedied solely by monetary damages. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using such mark, wherefore Plaintiff is without adequate remedy at law.

23. Upon information and belief, Defendant's infringing use of the confusingly similar THE WINE SCOUT mark has financially harmed Plaintiff by diminishing the value of Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name as a source indicator for Plaintiff's goods and services, and Defendant's infringing use of THE WINE SCOUT mark has increased the profitability of Defendant's THE WINE SCOUT brand and business to the detriment of Plaintiff.

24. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

### FIRST CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

25. Plaintiff restates and reavers the allegations of Paragraphs 1 through 24, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

26. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the Defendant's services or the goods offered in connection therewith in violation of 15 U.S.C. §1125.

### SECOND CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

27. Plaintiff restates and reavers the allegations of Paragraphs 1 through 26, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

28. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

### THIRD CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

29. Plaintiff restates and reavers the allegations of Paragraphs 1 through 28, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

30. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## FOURTH CAUSE OF ACTION

(Common Law Trademark Infringement)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.   That Defendant, her principals, partners, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under her direction and/or pursuant to her control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a.   Using the mark THE WINE SCOUT, or terms or marks confusingly similar to WINE SCOUT, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine, including but not limited to, online ordering and retail store services in the field of wine, wine accessories, and general merchandise related to wine, advertising and marketing for goods and services related to wine, downloadable podcasts relating to wines distributed by any means whatsoever, educational programs relating to wine, and travel shows and blogs relating to wine, which may be produced or distributed in any media whatsoever;

b.    Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the services or goods of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2.    That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.    That Defendant, her principals, partners, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under her direction and/or pursuant to her control, be required to deliver up for destruction all advertising, promotional, point of sale, press kit, packaging, and any other materials bearing the infringing mark THE WINE SCOUT, together with all artwork, graphics, and other means and materials for making and reproducing the same;

4.    That the Commissioner for Trademarks of the United States Patent and Trademark Office be directed to refuse and deny registration of the service mark THE WINE SCOUT shown and specified in Application Serial No. 77/084749 based on a likelihood of confusion with Plaintiff's WINE SCOUT Service Mark and Wine Scout International Trade Name pursuant to 15 U.S.C. 1052(d);

5.    That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6.   That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.   That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.


Dated: 11 / 20 / 2007

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY


By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876


Attorneys for Plaintiff,
Wine Scout International

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: 11 / 20 / 2007

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International

COMPLAINT                    11