STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113
Telephone: (408) 282-1949
Facsimile: (408) 275-9930
E-Mail: wsc@businessandtechnologylawgroup.com

Attorneys for Defendant,
PATRICIA CROWELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| WINE SCOUT INTERNATIONAL, | ) | CASE NO. C 07 05930 JSW |
|---|---|---|
| Plaintiff, | ) | REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO ENLARGE TIME FOR THE FOR THE FILING OF RESPONSIVE PLEADINGS |
| vs. | ) | |
| PATRICIA CROWELL, | ) | |
| Defendant. | ) | Date: Shortened Time<br>Time: Set By the Court<br>Courtroom: 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |
| | ) | **[Electronic digital signatures permitted]** |

In its Opposition, plaintiff attempts to obfuscate with a purported sixty-eight page chronology a central issue to the Motion before the Court – after the "quiet period" for the noticed publication by the PTO of defendant's application to register the trademark, The Wine Scout, that will end in just after mid-March 2008, the Trademark Attorney has indicated that she will likely approve the deletion of International Class No. 35 from defendant's trademark application. That action would irrefutably moot a number of the claims in the Complaint and ameliorate the concerns of plaintiff, but action thereon by the PTO cannot occur until after the close of the publication period of plaintiff's trademark application which will be approximately

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
REPLY TO OPPOSITION TO
DEFT.'S MOT. TO ENLARGE TIME
FOR FILING RESP. PLDGS

Page 1

1  the end of March, 2008.[1]

2  In its Opposition, plaintiff would have the Court believe that it, having filed an Opposition with the PTO to defendant's published trademark and then filed to have that Opposition stayed by its own motion pending the outcome of this litigation, the Trademark Attorney can take no further action following the publication period.

That statement by way of obfuscation is quite simply not in concert with either the statements of the Trademark Attorney or the Trademark Manual of Examination Procedures (hereinafter referred to as "TMEP").  Specifically, TMEP 1505.01(a) provides:

> If an applicant proposes to amend the identification of goods or services after publication by restricting or deleting items in the existing identification, and the amendment is otherwise proper, the Office will approve the amendment, and the mark will not be republished.

If International Class No. 35 is deleted from defendant's approved and published trademark thereby mooting a number of the claims in the Complaint and ameliorating the concerns of plaintiff, then it is as likely as not that defendant's responsive pleadings may well be a Rule 12 Motion and not an Answer and/or Counterclaim.  If defendant is precluded from awaiting this outcome by the PTO, which she is assured will occur prior to the end of March, 2008, then there will be unquestioned substantial harm or prejudice to her and none to the plaintiff in light of a first Case Management Conference that will not occur until April 25, 2008.

That is the very real issue before the Court in the Motion, one that plaintiff cannot obfuscate, and thus plaintiff remains devoid of any showing to the Court of substantial harm or prejudice to it whatsoever if the Motion is granted.

Respectfully submitted,

DATED:  February 27, 2007        BUSINESS & TECHNOLOGY LAW GROUP

By:  /s/ *Stephen N. Hollman*
Stephen N. Hollman,
Attorneys for Defendant,
PATRICIA CROWELL

---

[1]. Crowell Decl., p. 3, ll. 7-10 and ll. 16-22; Hollman Decl. p. 2, ll. 7-8; Complaint (ECF Document No. 1, *e.g.*, ¶¶ 7, 9, 15.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
REPLY TO OPPOSITION TO
DEFT.'S MOT. TO ENLARGE TIME
FOR FILING RESP. PLDGS

Page 2