STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 55219
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113
Telephone: (408) 282-1949
Facsimile: (408) 275-9930
E-Mail: wsc@businessandtechnologylawgroup.com

Attorneys for Defendant,
PATRICIA CROWELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WINE SCOUT INTERNATIONAL, | ) | CASE NO. C 07 05930 JSW |
| | ) | |
| Plaintiff, | ) | **ANSWER TO COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| PATRICIA CROWELL, | ) | |
| | ) | |
| Defendant. | ) | **[Electronic digital signatures permitted]** |
| | ) | |
| | ) | |

Defendant, PATRICIA CROWELL (hereinafter referred to as "Defendant"), answers the Complaint of plaintiff, WINE SCOUT INTERNATIONAL (hereinafter referred to as "Plaintiff"), as follows:

### NATURE OF ACTION

1.      In response to Paragraph 1 of the Complaint, Defendant denies that there has been any willful or otherwise infringing use of Plaintiff's alleged service mark and trade name, further denies that any damage or harm has been caused to Plaintiff according to the allegations set forth in the Complaint as a consequence of any acts of or omissions to act by her, and further denies that Plaintiff is entitled to any relief against her as alleged in the Complaint.. Except as so expressly denied, Defendant is without knowledge or information sufficient to form a belief as to each and all of the balance of the allegations therein, and, for that reason, denies each and all of the balance of the allegations stated therein.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 1

**THE PARTIES**

2.      In response to Paragraph 2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

3.      In response to Paragraph 3 of the Complaint, Defendant admits that she has a place of business at 11357 Nuckols Road, Glen Allen, Virginia 23059.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to each and all of the balance of the allegations therein, and, for that reason, denies each and all of the balance of the allegations stated therein.

**JURISDICTION AND VENUE**

4.      In response to Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

5.      In response to Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

6.      In response to Paragraph 6 of the Complaint, Defendant denies that she does business in this judicial district.  Except as so expressly denied, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

**ALLEGATIONS COMMON TO ALL CLAIMS**

7.      In response to Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

8.      In response to Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

//

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 2

9.      In response to Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

10.      In response to Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

11.      In response to Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

12.      In response to Paragraph 12 of the Complaint, Defendant admits that she is an owner of a business operated under the mark, "THE WINE SCOUT", which is accessible on the Internet at the URL *http://www.thewinescout.com*, and that business offers downloadable podcasts distributed over the Internet relating to wines and restaurants, conducts educational programs relating to wine, and provides educational and entertainment services, namely, podcast programs relating to wine, podcast travel shows relating to wine, and online journals, namely, blogs featuring wine.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to each and all of the balance of the allegations therein, and, for that reason, denies each and all of the balance of the allegations stated therein.

13.      In response to Paragraph 13 of the Complaint, Defendant admits that the business operated under the mark, "THE WINE SCOUT", which is accessible on the Internet at the URL *http://www.thewinescout.com*, uses the mark, "THE WINE SCOUT", that such mark was approved for publication as of January 23, 2008 by the United States Patent & Trademark Office (hereinafter referred to as the "PTO") under 15 U.S.C. § 1062(a), and that such mark is used in offerings of that business that are accessible on the Internet at that URL and through other sites and applications (*e.g.*, iTunes) on the Internet.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to each and all of the balance of the allegations therein, and, for that reason, denies each and all of the balance of the allegations stated therein.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

Page 3

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

14.     In response to Paragraph 14 of the Complaint, Defendant denies each and all of the allegations stated therein.

15.     In response to Paragraph 15 of the Complaint, Defendant admits that she is the owner of the mark, "THE WINE SCOUT", which was approved for publication as of January 23, 2008 by the PTO under 15 U.S.C. § 1062(a).  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to each and all of the balance of the allegations therein because the application for that mark, as amended, is a matter of public record and speaks for itself, and, for that reason, denies each and all of the balance of the allegations stated therein.

16.     In response to Paragraph 16 of the Complaint, Defendant admits that the application to register the mark, "THE WINE SCOUT", which was approved for publication as of January 23, 2008 by the PTO under 15 U.S.C. § 1062(a), was assigned the Serial No. of 77084749 by the PTO.  Except as so expressly admitted, Defendant is without knowledge or information sufficient to form a belief as to each and all of the balance of the allegations therein because the application for that mark, as amended, is a matter of public record and speaks for itself, and, for that reason, denies each and all of the balance of the allegations stated therein.

