1  STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 055219
   Business & Technology Law Group
2  160 W. Santa Clara Street, Suite 1050
   San Jose, CA 95113
3  Telephone (408) 282-1949
   Facsimile (408) 275-9930
4
   Attorneys for Counterclaimant,
5  PATRICIA CROWELL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINE SCOUT INTERNATIONAL,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICIA CROWELL,<br><br>    Defendant. | CASE NO. C 07 05930 JSW<br><br>**COUNTERCLAIM FOR**<br>**DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Electronic digital signatures permitted] |
| PATRICIA CROWELL,<br><br>    Counterclaimant,<br><br>vs.<br><br>WINE SCOUT INTERNATIONAL,<br><br>    Counterdefendant. | |

PATRICIA CROWELL (hereinafter referred to as "MS. CROWELL"), counterclaims as follows against WINE SCOUT INTERNATIONAL, (hereinafter referred to as "WSI"):

## NATURE OF THE COUNTERCLAIMS

1. This is an action for declaratory judgment that (i) MS. CROWELL's usage of the trademark "THE WINE SCOUT", as approved for publication by the United States Patent & Trademark Office (hereinafter referred to as the "PTO"), in the United States does not infringe

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

Page 1

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

WSI's unregistered trade name "WINE SCOUT"; (ii) MS. CROWELL's usage of the mark "THE WINE SCOUT", as approved for publication by the PTO, in the United States does not entitle WSI to any type of injunctive relief, a monetary award of damages, and/or attorney's fees and costs, as sought by the Complaint; and (iii) WSI will be unable to satisfy its burden of proof that MS. CROWELL's usage of the trademark "THE WINE SCOUT", as approved for publication by the PTO, in the United States has caused, or will cause, any such confusion or likelihood of confusion as is alleged in the Complaint.

## JURISDICTION

2. This Counterclaim (i) arises out of the Complaint alleging violations of 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, Cal. Bus. & Prof. Code § 17500, and California common law for matters relating to the transactions and occurrences that are the subject matter of the purported claims of WSI as it is the plaintiff in the Complaint; and (ii) asserts independent and/or related alternative claims for declaratory judgment.

3. This Court has personal jurisdiction over WSI because it has availed itself of the rights and privileges of this Court by commencing with this Court the action out which this Counterclaim arises.

4. Further, the jurisdiction of this Court over the subject matter of this Counterclaim is predicated on 28 U.S.C. § 1331 based upon the claims in the Complaint under the Lanham Act of 1946, as amended, 15 USC §§ 1051 *et seq.*; 28 U.S.C. §§ 2201, 2202 for claims of declaratory relief; and the principles of supplemental jurisdiction under 28 U.S.C. § 1367(a) providing for supplemental jurisdiction over nonfederal counts that, as here, are for matters relating to the subject matter of the purported claims in the Complaint thereby forming a part of the same case or controversy.

5. To the extent that this Court determines venue to be proper in this District under 28 U.S.C. §§ 1391(b) and (c), then the claims in the Complaint are a substantial part of the events giving rise to this Counterclaim.

//

//

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

Page 2

## THE PARTIES

6. MS. CROWELL is, and was at all times herein mentioned, an individual with a place of business at 11357 Nuckols Road, Glen Allen, Virginia 23059.

7. WSI is a California corporation with a place of business in Napa, County of Napa, California.

## INCORPORATION OF COMPLAINT AND ANSWER

8. MS. CROWELL incorporates herein the Complaint on file in this action solely for its references to the events and occurrences alleged therein by WSI, as it is the plaintiff in the Complaint, and such incorporation in no way constitutes an admission by MS. CROWELL of any of the allegations therein except as specifically set forth in the Answer filed by her, and such Answer is also incorporated herein by MS. CROWELL.

## FACTS GIVING RISE TO THE CONTROVERSIES

9. On or about January 17, 2007, MS. CROWELL filed with the PTO an application to register her trade name, "THE WINE SCOUT", as a trademark in International Class Nos. 9, 35, and 41, and the PTO assigned to that application Serial No. 77084749. Such trademark was approved for publication as of January 23, 2008 by the PTO under 15 U.S.C. 1062(a).

10. On information and belief, MS. CROWELL alleges that subsequent to the Notice of Publication by the PTO but prior to the actual publication, she requested of the PTO that her trademark application be amended by deleting all reference to International Class No. 35.

11. On information and belief, MS. CROWELL alleges that the (i) Trademark Manual of Examination Procedures (hereinafter referred to as "TMEP") 1505.01(a) provides that "[i]f an applicant proposes to amend the identification of goods or services after publication by restricting or deleting items in the existing identification, and the amendment is otherwise proper, the Office will approve the amendment, and the mark will not be republished"; and (ii) Trademark Attorney has indicated that she will be adhering TMEP 1505.01(a) following the close of the publication period.

