1  STEPHEN N. HOLLMAN, ESQ., STATE BAR NO. 055219
   Business & Technology Law Group
2  160 W. Santa Clara Street, Suite 1050
   San Jose, CA 95113
3  Telephone (408) 282-1949
   Facsimile (408) 275-9930
4
   Attorneys for Counterclaimant and Third Party Plaintiff,
5  PATRICIA CROWELL

6
                        UNITED STATES DISTRICT COURT
7
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9  WINE SCOUT INTERNATIONAL,           )   CASE NO. C 07 05930 JSW
                                        )
10         Plaintiff,                   )
                                        )
11 vs.                                  )   **FIRST AMENDED COUNTERCLAIM
                                        )   AND THIRD PARTY COMPLAINT FOR
                                        )   DECLARATORY JUDGMENT FOR
12 PATRICIA CROWELL,                    )   NONINFRINGEMENT AND FOR
                                        )   FRAUD ON THE TRADEMARK OFFICE
13         Defendant.                   )   AND TRADEMARK MISUSE**
                                        )
14                                      )
                                        )
   PATRICIA CROWELL, an individual     )   **DEMAND FOR JURY TRIAL**
15                                      )
          Counterclaimant,              )
16 vs.                                  )
                                        )   **[Electronic digital signatures permitted]**
17 WINE SCOUT INTERNATIONAL, a         )
   California corporation,              )
18                                      )
          Counterdefendant.             )
19                                      )
                                        )
20 PATRICIA CROWELL, an individual     )
                                        )
21        Third Party Plaintiff,        )
                                        )
22 vs.                                  )
                                        )
23 MARK STEVEN POPE, aka Mark S. Pope and )
   aka Mark Pope, individually and as he does )
24 business under the trade name and style of )
   Bounty Hunter, Bounty Hunter Rare Wine, )
25 and/or Bounty Hunter Rare Wine and   )
   Provisions,                          )
26                                      )
          Third Party Defendant.        )
27                                      )

28

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 1

1  PATRICIA CROWELL (hereinafter referred to as "MS. CROWELL"), (i) counterclaims 2 as follows against WINE SCOUT INTERNATIONAL, a California corporation (hereinafter 3 referred to as "WSI"), the plaintiff in this action; and (ii) files this third party action against 4 MARK STEVEN POPE, aka Mark S. Pope and aka Mark Pope, individually and as he does 5 business under the trade name and style of Bounty Hunter, Bounty Hunter Rare Wine, and/or 6 Bounty Hunter Rare Wine and Provisions (hereinafter collectively referred to as "MR. POPE"):

### NATURE OF THE COUNTERCLAIM AND THIRD PARTY COMPLAINT

8  1.  This Counterclaim and Third Party Complaint arise out matters relating to the 9 transactions and occurrences that are the subject matter of the purported claims of WSI in the 10 Complaint in this action (hereinafter referred to as the "Complaint").

11  2.  This Counterclaim and Third Party Complaint seek relief from the Court for a:

12  a.  Declaratory judgment that (i) MS. CROWELL's usage of her trademark, 13 "THE WINE SCOUT", as approved for publication by the United States Patent & Trademark 14 Office (hereinafter referred to as the "PTO"), in the United States does not infringe WSI's 15 unregistered trade name, "WINE SCOUT"; (ii) WSI will be unable to satisfy the requisite 16 standard of proof that MS. CROWELL's use of her trademark, "THE WINE SCOUT", as 17 approved for publication by the PTO, in the United States has caused, or will cause, any such 18 confusion or likelihood of confusion as is alleged in the Complaint; and (iii) MS. CROWELL's 19 use of her trademark, "THE WINE SCOUT", as approved for publication by the PTO, in the 20 United States does not entitle WSI to any type of injunctive relief, a monetary award of damages, 21 and/or attorney's fees and costs, as sought by the Complaint; and

22  b.  Declaratory judgment that fraud on the PTO and trademark misuse have 23 been committed by WSI and MR. POPE in light of statements made by WSI to the PTO in its 24 application to register the trade name, "WINE SCOUT", concerning the business activities 25 conducted under that trade name, on information and belief at the direction and/or behest of MR. 26 POPE, where such statements made under oath to the PTO underlie the basis for its claims in this 27 action and where it seeks to use that trademark application to counter and block the trademark of 28 MS. CROWELL, and in light of WSI and MR. POPE having publicly iterated completely

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 2

1  differing statements describing such business activities in the Complaint, and contradictory
2  differing and sharply distinguishable statements regarding the purely functional aspect of such
3  business activities of the unregistered trade name, "WINE SCOUT", on the website of WSI's
4  related entity owned by MR. POPE.

