1  J. SCOTT GERIEN, State Bar No. 184728
   MEGAN FERRIGAN HEALY, State Bar No. 229177
2  DICKENSON, PEATMAN & FOGARTY
   809 Coombs Street
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Plaintiff
   WINE SCOUT INTERNATIONAL

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  Wine Scout International,<br>12         Plaintiff,<br>       vs.<br>13  Patricia Crowell,<br>14         Defendant. | CASE NO. C07 05930 JW<br><br>**WINE SCOUT INTERNATIONAL'S ANSWER TO FIRST AMENDED COUNTERCLAIM** |
| 15<br>16  Patricia Crowell, an individual<br>              Counterclaimant<br>17         vs.<br>18  Wine Scout International, a California corporation,<br>19         Counterdefendant. | |
| 20<br>21  Patricia Crowell, an individual<br>22         Third Party Plaintiff,<br>       vs.<br>23  Mark Steven Pope, aka Mark S. Pope and aka Mark Pope, individually an as he does business under the trade name and style of Bounty Hunter, Bounty Hunter Rare Wine, and/or Bounty Hunter Rare Wine and Provisions,<br>              Third Party Defendant. | |

27

Plaintiff and Counterdefendant, Wine Scout International, ("Wine Scout"), by its undersigned attorneys, as and for its Answer to the First Amended Counterclaim, alleges as follows:

1. Answering Paragraph 1 of the First Amended Counterclaim, Wine Scout admits the allegations contained therein.

2. Answering Paragraph 2 of the First Amended Counterclaim, the nature of the relief sought by Defendant and Counterclaimant, Patricia Crowell ("Crowell") as set forth in Paragraph 2 speaks for itself and Wine Scout denies that Crowell is entitled to the relief requested.

3. Answering Paragraph 3 of the First Amended Counterclaim, Wine Scout admits that the contents of subsection (i) and states that subsection (ii) speaks for itself and Wine Scout denies that Crowell is entitled to the relief based on such claims.

4. Answering Paragraph 4 of the First Amended Counterclaim, Wine Scout admits the contents therein.

5. Answering Paragraph 5 of the First Amended Counterclaim, Wine Scout admits that Mr. Pope is employed in Napa County, California and denies the remaining allegations contained therein.

6. Answering Paragraph 6 of the First Amended Counterclaim, Wine Scout admits to the jurisdiction of the Court over the Counterclaim.

7. Answering Paragraph 7 of the First Amended Counterclaim, the content of the paragraph in incomprehensible and states a legal conclusion and on such basis Wine Scout denies the allegations contained therein.

8. Answering Paragraph 8 of the First Amended Counterclaim, Wine Scout is without knowledge as to the allegations contained therein and on such basis denies such allegations.

9. Answering Paragraph 9 of the First Amended Counterclaim, Wine Scout admits the allegations contained therein.

10. Answering Paragraph 10 of the First Amended Counterclaim, Wine Scout denies that Mr. Pope is an individual doing business as Bounty Hunter, Bounty Hunter Rare Wines, and/or Bounty Hunter Rare Wines and Provisions, and otherwise admits the remaining allegations contained therein.

11. Answering Paragraph 11 of the First Amended Counterclaim, Paragraph 11 speaks for itself and requires neither an admission or denial.

12. Answering Paragraph 12 of the First Amended Counterclaim, based upon information and belief as reflected by the records of the U.S. Patent and Trademark Office (USPTO), Wine Scout admits that Crowell filed a the alleged trademark application, but denies that the the application was to register a trade name.

13. Answering Paragraph 13 of the First Amended Counterclaim, Wine Scout admits that it filed the service mark application Serial No. 77199035 and denies the remaining allegations contained therein.

14. Answering Paragraph 14 of the First Amended Counterclaim, Wine Scout denies the allegations contained therein.

15. Answering Paragraph 15 of the First Amended Counterclaim, Wine Scout admits, upon information and belief based upon review of the USPTO database, that Crowell's trademark/service mark application was approved for publication on January 23, 2008, admits that the USPTO has suspended Wine Scout's service mark application for WINE SCOUT, and denies the remaining allegations contained therein.

16. Answering Paragraph 16 of the First Amended Counterclaim, Wine Scout is without sufficient information to admit or deny the allegation contained therein and on such basis denies the allegation.

17. Answering Paragraph 17 of the First Amended Counterclaim, Wine Scout admits the stated content of the TMEP, but otherwise denies the remaining allegations contained therein.

18. Answering Paragraph 18 of the First Amended Counterclaim, Wine Scout denies the allegations contained therein to the extent the allegations are based upon a hypothetical rather than factual situation.

19. Answering Paragraph 19 of the First Amended Counterclaim, Wine Scout admits the allegations of the Complaint stated therein and otherwise denies all remaining allegations included in Paragraph 19.