17.     In response to Paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations therein, and, for that reason, denies each and all of the allegations stated therein.

18.     In response to Paragraph 18 of the Complaint, Defendant denies that there has been any willful or otherwise infringing use of Plaintiff's trade name, further denies the subject of the allegations of the her mark and such trade name being confusingly similar as being the product of conjecture and/or subjective characterizations by Plaintiff, further denies that any damage or harm has been caused to Plaintiff according to the allegations set forth in the Complaint as a consequence of any acts of or omissions to act by her, and further denies that Plaintiff is entitled to any relief against her as alleged in the Complaint..  Except as so expressly denied, Defendant is without knowledge or information sufficient to form a belief as to each and

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 4

1  all of the balance of the allegations therein, and, for that reason, denies each and all of the

2  balance of the allegations stated therein.

3      19.    In response to Paragraph 19 of the Complaint, Defendant admits that Plaintiff

4  advised her New York City counsel of this litigation, gave such counsel only two days for

5  Defendant to meet Plaintiff's demand that Defendant cease all use of the mark, "THE WINE

6  SCOUT", in connection with any aspect of wine coupled with the threat that if she did not do so,

7  Plaintiff would continue to pursue this litigation.  Defendant denies the subject of the allegations

8  of her mark and Plaintiff's trade name being confusingly similar as being the product of

9  conjecture and/or subjective characterizations by Plaintiff.  Except as so expressly admitted and

10  denied, Defendant is without knowledge or information sufficient to form a belief as to each and

11  all of the balance of the allegations therein, and, for that reason, denies each and all of the

12  balance of the allegations stated therein.

13      20.    In response to Paragraph 20 of the Complaint, Defendant denies that there has

14  been any willful or otherwise infringing use of Plaintiff's alleged service mark and trade name,

15  further denies that there has been any confusion as alleged, further denies the subject of the

16  allegations of her mark as confusing or likely to confuse consumers as being the product of

17  conjecture and/or subjective characterizations by Plaintiff, further denies that any damage or

18  harm has been caused to Plaintiff according to the allegations set forth in the Complaint as a

19  consequence of any acts of or omissions to act by her, and further denies that Plaintiff is entitled

20  to any relief against her as alleged in the Complaint..  Except as so expressly denied, Defendant

21  is without knowledge or information sufficient to form a belief as to each and all of the balance

22  of the allegations therein, and, for that reason, denies each and all of the balance of the

23  allegations stated therein.

24      21.    In response to Paragraph 21 of the Complaint, Defendant denies that the subject of

25  the allegations of her mark and Plaintiff's trade name as confusingly similar as being the product

26  of conjecture and/or subjective characterizations by Plaintiff, further denies that any damage or

27  harm has been caused to Plaintiff according to the allegations set forth in the Complaint as a

28  consequence of any acts of or omissions to act by her, and further denies that Plaintiff is entitled

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 5

1    to any relief against her as alleged in the Complaint.  Except as so expressly denied, Defendant is

2    without knowledge or information sufficient to form a belief as to each and all of the balance of

3    the allegations therein, and, for that reason, denies each and all of the balance of the allegations

4    stated therein.

5            22.     In response to Paragraph 22 of the Complaint, Defendant denies that any damage

6    or harm has been caused to Plaintiff according to the allegations set forth in the Complaint as a

7    consequence of any acts of or omissions to act by her, and further denies that Plaintiff is entitled

8    to any relief against her as alleged in the Complaint..  Except as so expressly denied, Defendant

9    is without knowledge or information sufficient to form a belief as to each and all of the balance

10   of the allegations therein, and, for that reason, denies each and all of the balance of the

11   allegations stated therein.

12           23.     In response to Paragraph 23 of the Complaint, Defendant denies that there has

13   been any infringing use of Plaintiff's alleged service mark and trade name, further denies the

14   subject of the allegations of her mark and Plaintiff's trade name as confusingly similar as being

15   the product of conjecture and/or subjective characterizations by Plaintiff, further denies that any

16   damage or harm has been caused to Plaintiff according to the allegations set forth in the

17   Complaint as a consequence of any acts of or omissions to act by her, and further denies that

18   Plaintiff is entitled to any relief against her as alleged in the Complaint.  Except as so expressly

19   denied, Defendant is without knowledge or information sufficient to form a belief as to each and

20   all of the balance of the allegations therein, and, for that reason, denies each and all of the

21   balance of the allegations stated therein.