12. Following the anticipated action under TMEP 1505.01(a) that will delete all reference to International Class No. 35 from MS. CROWELL's trademark application, it will

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

Page 3

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

1  provide for actual use only in (i) International Class No 9 relating to "[d]ownloadable podcasts relating to wines and restaurants distributed by means of a global computer network; and (ii) International Class No. 41 relating to "[c]onducting educational programs relating to wine; educational and entertainment services, namely, podcast programs relating to wine; podcast travel shows relating to wine; online journals, namely, blogs featuring wine", both with a first use in commerce of January 19, 2006.

13.  On or about June 6, 2007, WSI filed with the PTO an application to register its trade name, "WINE SCOUT", as a trademark solely in International Class 35, and the PTO assigned to that application Serial No. 77199035. In that application, WSI, under oath, described its business being conducted under that trade name solely as "[m]ail order catalog services featuring wine; online retail store services featuring wine; providing information and advice to mail order catalog and online retail store customers concerning the purchase of wine." At no time herein relevant has MS. CROWELL ever (i) engaged in any business involving a mail order catalog service featuring wine; (ii) owned or operated online retail store services featuring wine; or (iii) provided information and advice to mail order catalog and online retail store customers concerning the purchase of wine. Rather, MS. CROWELL's business is, and has been at all times herein relevant, to discover wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on MS. CROWELL's website with the registered domain name of "thewinescout.com" and through other sites and applications (*e.g.*, iTunes) on the Internet.

14.  Contrary to WSI's statements under oath in its filing with the PTO of an application to register the trade name, "WINE SCOUT", as a trademark, it alleges in the Complaint that it has used the trade name, "WINE SCOUT", as a négociant, *i.e.*, a wine merchant, and a vintner. At no time herein relevant has MS CROWELL ever (i) engaged in any business involving that of a wine merchant; or (ii) a vintner. Rather, MS. CROWELL's business is, and has been at all times herein relevant, to discover wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels,

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

Page 4

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on MS. CROWELL's website with the registered domain name of "thewinescout.com" and through other sites and applications (*e.g.*, iTunes) on the Internet.

15. Contrary to WSI's statements under oath in its filing with the PTO of an application to register the trade name, "WINE SCOUT", as a trademark, its own website describes its sole use of the unregistered trade name, "WINE SCOUT", as:

> WINE SCOUT SERVICES   Your Personal Wine guru.  From the first time you place an order with the Bounty Hunter, you'll develop a relationship with your own Wine Scout.  And that'll be the person you talk with whenever you call. They'll get to know your palate, your interests and your budget.

At no time herein relevant has MS. CROWELL ever engaged in any business involving that of a wine scout in the manner that such trade name is used and described on WSI's website. Rather, MS. CROWELL's business is, and has been at all times herein relevant, to discover wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on Defendant's website with the registered domain name of "thewinescout.com" and through other sites and applications (*e.g.*, iTunes) on the Internet.

16. On information and belief, MS CROWELL alleges that WSI is not engaged in the business of discovering wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on WSI's website and through other sites and applications on the Internet. Rather, WSI's business is as stated under oath in its application to the PTO register its trade name, "WINE SCOUT" as a trademark and as set forth on its website, both as hereinabove referenced and quoted.

17. WSI's unregistered trade name, "WINE SCOUT", is not a famous mark, as such term is defined in the Trademark Dilution Revision Act of 2006 (Lanham Act § 43(c), 15 U.S.C. § 1125(c), *i.e.*, one that is either inherently distinctive or has acquired a secondary meaning by being "widely recognized by the general consuming public of the United States as a designation of source of the goods or service of the mark's owner".

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

Page 5

18. Through the Complaint, WSI seeks to link in the abstract its use of its unregistered trade name, "WINE SCOUT", with MS. CROWELL's use of her trademark, "THE WINE SCOUT", (i) where there is no competitive proximity between such unregistered trade name and trademark as they are actually used in real world settings; and (ii) without regard to the absence of any requisite demonstrated confusion or likelihood of confusion arising from how such unregistered trade name and trademark are actually used in real world settings.

19. Prior to MS. CROWELL's trademark application being approved for publication by the PTO, WSI's application to register its trade name, "WINE SCOUT" was suspended by the PTO. By MS. CROWELL's trademark application being approved for publication by the PTO, it determined there to be an absence of conflict or confusion between her trademark and WSI's application to register the trade name, "WINE SCOUT", as a trademark.

20. Notwithstanding these demonstrably irrefutable matters, WSI has commenced the Complaint in this action alleging and asserting, *inter alia*, that (i) MS. CROWELL's use in commerce of her trademark, "THE WINE SCOUT", is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of MS. CROWELL with WSI or as to origin, sponsorship, or approval of MS. CROWELL's services or the goods offered in connection therewith in violation of 15 U.S.C. § 1125; (ii) MS. CROWELL's actions constitute unlawful, unfair, or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code § 17200; (iii) MS. CROWELL's actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code § 17500; and (iv) MS. CROWELL's actions constitute trademark infringement and passing off in violation of the common law of California.