## JURISDICTION

6  3.  This Counterclaim and Third Party Complaint (i) arises out of the Complaint
7  alleging violations of 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200, Cal. Bus. & Prof.
8  Code § 17500, and California common law for matters relating to the transactions and
9  occurrences that are the subject matter of the purported claims of WSI as it is the plaintiff in the
10 Complaint; and (ii) asserts related and/or independent claims for declaratory judgment against
11 WSI and MR. POPE.

12  4.  This Court has personal jurisdiction over WSI because it has availed itself of the
13 rights and privileges of this Court by commencing with this Court the action out which this
14 Counterclaim arises.

15  5.  This Court has personal jurisdiction over MR. POPE because he maintains a
16 principal place of business in Napa, County of Napa, California, and because he, directly and/or
17 through his agents, transacted business within this judicial district through the provision of
18 services using the unregistered trade name, "WINE SCOUT", in this judicial district via a
19 nationally accessible Internet website, *http://www.bountyhunterwine.com*.

20  6.  The jurisdiction of this Court over the subject matter of this Counterclaim and
21 Third Party Complaint is predicated on 28 U.S.C. § 1331 based upon the claims in the Complaint
22 under the Lanham Act of 1946, as amended, 15 USC §§ 1051 *et seq.*; 28 U.S.C. §§ 2201, 2202
23 for claims of declaratory relief; the principles of supplemental jurisdiction under 28 U.S.C.
24 § 1367(a) providing for supplemental jurisdiction over nonfederal counts that, as here, are for
25 matters relating to the subject matter of the purported claims in the Complaint thereby forming a
26 //
27 //
28 //

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 3

part of the same case or controversy; Fed.R.Civ.P. Rule 13 providing for a compulsory counterclaim arising out of the transaction or occurrence that is the subject matter of the opposing party's claims; and Fed.R.Civ.P. Rule 14 providing for the service of a summons and complaint on a nonparty who is or may be liable to it for all or part of the claims of the opposing party.

7. To the extent that this Court determines venue to be proper in this District under 28 U.S.C. §§ 1391(b) and (c), then the claims in the Complaint are a substantial part of the events alleged and asserted in this Counterclaim and Third Party Complaint.

## THE PARTIES

8. MS. CROWELL is, and was at all times herein relevant, an individual with a place of business at 11357 Nuckols Road, Glen Allen, Virginia 23059.

9. WSI is, and was at all times herein relevant, a California corporation with a place of business in Napa, County of Napa, California.

10. MR. POPE is, and was at all times herein relevant, an individual doing business as Bounty Hunter, Bounty Hunter Rare Wines, and/or Bounty Hunter Rare Wines and Provisions, is the registered agent for process of service of WSI, as evidenced by publicly available records of the California Secretary of State, and, on information and belief, MR. POPE is an officer, director, and/or shareholder of WSI.

## INCORPORATION OF COMPLAINT AND ANSWER

11. MS. CROWELL incorporates herein the Complaint solely for its references to the events and occurrences alleged therein by WSI, and such incorporation in no way constitutes an admission by MS. CROWELL of any of the allegations or assertions therein except as specifically set forth in the Answer filed by her in this action, and such Answer is also incorporated herein by MS. CROWELL.

//
//
//
//

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 4

**FACTS GIVING RISE TO THE CONTROVERSIES**

12. On or about January 17, 2007, MS. CROWELL filed with the PTO an application to register her trade name, "THE WINE SCOUT", as a trademark in International Class Nos. 9, 35, and 41, and the PTO assigned to that application Serial No. 77084749.

13. As alleged in the Complaint, in an effort to counter MS. CROWELL's application with the PTO to register her trade name, "THE WINE SCOUT", as a trademark, WSI, on information and belief at the direction and/or behest of MR. POPE, on or about June 6, 2007 filed with the PTO an application to register its trade name, "WINE SCOUT", as a trademark in International Class No. 35, and the PTO assigned to that application Serial No. 77199035.