20. Answering Paragraph 20 of the First Amended Counterclaim, Wine Scout admits that its intent is to prohibit, inhibit and/or restrain Crowell from using the name or any mark encompassing the term WINE SCOUT on or in association with wine or wine-related goods or services based upon Wine Scout's prior service mark rights in the WINE SCOUT mark, and otherwise denies the remaining allegations.

21. Answering Paragraph 21 of the First Amended Counterclaim, Wine Scout admits the services description of its service mark application for WINE SCOUT, is without knowledge as to all of the goods and services under which Crowell uses THE WINE SCOUT mark, and on such basis denies the allegations in the second sentence of the paragraph describing the services with which Crowell does not use the mark, and denies all remaining allegations.

22. Answering Paragraph 22 of the First Amended Counterclaim, Wine Scout admits that it uses and has used the trade name Wine Scout, is without knowledge as to all business activities with which Crowell uses and has used THE WINE SCOUT name and mark, and on such basis denies the allegations in the second sentence of the paragraph describing the business activities with which Crowell does not use the name and mark, and denies all remaining allegations.

23. Answering Paragraph 23 of the First Amended Counterclaim, Wine Scout admits to the accuracy of the cited content from its web site, is without knowledge as to all business activities with which Crowell uses and has used THE WINE SCOUT name and mark, and on such basis denies the allegations in the second sentence of the paragraph describing the business activities with which Crowell does not use the name and mark, and denies all remaining allegations.

24. Answering Paragraph 24 of the First Amended Counterclaim, Wine Scout admits that its complaint alleges violation of Wine Scout's trade name rights in Wine Scout by Crowell, and denies the remaining allegations in Paragraph 24.

25. Answering Paragraph 23 of the First Amended Counterclaim, Wine Scout admits that it has not offered podcasts about wine tasting or wine trips under its WINE SCOUT mark, admits it is using WINE SCOUT as a trade name as a negociant and vintner and denies the remaining allegations in Paragraph 25.

26. Answering Paragraph 26 of the First Amended Counterclaim, Wine Scout re-alleges and incorporates by reference its responses to Paragraphs 1 through 25 of the First Amended Counterclaim.

27. Answering Paragraph 27 of the First Amended Counterclaim, the allegation speaks for itself.

28. Answering Paragraph 28 of the First Amended Counterclaim, Wine Scout admits that there are justiciable controversies between Wine Scout and Crowell, but denies the remaining allegations.

29. Answering Paragraph 29 of the First Amended Counterclaim, Wine Scout admits that the justiciable controversies relate to the allegations in the Complaint and its intent to prevent Crowell from using THE WINE SCOUT on wine or wine-related goods or services, but denies the remaining allegations in Paragraph 29.

30. Answering Paragraph 30 of the First Amended Counterclaim, Wine Scout denies the allegations contained therein, and states that Mr. Pope has no individual right in the WINE SCOUT name or mark.

31. Answering Paragraph 31 of the First Amended Counterclaim, Wine Scout denies that the requested declaratory judgment is necessary as the Court's ruling as to Wine Scout's infringement claim will resolve all issues raised by the declaratory judgment action.

32. Answering Paragraph 32 of the First Amended Counterclaim, Wine Scout re-alleges and incorporates by reference its responses to Paragraphs 1 through 31 of the First Amended Counterclaim.

33. Answering Paragraph 33 of the First Amended Counterclaim, Wine Scout admits that there are justiciable controversies between Wine Scout and Crowell as to Crowell's infringement of Wine Scout's mark.

34. Answering Paragraph 34 of the First Amended Counterclaim, Wine Scout admits that there are justiciable controversies between Wine Scout and Crowell as to Crowell's infringement of Wine Scout's trade name rights, but denies the remaining allegations.

35. Answering Paragraph 35 of the First Amended Counterclaim, Wine Scout denies the allegations contained therein.

36. Answering Paragraph 36 of the First Amended Counterclaim, Wine Scout denies the allegations contained therein.

37. Answering the second Paragraph 36 of the First Amended Counterclaim, Wine Scout denies the allegations contained therein.

## AFFRIMATIVE DEFENSES

1. Crowell has failed to state a claim upon which relief can be granted.

2. Even assuming Crowell could show fraud upon the USPTO, which she cannot, Wine Scout's application has not even been published for opposition, thus the claim is not ripe and cannot serve to support the declaratory relief requested.

//
//

## PRAYER FOR RELIEF

WHEREFORE, Wine Scout demands judgment dismissing the Counterclaim, awarding it the costs, expenses, and attorneys' fees it incurs in defending this matter, and awarding it such other relief as the Court deems just and proper.

Dated: 3/24/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Wine Scout International