22           24.     In response to Paragraph 23 of the Complaint, Defendant denies that this an

23   exceptional case under the provisions of applicable statutory law and judicial interpretation

24   thereof.   Except as so expressly denied, Defendant is without knowledge or information

25   sufficient to form a belief as to each and all of the balance of the allegations therein, and, for that

26   reason, denies each and all of the balance of the allegations stated therein.

27   //

28   //

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

1
2

**FIRST CAUSE OF ACTION**
**(Federal Unfair Competition under 15 U.S.C. § 1125(a))**

3    25.    In response to Paragraph 25 of the Complaint, Defendant re-alleges and

4    incorporates by reference Paragraphs 1 through 24, inclusive, of this Answer as though fully set

5    forth herein.

6    26.    In response to Paragraph 26 of the Complaint, Defendant denies that there has

7    been any willful or otherwise infringing use of Plaintiff's alleged service mark and trade name,

8    further denies the subject of the allegations of her mark and Plaintiff's trade name likely to cause

9    confusion as being the product of conjecture and/or subjective characterizations by Plaintiff,

10   further denies that any damage or harm has been caused to Plaintiff according to the allegations

11   set forth in the Complaint as a consequence of any acts of or omissions to act by her, and further

12   denies that Plaintiff is entitled to any relief against her as alleged in the Complaint..  Except as so

13   expressly denied, Defendant is without knowledge or information sufficient to form a belief as to

14   each and all of the balance of the allegations therein, and, for that reason, denies each and all of

15   the balance of the allegations stated therein.

16
17

**SECOND CAUSE OF ACTION**
**(State Unfair Competition under Cal. Bus. & Prof. Code § 17200)**

18   27.    In response to Paragraph 27 of the Complaint, Defendant re-alleges and

19   incorporates by reference Paragraphs 1 through 26, inclusive, of this Answer as though fully set

20   forth herein.

21   28.    In response to Paragraph 28 of the Complaint, Defendant denies each and all of

22   the allegations stated therein.

23
24

**THIRD CAUSE OF ACTION**
**(False or Misleading Statements under Cal. Bus. & Prof. Code § 17500)**

25   29.    In response to Paragraph 29 of the Complaint, Defendant re-alleges and

26   incorporates by reference Paragraphs 1 through 28, inclusive, of this Answer as though fully set

27   forth herein.

28

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113
Page 7

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

30.     In response to Paragraph 30 of the Complaint, Defendant denies each and all of the allegations stated therein.

## FOURTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

31.     In response to Paragraph 31 of the Complaint, Defendant re-alleges and incorporates by reference Paragraphs 1 through 30, inclusive, of this Answer as though fully set forth herein.

32.     In response to Paragraph 32 of the Complaint, Defendant denies each and all of the allegations stated therein.

## PRAYER FOR RELIEF

With respect to Plaintiff's prayers for relief and for judgment, Defendant denies that Plaintiff has been or will be damaged as alleged in the Complaint by reason of any acts of or omissions to act by her, and further denies that Plaintiff is entitled to any relief against Defendant as alleged in the Complaint.

In addition to the foregoing responses to the numbered Paragraphs of the Complaint and to the Prayer, Defendant denies each and every other allegation set forth in the Complaint not specifically admitted or denied by it.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing Answer and as further separate and additional defenses to the allegations set forth in the Complaint, Defendant sets forth the following thirty-seven affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Venue is not proper against Defendant in this district in that she does not regularly transact business, and has not regularly transacted business, within this district.

## SECOND AFFIRMATIVE DEFENSE

On or about June 6, 2007, Plaintiff filed with the PTO an application to register its trade name, "WINE SCOUT", as a trademark solely in International Class 35.  In that application, Plaintiff, under oath, described its business being conducted under that trade name solely as

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 8

1   "[m]ail order catalog services featuring wine; online retail store services featuring wine;

2   providing information and advice to mail order catalog and online retail store customers

3   concerning the purchase of wine."  At no time has Defendant ever (i) engaged in any business

4   involving a mail order catalog service featuring wine; (ii) owned or operated online retail store

5   services featuring wine; or (iii) provided information and advice to mail order catalog and online

6   retail store customers concerning the purchase of wine.  Rather, Defendant's business is, and has

7   been, to discover wine tasting adventures along with great tasting wines, discussions of wine

8   trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals

9   and other local sights – all within podcasts that are available to visitors on Defendant's website