21. Despite WSI's negligent, careless, intentional, illegal, and anticompetitive conduct, on information and belief, MS CROWELL alleges that WSI seeks by the Complaint to prevent, inhibit, and/or restrain MS. CROWELL from engaging in business using her trademark, "THE WINE SCOUT", in any aspect of commerce that relates to wine despite WSI not being engaged in the business activities of discovering wine tasting adventures along with great tasting

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

Page 6

wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within podcasts that are available to visitors on WSI's website and through other sites and applications on the Internet.

### FIRST COUNT
(Declaratory Judgment)

22. MS. CROWELL re-alleges and incorporates by reference Paragraphs 1 through 21, inclusive, of this Counterclaim.

23. This count for declaratory judgment is brought pursuant to 28 U.S.C. § 2201.

24. There is a justiciable dispute between the parties as to whether (i) MS. CROWELL is infringing any rights owned by WSI, as alleged in the Complaint; and (ii) the use by MS. CROWELL of her trademark, "THE WINE SCOUT", has caused, and will cause, any confusion or likelihood of confusion with WSI's unregistered trade name, "WINE SCOUT".

25. MS. CROWELL did not adopt, apply to register as a trademark, or use her trademark, "THE WINE SCOUT", with any intent whatsoever of deriving a benefit from the reputation of WSI or any of what is in realty its wholly dissimilar products and services.

26. The nature of the actual and substantial controversies are the allegations and assertions by WSI in the Complaint of its superior right to the words, "WINE SCOUT" despite (i) its inability to obtain a trademark registration therefor from the PTO; (ii) the absence of any competitive proximity between such words and MS. CROWELL's trademark as they are actually used in real world settings; (iii) the absence of any requisite demonstrated confusion or likelihood of confusion arising from how such words and MS. CROWELL's trademark are actually used in real world settings; and (iv) the demonstrated intent of WSI, as corroborated by the allegations and assertions of the Complaint, to prevent, inhibit, and/or restrain MS. CROWELL from engaging in business using her trademark, "THE WINE SCOUT", in any aspect of commerce that relates to wine despite WSI not being engaged in the business activities of discovering wine tasting adventures along with great tasting wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

Page 7

other local sights – all within podcasts that are available to visitors on WSI's website and through other sites and applications on the Internet.

27. As such, (i) MS. CROWELL is not infringing WSI's unregistered trade name of "WINE SCOUT" in the United States; and (ii) WSI will be unable to satisfy its predicate burden of proof that MS. CROWELL's trademark, "THE WINE SCOUT", has caused, or will cause, any such confusion or likelihood of confusion as alleged and asserted in the Complaint.

28. MS. CROWELL is thereby entitled to a judicial declaration that (i) the use by her of the trademark, "THE WINE SCOUT", in the United States does not infringe any interest of WSI in its trade name "WINE SCOUT"; (ii) the use by her of the trademark, "THE WINE SCOUT", in the United States does not entitle WSI to any type of injunctive relief, a monetary award of damages, and/or attorney's fees and costs, as sought by the Complaint; and (iii) WSI will be unable to satisfy its burden of proof that the use by her of the trademark, "THE WINE SCOUT", in the United States has caused, or will cause, any such confusion or likelihood of confusion as is alleged in the Complaint.

**PRAYERS FOR RELIEF**

WHEREFORE, TEQUILA TAZON prays for judgment as follows:

1. **On the First Count (Declaratory Judgment)**

    a. A declaratory judgment that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States does not infringe any interest of WSI in its unregistered trade name "WINE SCOUT";

    b. A declaratory judgment that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States does not entitle WSI to any type of injunctive relief, an award monetary award of damages, and/or attorney's fees and costs, as sought by the Complaint;

    c. A declaratory judgment that WSI will be unable to satisfy its burden of proof that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States has caused, or will cause, any such confusion or likelihood of confusion as is alleged in the Complaint;

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

Page 8

1	d.	Ordering that the Complaint in this action be dismissed with prejudice and judgment be entered in favor of MS. CROWELL;

2	e.	For an award of attorneys' fees and costs to MS. CROWELL as and to the extent permitted by any applicable statute and/or common law; and

3	f.	For such further and other relief as the Court deems just and proper.

DATED: February 29, 2008	BUSINESS & TECHNOLOGY LAW GROUP

By:	*/s/ Stephen N. Hollman*
	Stephen N. Hollman,
	Attorneys for Counterclaimant,
	PATRICIA CROWELL

## JURY DEMAND

Counterclaimant, PATRICIA CROWELL, respectfully demands a jury trial.

DATED: February 29, 2008	BUSINESS & TECHNOLOGY LAW GROUP

By:	*/s/ Stephen N. Hollman*
	Stephen N. Hollman,
	Attorneys for Counterclaimant,,
	PATRICIA CROWELL

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
COUNTERCLAIM AND DEMAND
FOR JURY TRIAL

Page 9