14. WSI's unregistered trade name, "WINE SCOUT", is not a famous mark, as such term is defined in the Trademark Dilution Revision Act of 2006 (Lanham Act § 43(c), 15 U.S.C. § 1125(c), *i.e.*, one that is either inherently distinctive or has acquired a secondary meaning by being "widely recognized by the general consuming public of the United States as a designation of source of the goods or service of the mark's owner".

15. MS. CROWELL's trademark application was approved for publication by the PTO as of January 23, 2008 under 15 U.S.C. 1062(a). By so doing, the PTO determined there to be an absence of conflict or confusion between her trademark and WSI's application to register the trade name, "WINE SCOUT", as a trademark. Accordingly, the PTO suspended WSI's application to register its trade name, "WINE SCOUT" as a trademark.

16. On information and belief, MS. CROWELL alleges that subsequent to the Notice of Publication by the PTO but prior to the actual publication, she caused to be requested of the PTO that her trademark application be amended by deleting all reference to International Class No. 35.

17. On information and belief, MS. CROWELL alleges that the (i) Trademark Manual of Examination Procedures (hereinafter referred to as "TMEP") 1505.01(a) provides that "[i]f an applicant proposes to amend the identification of goods or services after publication by restricting or deleting items in the existing identification, and the amendment is otherwise proper, the Office will approve the amendment, and the mark will not be republished"; and
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 5

1  (ii) Trademark Attorney has indicated that she will be adhering TMEP 1505.01(a) following the close of the publication period.

18.     Following the anticipated action under TMEP 1505.01(a) that will delete all reference to International Class No. 35 from MS. CROWELL's trademark application, that trademark will provide for actual use only in (i) International Class No 9 relating to "[d]ownloadable podcasts relating to wines and restaurants distributed by means of a global computer network; and (ii) International Class No. 41 relating to "[c]onducting educational programs relating to wine; educational and entertainment services, namely, podcast programs relating to wine; podcast travel shows relating to wine; online journals, namely, blogs featuring wine".

19.     Notwithstanding these demonstrably irrefutable matters, WSI, on information and belief at the direction and/or behest of MR. POPE, filed the Complaint alleging and asserting, *inter alia*, that (i) MS. CROWELL's use in commerce of her trademark, "THE WINE SCOUT", is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of MS. CROWELL with WSI or as to origin, sponsorship, or approval of MS. CROWELL's services or the goods offered in connection therewith in violation of 15 U.S.C. § 1125; (ii) MS. CROWELL's actions constitute unlawful, unfair, or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code § 17200; (iii) MS. CROWELL's actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code § 17500; and (iv) MS. CROWELL's actions constitute trademark infringement and passing off in violation of the common law of California.

20.     WSI, on information and belief at the direction and/or behest of MR. POPE, have repeatedly stated that its intention is to prevent, inhibit, and/or restrain MS. CROWELL from engaging in business using her trademark, "THE WINE SCOUT", in any aspect of commerce whatsoever that relates to wine despite neither WSI nor MR. POPE being, nor at any time herein relevant having been, engaged in the business activities conducted by MS. CROWELL of discovering wine tasting adventures featuring great tasting wines, discussions of wine trips

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 6

1  including where to go, what to do, restaurants, hotels, wineries and vineyards, wine festivals and
2  other local sights – all within podcasts that are available to visitors on her website and through
3  other sites and applications on the Internet.

4      21.    In its application filed with the PTO under oath, WSI, on information and belief at
5  the direction and/or behest of MR. POPE, described its business being conducted under that trade
6  name solely as "[m]ail order catalog services featuring wine; online retail store services featuring
7  wine; providing information and advice to mail order catalog and online retail store customers
8  concerning the purchase of wine."  Neither now nor at any time herein relevant has MS.
9  CROWELL engaged in any business activity involving a mail order catalog services featuring
10 wine; an online retail store services featuring wine; or providing information and advice to mail
11 order catalog and online retail store customers concerning the purchase of wine, and WSI will be
12 wholly unable to satisfy the requisite standard of proof to establish same.

13     22.    Contrary to WSI's statements under oath in its filing with the PTO, on
14 information and belief at the direction and/or behest of MR. POPE, of an application to register
15 the trade name, "WINE SCOUT", as a trademark, it alleged in the Complaint, on information and
16 belief at the direction and/or behest of MR. POPE, that it has used the trade name, "WINE
17 SCOUT", as a négociant, *i.e.*, a wine merchant, and a vintner.  Neither now nor at any time
18 herein relevant has MS. CROWELL engaged in any business activity involving a wine merchant
19 or a vintner, and WSI will be wholly unable to satisfy the requisite standard of proof to establish
20 same.