10   with the registered domain name of "thewinescout.com" and through other sites and applications

11   (*e.g.*, iTunes) on the Internet.   Accordingly, Plaintiff cannot establish the requisite actual

12   confusion or likelihood of confusion, and, as such, is not thereby entitled to any relief from this

13   Court.

14                 **THIRD AFFIRMATIVE DEFENSE**

15       Contrary to Plaintiff's statements under oath in its filing with the PTO of an application

16   to register the trade name, "WINE SCOUT", as a trademark, Plaintiff alleges in the Complaint

17   that it has used the trade name, "WINE SCOUT", as a négociant, *i.e.*, a wine merchant, and a

18   vintner.  At no time has Defendant ever (i) engaged in any business involving that of a wine

19   merchant; or (ii) a vintner.  Rather, Defendant's business is, and has been, to discover wine

20   tasting adventures along with great tasting wines, discussions of wine trips including where to

21   go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights –

22   all within podcasts that are available to visitors on Defendant's website with the registered

23   domain name of "thewinescout.com" and through other sites and applications (*e.g.*, iTunes) on

24   the Internet.  Accordingly, Plaintiff cannot establish the requisite actual confusion or likelihood

25   of confusion, and, as such, is not thereby entitled to any relief from this Court.

26   *//*

27   *//*

28   *//*

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 9

**FOURTH AFFIRMATIVE DEFENSE**

Contrary to Plaintiff's statements under oath in its filing with the PTO of an application to register the trade name, "WINE SCOUT", as a trademark, Plaintiff's own website describes its sole use of the unregistered trade name, "WINE SCOUT", as:

> WINE SCOUT SERVICES   Your Personal Wine guru.  From the first time you place an order with the Bounty Hunter, you'll develop a relationship with your own Wine Scout.  And that'll be the person you talk with whenever you call. They'll get to know your palate, your interests and your budget.

At no time has Defendant ever engaged in any business involving that of a wine scout in the manner that such trade name is used on Plaintiff's website.  Rather, Defendant's business is, and has been, to discover wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on Defendant's website with the registered domain name of "thewinescout.com" and through other sites and applications (*e.g.*, iTunes) on the Internet.   Accordingly, Plaintiff cannot establish the requisite actual confusion or likelihood of confusion, and, as such, is not thereby entitled to any relief from this Court.

**FIFTH AFFIRMATIVE DEFENSE**

Contrary to Plaintiff's statements under oath in its filing with the PTO of an application to register the trade name, "WINE SCOUT", as a trademark, Plaintiff's own website describes its sole use of the trade name, "WINE SCOUT", as:

> WINE SCOUT SERVICES   Your Personal Wine guru.  From the first time you place an order with the Bounty Hunter, you'll develop a relationship with your own Wine Scout.  And that'll be the person you talk with whenever you call. They'll get to know your palate, your interests and your budget.

By such use of the trade name "WINE SCOUT", Plaintiff has used it, and is using it, in a functional manner to describe a type of service individuals in its employ or under contract to it can offer can offer to its customers absent any allegation whatsoever of that trade name being a mark that has obtained a secondary meaning.  Accordingly, Plaintiff has not and cannot establish

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 10

1    Plaintiff's trade name, "WINE SCOUT", as a mark having the requisite secondary meaning, and,

2    as such, is not thereby entitled to any relief from this Court.

3                          **SIXTH AFFIRMATIVE DEFENSE**

4          Plaintiff's trade name, "WINE SCOUT", is not a famous mark, as such term is defined in

5    the Trademark Dilution Revision Act of 2006 (Lanham Act § 43(c), 15 U.S.C. § 1125(c), (*i.e.*,

6    one that is either inherently distinctive or has acquired a secondary meaning by being "widely

7    recognized by the general consuming public of the United States as a designation of source of the

8    goods or service of the mark's owner"). Accordingly, Plaintiff's trade name, "WINE SCOUT",

9    is not entitled to protection as a famous mark its allegations to the contrary in the Complaint

10   notwithstanding, and, as such, Plaintiff is not entitled to any relief from this Court.

11                        **SEVENTH AFFIRMATIVE DEFENSE**

12         Defendant's mark, "THE WINE SCOUT", was approved for publication as of January

13   23, 2008 by the PTO under 15 U.S.C. § 1062(a) with the PTO thereby having determined there to

14   be an absence of conflict or confusion with the trade name, "WINE SCOUT", as applied for by

15   Plaintiff for trademark registration. Accordingly, Plaintiff has brought this action in bad faith,

16   and, as such, Plaintiff is not entitled to any relief from this Court.