21     23.    Contrary to WSI's statements under oath in its filing with the PTO, on
22 information and belief at the direction and/or behest of MR. POPE, of an application to register
23 the trade name, "WINE SCOUT", as a trademark, the website of WSI's related entity owned by
24 MR. POPE describes the sole use of the unregistered trade name, "WINE SCOUT", as a
25 completely and dramatically different functional use as follows:

26     WINE SCOUT SERVICES  Your Personal Wine guru.  From the first
       time you place an order with the Bounty Hunter, you'll develop a
27     relationship with your own Wine Scout. And that'll be the person you talk
       with whenever you call. They'll get to know your palate, your interests and
28     your budget.

Business & Technology Law Group  
160 W. Santa Clara Street, Suite 1050  
San Jose, CA 95113  

CASE NO. 07 05930 JSW  
1ST AMENDED COUNTERCLAIM,  
THIRD PARTY COMPLAINT,  
AND DEMAND FOR JURY TRIAL  

Page 7

1   Neither now nor at any time herein relevant has MS. CROWELL engaged in any business
2   activity involving that of a wine scout in the manner that such trade name is used and described
3   in the functional manner on the website of WSI's related entity owned by MR. POPE, and WSI
4   will be wholly unable to satisfy the requisite standard of proof to establish same.

5       24.    Through the Complaint, WSI seeks to link in the abstract use of its unregistered
6   trade name, "WINE SCOUT", with MS. CROWELL's clearly and narrowly described use of her
7   trademark, "THE WINE SCOUT", (i) where there is no competitive proximity between such
8   unregistered trade name and trademark as they are actually used in real world settings;
9   (ii) without regard to the absence of any requisite demonstrated confusion or likelihood of
10  confusion arising from how such unregistered trade name and trademark are actually used in real
11  world settings; and (iii) ignoring the completely and dramatically different use of the unregistered
12  trade name, "WINE SCOUT", as set forth in the Complaint and as specifically described in detail
13  on the website of WSI's related entity owned by MR. POPE, as hereinabove set forth.

14      25.    On information and belief, MS CROWELL alleges that neither WSI nor MR.
15  POPE are, or at any time herein relevant been, engaged in the activities she conducts using her
16  trademark, "THE WINE SCOUT", of the business of discovering wine tasting adventures
17  featuring great tasting wines, discussions of wine trips including where to go, what to do,
18  restaurants, hotels, wineries and vineyards, wine festivals and other local sights – all within
19  podcasts that are available to visitors on her website and through other sites and applications on
20  the Internet.  Rather, WSI's business is either as stated under oath in its application to the PTO
21  register its trade name, "WINE SCOUT" as a trademark, in the Complaint a négociant and a
22  vintner, and/or the completely and dramatically different use of the unregistered trade name,
23  "WINE SCOUT", as specifically described in detail on the website of WSI's related entity owned
24  by MR. POPE of the functional manner in which such trade name is used, as hereinabove set
25  forth.  In no instance are any of the three statements of the business of WSI in any respect
26  whatsoever remotely descriptive of or related to MS. CROWELL's business, as hereinabove set
27  forth.
28  //

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 8

**FIRST COUNT**
(Declaratory Judgment for Non-Infringement of Trademark)

26. MS. CROWELL re-alleges and incorporates by reference Paragraphs 1 through 25, inclusive, of this Counterclaim and Third Party Complaint.

27. This count for declaratory judgment is brought pursuant to 28 U.S.C. § 2201.

28. There are actual, substantial, and justiciable controversies among the parties as to whether (i) MS. CROWELL is infringing any rights of WSI, as alleged in the Complaint; (ii) the use by MS. CROWELL of her trademark, "THE WINE SCOUT", has not caused, and will not cause, any confusion or likelihood of confusion with WSI's unregistered trade name, "WINE SCOUT" given its completely differing statements describing such business activities in the Complaint and the sharply distinguishable statements regarding the purely functional aspect of such business activities on the website of WSI's related entity owned by MR. POPE, both of which contradict and do violence to the definition of use made under oath to the PTO by WSI, on information and belief at the direction and/or behest of MR. POPE; and (iii) WSI will thereby be unable to satisfy the requisite standard of proof that MS. CROWELL's use of her trademark, "THE WINE SCOUT", as approved for publication by the PTO, in the United States has caused, or will cause, any such confusion or likelihood of confusion.