17                         **EIGHTH AFFIRMATIVE DEFENSE**

18         By the PTO publishing for opposition Defendant's trademark, "THE WINE SCOUT, and,

19   in doing so, determining there to be an absence of conflict or confusion with Plaintiff's

20   application for the trade name, "WINE SCOUT", as a trademark that was suspended by the PTO,

21   the use by Defendant of its mark, "THE WINE SCOUT", has not had, and will not have, caused

22   any requisite actual confusion or likelihood of confusion. As such, Plaintiff will be unable to

23   satisfy its burden of proof that Defendant's mark has caused, or will cause, any such actual

24   confusion or likelihood of confusion, and, as such, Plaintiff is not entitled to any relief from this

25   Court.

26   //

27   //

28   //

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 11

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief can be granted, and the Complaint should thereby be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**TENTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief therein, fails to state facts sufficient to establish that Plaintiff has been or will be damaged by reason of any acts of or omissions to act by Defendant, and the Complaint should thereby be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief therein, fails to state facts sufficient to establish that Plaintiff is now or will be entitled to any relief against Defendant, and the Complaint should thereby be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief therein, is uncertain, ambiguous, unintelligible, and the Complaint should thereby be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported claim for relief therein, is the product of conjecture and/or subjective characterizations by Plaintiff, and the Complaint should thereby be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

**FOURTEENTH AFFIRMATIVE DEFENSE**

The purported damages, if any, allegedly suffered by Plaintiff were the result of its failure to adequately, sufficiently, or reasonably mitigate its damages, and, as such, Plaintiff is not entitled to any relief from this Court.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The purported damages, if any, allegedly suffered by Plaintiff resulted from its own acts or omissions, and, as such, Plaintiff is not entitled to any relief from this Court.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 12

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2    The purported damages, if any, allegedly suffered by Plaintiff were proximately caused, if at

3    all, by the acts or omissions of persons and/or entities other than Defendant, and, as such, Plaintiff

4    is not entitled to any relief from this Court.

5

**SEVENTEENTH AFFIRMATIVE DEFENSE**

6    The purported damages, if any, allegedly suffered by Plaintiff resulted from its own

7    carelessness and/or negligence, and, as such, Plaintiff is not entitled to any relief from this Court.

8

**EIGHTEENTH AFFIRMATIVE DEFENSE**

9    The purported damages, if any, allegedly suffered by Plaintiff resulted from the

10    carelessness and/or negligence of persons and/or entities other than Defendant, and, as such,

11    Plaintiff is not entitled to any relief from this Court.

12

**NINETEENTH AFFIRMATIVE DEFENSE**

13    The purported damages, if any, allegedly suffered by Plaintiff were proximately caused, if at

14    all, by its failure to adequately, sufficiently, or reasonably mitigate the circumstances for which it

15    now seeks such damages, and by the doctrine of avoidable consequences, and, as such, Plaintiff is

16    not entitled to any relief from this Court.

17

**TWENTIETH AFFIRMATIVE DEFENSE**

18    The purported damages, if any, allegedly suffered by Plaintiff were proximately caused, if

19    at all, by events over which Defendant had no control and for which it is not responsible, and, as

20    such, Plaintiff is not entitled to any relief from this Court.

21

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

22    The purported damages, if any, allegedly suffered by Plaintiff are speculative, and, as

23    such, Plaintiff is not entitled to any relief from this Court.

24

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

25    The purported damages alleged by Plaintiff are barred by the doctrine of assumption of

26    risk, and, as such, Plaintiff is not entitled to any relief from this Court.

27    //

28    //

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 13

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrines of partial and/or total frustration of purpose, and, as such, Plaintiff is not entitled to any relief from this Court.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrine of impossibility of performance, and, as such, Plaintiff is not entitled to any relief from this Court.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrine of impracticability of performance, and, as such, Plaintiff is not entitled to any relief from this Court.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrine of waiver, and, as such, Plaintiff is not entitled to any relief from this Court.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrine of estoppel, and, as such, Plaintiff is not entitled to any relief from this Court.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrine of acquiescence, and, as such, Plaintiff is not entitled to any relief from this Court.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The acts and conduct of Plaintiff in connection with its trade name and Defendant's mark, as alleged in the Complaint, are a part of a broader scheme by it of trademark misuse and unfair competition against Defendant to drive it out of the wine business generally despite the fact that Plaintiff has not engaged in any of the business activities in which Defendant has and now engages. Therefore, each of the purported claims for relief of Plaintiff in the Complaint is barred by the doctrine of unclean hands, and, as such, Plaintiff is not entitled to any relief from this

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 14

Court.