29. The nature of the actual, substantial, and justiciable controversies are the allegations and assertions by WSI in the Complaint of its superior right to the unregistered trade name, "WINE SCOUT", despite (i) its inability to obtain a trademark registration therefor from the PTO; (ii) the absence of any competitive proximity between such words and MS. CROWELL's use of her trademark as they each are actually used in real world settings; (iii) the absence of any requisite demonstrated confusion or likelihood of confusion arising from how such words and MS. CROWELL's use of her trademark are actually used in real world settings; and (iv) the demonstrated intent of WSI, as corroborated by the allegations and assertions of the Complaint, on information and belief at the direction and/or behest of MR. POPE, are to prevent, inhibit, and/or restrain MS. CROWELL from engaging in business using her trademark, "THE WINE SCOUT", in any aspect of commerce that relates in any manner to wine despite neither WSI or MR. POPE being, nor at any time herein relevant having been, engaged in MS.

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 9

1  CROWELL's business activities of discovering wine tasting adventures featuring great tasting
2  wines, discussions of wine trips including where to go, what to do, restaurants, hotels, wineries
3  and vineyards, wine festivals and other local sights – all within podcasts that are available to
4  visitors on her website and through other sites and applications on the Internet.

5   30.    As such, WSI will be wholly unable to satisfy the requisite standard of proof, that
6  MS. CROWELL adopted, applied to register as a trademark, and/or used her trademark, "THE
7  WINE SCOUT", with an intent of deriving a benefit from the reputation of WSI or MR. POPE or
8  any of the completely differing statements describing such business activities in the Complaint
9  and the sharply distinguishable statements regarding the purely functional aspect of such business
10 activities on the website of WSI's related entity owned by MR. POPE, both of which contradict
11 and do violence to the definition of use made under oath to the PTO by WSI, on information and
12 belief at the direction and/or behest of MR. POPE.

13  31.    MS. CROWELL desires a judicial determination and declaration of the respective
14 rights and duties among of the parties hereto.  Such a determination and declaration is necessary
15 appropriate at this time in order that the parties herein may ascertain their respective rights and
16 duties that (i) the use by her of the trademark, "THE WINE SCOUT", in the United States does
17 not infringe any interest of WSI in its trade name, "WINE SCOUT"; (ii) the use by her of the
18 trademark, "THE WINE SCOUT", in the United States does not entitle WSI to any type of
19 injunctive relief, a monetary award of damages, and/or attorney's fees and costs, as sought by the
20 Complaint; and (iii) WSI will be unable to satisfy the requisite standard of proof that the use by
21 her of the trademark, "THE WINE SCOUT", in the United States has caused, or will cause, any
22 such confusion or likelihood of confusion as is alleged in the Complaint.

### SECOND COUNT
(Declaratory Judgment for Fraud on the Trademark Office)

32.    MS. CROWELL re-alleges and incorporates by reference Paragraphs 1 through 31, inclusive, of this Counterclaim and Third Party Complaint.

33.    There are actual, substantial, and justiciable controversies among the parties as to whether (i) MS. CROWELL is infringing any rights of WSI, as alleged in the Complaint given its

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 10

1  contradictory definitions of use in the Complaint and on the website of WSI's related entity
2  owned by MR. POPE.

3      34.    The nature of the actual, substantial, and justiciable controversies are the
4  allegations and assertions by WSI in the Complaint of its superior right to the unregistered trade
5  name, "WINE SCOUT", despite its completely differing statements describing such business
6  activities in the Complaint and the sharply distinguishable statements regarding the purely
7  functional aspect of such business activities on the website of WSI's related entity owned by MR.
8  POPE, both of which contradict and do violence to the definition of use made under oath to the
9  PTO by WSI, on information and belief at the direction and/or behest of MR. POPE.

10     35.    The Trademark Trial and Appeal Board has repeatedly ruled that an applicant,
11 such as WSI, is presumed guilty of fraud for conduct of including or omitting to include a
12 description of goods or service in which the proposed mark is used just as here, where there are
13 contradictory definitions of use in the Complaint and on the website of WSI's related entity
14 owned by MR. POPE, both of which contradict and do violence to the definition of use made
15 under oath to the PTO by WSI, on information and belief at the direction and/or behest of MR.
16 POPE.