## THIRTIETH AFFIRMATIVE DEFENSE

As part of such broader scheme by Plaintiff of trademark misuse and unfair competition against Defendant, Plaintiff's acts and conduct in seeking relief from this Court rather than seeking a remedy from the PTO and/or the Trademark Trial and Appellate Board constitutes inequitable conduct by it, and, as such, Plaintiff is not entitled to any relief from this Court.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As part of such broader scheme by Plaintiff of trademark misuse and unfair competition against Defendant, Plaintiff's acts and conduct constitute fraud on the PTO in the prosecution of its application to register and/or use of the trademark, "WINE SCOUT", and, as such, Plaintiff is not entitled to any relief from this Court.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As part of such broader scheme by Plaintiff of trademark misuse and unfair competition against Defendant, its acts and conduct are a specific defense to the incontestability of any rights it professes to have in the trade name, "WINE SCOUT", as a trademark, and, as such, Plaintiff is not entitled to any relief from this Court.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As part of such broader scheme by Plaintiff of trademark misuse and unfair competition against Defendant, Plaintiff seeks to link in the abstract its use of its trade name, "WINE SCOUT", with Defendant's use of the trademark, "THE WINE SCOUT", without regard to the any requisite demonstrated confusion or likelihood of confusion arising from how such trade name and trademark are actually used in real world settings, and, as such, Plaintiff is not entitled to any relief from this Court.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As part of such broader scheme by Plaintiff of trademark misuse and unfair competition against Defendant, Plaintiff seeks to link in the abstract its use of its trade name, "WINE SCOUT", with Defendant's use of the trademark, "THE WINE SCOUT", where there is no competitive proximity between such trade name and trademark as they are actually used in real

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 15

1    world settings, and, as such, Plaintiff is not entitled to any relief from this Court.

2    **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

3    As part of such broader scheme by Plaintiff of trademark misuse and unfair competition

4    against Defendant, Plaintiff's conduct in connection therewith clearly evidences an attempt by

5    Plaintiff to monopolize and/or restrain trade in the markets in which Defendant has, and is,

6    engaged in business despite Plaintiff never having engaged in such markets, and, as such,

7    Plaintiff is not entitled to any relief from this Court.

8    **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

9    Any acts or omissions to act by Defendant concerning an interest in any trade name or

10    purported trademark of Plaintiff were done with an innocent intent, and, as such, Plaintiff is not

11    entitled to any relief from this Court.

12    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

13    Any recovery by Plaintiff under the Complaint is barred because the Complaint was

14    commenced by Plaintiff against Defendant in bad faith.

15    Defendant reserves the right to amend this Answer to assert any and all additional defenses

16    as they may become available or apparent during discovery and preparation for trial.

17    WHEREFORE, Defendant prays for judgment as follows:

18    1.    That the relief sought in the Complaint against Defendant be denied;

19    2.    That Plaintiff take nothing from Defendant by reason of the Complaint;

20    3.    That the Complaint be dismissed in its entirety with prejudice;

21    4.    That Defendant be awarded the attorneys' fees and costs her incurred in defending

22    this action;

23    5.    That Defendant be granted her costs of suit; and

24    6.    For such other and further relief as the Court may deem just and proper.

25    DATED:  February 29, 2008          BUSINESS & TECHNOLOGY LAW GROUP

26

27    By:    _/s/ Stephen N. Hollman_
              Stephen N. Hollman,
              Attorneys for Defendant,
28            PATRICIA CROWELL

## <u>JURY DEMAND</u>

1

2    Defendant, PATRICIA CROWELL, respectfully demands a jury trial.

3

4    DATED:  February 29, 2008              BUSINESS & TECHNOLOGY LAW GROUP

5

6                                          By:     _/s/ Stephen N. Hollman_
                                                   Stephen N. Hollman,
7                                                  Attorneys for Defendant,
                                                   PATRICIA CROWELL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
ANSWER TO COMPLAINT AND
DEMAND FOR JURY TRIAL

Page 17