17     36.    In light of (i) the effort by WSI, on information and belief at the direction and/or
18 behest of MR. POPE, to counter and block MS. CROWELL's application with the PTO to
19 register her trade name, "THE WINE SCOUT", as a trademark, by using its June 6, 2007 filing
20 with the PTO of an application to register its trade name, "WINE SCOUT", as a trademark; and
21 (ii) the completely differing statements describing such business activities in the Complaint and
22 the sharply distinguishable statements regarding the purely functional aspect of such business
23 activities on the website of WSI's related entity owned by MR. POPE, both of which contradict
24 and do violence to the definition of use made under oath to the PTO by WSI, on information and
25 belief at the direction and/or behest of MR. POPE, such conduct of WSI and MR. POPE
26 constitute fraud of the PTO and trademark misuse.

27     36.    MS. CROWELL desires a judicial determination and declaration of the respective
28 rights and duties among of the parties hereto. Such a determination and declaration is necessary

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 11

1  appropriate at this time in order that the parties herein may ascertain their respective rights and
2  duties that (i) the use by her of the trademark, "THE WINE SCOUT", in the United States does
3  not infringe any interest of WSI in its trade name, "WINE SCOUT"; and (ii) the fraud on the
4  PTO and the trademark misuse by WSI and MR. POPE do not entitle WSI to any type of
5  injunctive relief, a monetary award of damages, and/or attorney's fees and costs, as sought by the
6  Complaint.
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 12

# PRAYERS FOR RELIEF

WHEREFORE, MS. CROWELL prays for judgment in her favor and against WSI and MR. POPE as follows:

1. **On the First Count (Declaratory Judgment for Non-Infringement of Trademark):**

   a. Declaring that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States does not infringe any interest of WSI in its unregistered trade name, "WINE SCOUT";

   b. Declaring that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States does not entitle WSI to any type of injunctive relief, an award monetary award of damages, and/or attorney's fees and costs, as sought by the Complaint;

   c. Declaring that WSI will be unable to satisfy the standard of proof that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States has caused, or will cause, any such confusion or likelihood of confusion as is alleged in the Complaint;

   d. Ordering that the Complaint in this action be dismissed with prejudice and judgment be entered in favor of MS. CROWELL;

   e. Awarding attorneys' fees and costs to MS. CROWELL as and to the extent permitted by any applicable statute and/or common law; and

   f. Granting such further and other relief as the Court deems just and proper.

2. **On the Second Count (Declaratory Judgment for Fraud on the Trademark Office):**

   a. Declaring that the use by MS. CROWELL of the trademark, "THE WINE SCOUT", in the United States does not infringe any interest of WSI in its unregistered trade name, "WINE SCOUT";

   b. Declaring that the fraud on the PTO and the trademark misuse by WSI and MR. POPE do not entitle WSI to any type of injunctive relief, a monetary award of damages, and/or attorney's fees and costs, as sought by the Complaint;

Business & Technology Law Group  
160 W. Santa Clara Street, Suite 1050  
San Jose, CA 95113

CASE NO. 07 05930 JSW  
1ST AMENDED COUNTERCLAIM,  
THIRD PARTY COMPLAINT,  
AND DEMAND FOR JURY TRIAL

Page 13

1          c.    Ordering that the Complaint in this action be dismissed with prejudice and judgment be entered in favor of MS. CROWELL;

        d.    Awarding attorneys' fees and costs to MS. CROWELL as and to the extent permitted by any applicable statute and/or common law; and

        e.    Granting such further and other relief as the Court deems just and proper.

DATED:  March 3, 2008                          BUSINESS & TECHNOLOGY LAW GROUP

                                                By:      */s/ Stephen N. Hollman*
                                                            Stephen N. Hollman,
                                                             Attorneys for Counterclaimant and Third Party Plaintiff, PATRICIA CROWELL

//

## JURY DEMAND

Counterclaimant and Third Party Plaintiff, PATRICIA CROWELL, respectfully demands a jury trial.

DATED:  March 3, 2008                          BUSINESS & TECHNOLOGY LAW GROUP

                                                By:      */s/ Stephen N. Hollman*
                                                             Stephen N. Hollman,
                                                             Attorneys for Counterclaimant and Third Party Plaintiff, PATRICIA CROWELL

Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113

CASE NO. 07 05930 JSW
1ST AMENDED COUNTERCLAIM,
THIRD PARTY COMPLAINT,
AND DEMAND FOR JURY TRIAL

Page 14