J. SCOTT GERIEN, ESQ., Bar No. 184728
Dickenson, Peatman & Fogarty
809 Coombs Street
Napa, CA 94559
Telephone:  (707) 252-7122
Facsimile:  (707) 255-6876
Attorneys for Plaintiff,
Counterdefendant, and
Third Party Defendant

STEPHEN N. HOLLMAN, ESQ., Bar No. 55219
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113
Telephone:  (408) 282-1949
Facsimile:  (408) 275-9930
Attorneys for Defendant,
Counterclaimant, and
Third Party Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINE SCOUT INTERNATIONAL,<br><br>     Plaintiff,<br><br>vs.<br><br>PATRICIA CROWELL,<br><br>     Defendant. | **CASE NO. C 07 05930 JSW**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>**Date:   April 25, 2008**<br>**Time:   1:30 p.m.**<br>**Place:   17th Floor, Courtroom 2**<br>**Judge:  Hon. Jeffrey S. White**<br><br>**[Electronic digital signatures permitted]** |
| PATRICIA CROWELL, an individual<br><br>     Counterclaimant,<br>vs.<br><br>WINE SCOUT INTERNATIONAL, a California corporation,<br><br>     Counterdefendant. | |
| PATRICIA CROWELL, an individual<br><br>     Third Party Plaintiff,<br><br>vs.<br><br>MARK STEVEN POPE, aka Mark S. Pope and aka Mark Pope, individually and as he does business under the trade name and style of Bounty Hunter, Bounty Hunter Rare Wine, and/or Bounty Hunter Rare Wine and Provisions,<br><br>     Third Party Defendant. | |

Plaintiff and counterdefendant, WINE SCOUT INTERNATIONAL (hereinafter referred to as "Wine Scout"), and third party defendant, MARK STEVEN POPE, aka Mark S. Pope and aka Mark Pope, individually and as he does business under the trade name and style of Bounty Hunter, Bounty Hunter Rare Wine, and/or Bounty Hunter Rare Wine and Provisions (hereinafter referred to as "Pope"), and defendant, counterclaimant, and third party plaintiff, PATRICIA CROWELL (hereinafter referred to as "Crowell"), submit the following Joint Case Management Statement.

**1.    Jurisdiction and Service**

This Court has jurisdiction over the claims of Wine Scout and the counterclaims of Crowell pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising under the Lanham Act; pursuant to 28 U.S.C. §§ 2201, 2202 for Crowell's claims of declaratory relief; and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for the claims arising under the common law and state law.  Crowell asserts that the Court has jurisdiction over the third party claims of Crowell against Pope pursuant to pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising under the Lanham Act, and pursuant to 28 U.S.C. §§ 2201, 2202 for Crowell's claims of declaratory relief.

Wine Scout asserts that venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391 because Crowell is subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

Crowell asserts that she has interposed as the First Affirmative Defense in her Answer that venue is not proper against her in this district in that she does not regularly transact business, and has not regularly transacted business, within this district.

Wine Scout further asserts that Crowell, as defendant and counterclaimant, has been served with the Complaint and Answer to Counterclaim.

Crowell further asserts that Wine Scout, as plaintiff and counterdefendant, has been served with the Answer and Counterclaim.

//

Crowell further assets that as of this date Pope was very recently served with the Third Party Summons and Complaint, but has as of the date hereof filed no Answer or other responsive pleading thereto presumably because the due date therefor has not yet occurred.  Pope asserts that Crowell's claims for declaratory judgment claim against Pope are outside of the jurisdiction of the Court as there is no underlying coercive claim arising under federal law which Pope may raise against Crowell.  In the absence of responsive pleadings from Pope, Crowell further preliminarily asserts that her claims against Pope are proper under Fed.R.Civ.P. Rule 14(a)(1) in that Pope "is or may be liable to [Crowell] for all or part of the claim[s] against [her]", and she reserves the right to further supplement her bases for jurisdiction against Pope following his filing of responsive pleadings.

As such, Crowell further asserts that this litigation is not yet at issue.

**2.      Facts**

### *Wine Scout's Position*

Wine Scout is the owner of the distinctive service mark WINE SCOUT for various wine-related services, including mail order catalog services featuring wine, online retail store services featuring wine, and the provision of information and advice to catalog and online retail store customers concerning wine, and is the owner of the trade name Wine Scout International as a négociant and vintner producing wine under various proprietary labels.  Wine Scout has been using its WINE SCOUT mark since as early as December 31, 1996.

Crowell is the owner of an Internet business operated under the service mark THE WINE SCOUT, accessible at http://www.thewinescout.com, through which she offers or has offered promotional services relating to the advertisement and marketing of wine, wineries, wine tasting kits, wine vacations, and other wine-oriented goods and services, provides audio and video podcasts and other downloadable information about wine, and offers educational programs and travel shows related to wine.  Crowell's first use of her THE WINE SCOUT mark is subsequent to Wine Scout's first use of its WINE SCOUT name and mark.

Crowell's THE WINE SCOUT mark is confusingly similar to Wine Scout's WINE SCOUT name and mark given that the marks and the trade name are virtually identical in sight, sound, and

1    meaning, and that the services offered by Crowell under the mark THE WINE SCOUT are highly

2    related to those which Wine Scout offers under its WINE SCOUT name and mark.

3              ***Pope's Position***

4          Pope is the founder and CEO of Wine Scout International and owns stock interest in Wine

5    Scout International.  Pope has no direct ownership interest in the name or mark WINE SCOUT.

6    Pope has not asserted any claims against Crowell as Pope has no ownership interest in the name and

7    mark at issue in this proceeding.

8              ***Crowell's Position***

9          Crowell is the owner of the distinctive mark, THE WINE SCOUT, for (i) downloadable

10   podcasts relating to wines and restaurants distributed by means of a global computer network in

11   International Class No. 9; and (ii) conducting educational programs relating to wine; educational

12   and entertainment services, namely, podcast programs relating to wine; podcast travel shows

13   relating to wine; and online journals, namely, blogs featuring wine, all in International Class No. 41

14   (collectively hereinafter referred to as "The Limited Uses of THE WINE SCOUT Mark").  THE

15   WINE SCOUT mark was approved and published for opposition by the United States Patent &

16   Trademark Office (hereinafter referred to as the "PTO"), but, before a registration could issue, Wine

17   Scout filed an Opposition with the United States Trademark Trial and Appeal Board (hereinafter

18   referred to as the "TTAB").

19         Well subsequent to Crowell's application to register THE WINE SCOUT mark with the

20   PTO, Wine Scout filed an application with the PTO to register its trade name, WINE SCOUT, as a

21   mark solely for mail order catalog services featuring wine; online retail store services featuring

22   wine; and providing information and advice to mail order catalog and online retail store customers

23   concerning the purchase of wine in International Class No. 35 with a stated first use in commerce of

24   December 31, 1996.  The PTO suspended Wine Scout's application to register its trade name for a

25   variety of reasons that are set forth in its TDR database.

26         At no time has Crowell ever used THE WINE SCOUT mark for wine sales, the marketing of

27   wines under that mark, the production of catalogs for the sale of wine, the operation of any retail

28

CASE NO. 07 05930 JSW
JOINT CASE MANAGEMENT
STATEMENT FOR 04/25/08
CASE MANAGEMENT CONFERENCE

1    stores for the sale of wine, or as a vintner, bottler, reseller, or otherwise of wine.  Rather, her sole

2    use of THE WINE SCOUT mark has been for the limited purposes set forth above that mirror her

3    application to register that mark and that was favorably acted upon by the PTO.  Her sources of

4    revenue derive from podcasts relating to wine that are widely available on many sources on the

5    Internet, and that generate, or have the capacity to generate, a stream of revenue from advertisers

6    who choose to place commercial notices on her website.  As such, there is not even a remote

7    tangency, much less a similarity, to the spheres of economic activity conducted by Wine Scout

8    using its trade name as it has done in the past, and by Crowell using THE WINE SCOUT mark in

9    The Limited Uses of THE WINE SCOUT Mark.

10          At best, Wine Scout is attempting to claim rights under the common law of trademark in

11   order to sweep within the limited scope of use of its trade name any and all uses thereof by Crowell

12   in spheres of economic activity in which Wine Scout has never engaged in business, as most

13   directly evidenced by its trademark application to the PTO and the limited uses to which its mark

14   has been used in International Class No. 35 since could it assert no others under penalty of perjury

15   to the PTO.

16          Crowell will not set forth at this time the very justiciable bases for her third party action

17   against Pope since he has filed no responsive pleadings in this litigation.

18   **3.      Legal Issues**

19          ***Wine Scout's position***

20          1.      Does Crowell's THE WINE SCOUT mark infringe Wine Scout's WINE SCOUT

21   name and mark in violation of the Lanham Act, California state unfair competition law and

22   California common law?

23          ***Pope's Position***

24          The declaratory judgment claim asserted against Pope is improper and unwarranted as there

25   exists no case or controversy between Pope and Crowell as Pope has no ownership interest in the

26   mark at issue in this matter and he has not made any coercive claim against Crowell, nor could he.

27   //

28

***Crowell's position***

1.      Whether venue is proper against Crowell in this district in that she does not regularly transact business, and has not regularly transacted business, within this district.

2.      Whether The Limited Uses of THE WINE SCOUT Mark infringe any right of Wine Scout in the limited uses by it of its trade name.

3.      Whether Wine Scout and/or Pope will be able to establish the requisite actual confusion or the likelihood of confusion based upon The Limited Uses of THE WINE SCOUT Mark by Crowell.

4.      Whether Wine Scout and/or Pope have been damaged by any conduct of Crowell in The Limited Uses of THE WINE SCOUT Mark.

5.      Whether Wine Scout's trade name, WINE SCOUT, is a not famous mark, as such term is defined in the Trademark Dilution Revision Act of 2006 (Lanham Act § 43(c), 15 U.S.C. § 1125(c), (*i.e.*, one that is either inherently distinctive or has acquired a secondary meaning by being "widely recognized by the general consuming public of the United States as a designation of source of the goods or service of the mark's owner"), such that Wine Scout's trade name, WINE SCOUT, is not entitled to protection as a famous mark.

6.      Whether Wine Scout commenced this litigation in bad faith after the PTO had determined there to be an absence of conflict or confusion between Crowell's THE WINE SCOUT mark and Wine Scout's trade name, WINE SCOUT.

7.      Whether Wine Scout and/or Pope failed to adequately, sufficiently, or reasonably mitigate their respective damages in this litigation.

8.      Whether the purported damages allegedly suffered by Wine Scout (i) result from or were proximately caused by its own acts or omissions to act; (ii) the proximate cause of its own carelessness or negligence and/or the carelessness or negligence of persons or entities other than Crowell; and/or (iii) result from or the proximate cause of events over which Crowell had no control and for which she is not responsible.

//

9.      Whether the acts and conduct of Wine Scout and/or Pope in connection with Wine Scout's trade name, WINE SCOUT, and Crowell's THE WINE SCOUT mark are a part of a broader scheme by them of trademark misuse and unfair competition against Crowell to drive her out of the wine business generally despite the fact that neither Wine Scout nor Pope have engaged in any of The Limited Uses of THE WINE SCOUT Mark.

10.     Whether Wine Scout's acts and conduct in seeking relief from this Court rather than seeking a remedy from the PTO and/or the TTAB after its application to register the trade name WINE SCOUT was suspended by the PTO constitutes inequitable conduct by it.

11.     Whether Wine Scout's acts and conduct in seeking relief from this Court rather than seeking a remedy from the PTO and/or the TTAB after its application to register the trade name WINE SCOUT was suspended by the PTO constitute fraud on the PTO.

12.     Whether Wine Scout's acts and conduct in seeking relief from this Court rather than seeking a remedy from the PTO and/or the TTAB after its application to register the trade name WINE SCOUT was suspended by the PTO are a specific defense to the incontestability of any rights it professes to have in the trade name, WINE SCOUT, as a trademark.

13.     Whether Wine Scout seeks to link in the abstract its use of its trade name, WINE SCOUT, with Crowell's use of the trademark, "THE WINE SCOUT", without regard to any requisite demonstrated confusion or likelihood of confusion arising from how such trade name and trademark are actually used by each of them, respectively in real world settings.

14.     Whether Wine Scout seeks to link in the abstract its use of its trade name, WINE SCOUT, with Crowell's use of the trademark, THE WINE SCOUT, where there is no competitive proximity between such trade name and trademark, as actually used by each of them, respectively in real world settings.

15.     Whether Wine Scout's conduct in connection with the use of its trade name, WINE SCOUT, clearly evidences an attempt by it to monopolize and/or restrain trade in the markets in which Crowell has, and is, engaged in business despite Wine Scout never having engaged in such markets and to use this litigation as an economic cudgel to achieve such ends.

16.     Whether Crowell is entitled to a declaratory judgment that Wine Scout does not have a superior right to the unregistered trade name, WINE SCOUT, in light of (i) its inability to obtain a trademark registration therefor from the PTO; (ii) the absence of any competitive proximity between such trade name and The Limited Uses of THE WINE SCOUT Mark; (iii) the absence of any requisite demonstrated confusion or likelihood of confusion arising from how trade name and The Limited Uses of THE WINE SCOUT Mark are actually used in real world settings; and (iv) the demonstrated intent of Wine Scout are to prevent, inhibit, and/or restrain Crowell from engaging in business using her trademark, THE WINE SCOUT, in any aspect of commerce that relates in any manner to wine despite neither Wine Scout nor Pope being, nor at any time herein relevant having been, engaged in The Limited Uses of THE WINE SCOUT Mark.

17.     Whether Wine Scout will be wholly unable to satisfy the requisite standard of proof that Crowell adopted, applied to register as a trademark, and/or used her trademark, THE WINE SCOUT, with the intent of deriving a benefit from the reputation of Wine Scout and/or Pope.

**4.     Motions**

There are no pending motions.  However, Pope asserts that he may file a Rule 12(b)(6) or Rule 12(c) motion.

**5.     Amendment of Pleadings**

The parties do not anticipate any amendments of pleadings at this time, but that may change depending upon whether or not Pope files a Rule 12(b)(6) or Rule 12(c) motion, and, if so filed, the outcome of that motion.

**6.     Evidence Preservation**

*__Wine Scout's position__*

Wine Scout has suspended its document destruction policy as it relates to matters involving the WINE SCOUT name and mark relevant to this litigation.   Wine Scout's electronic communications related to its WINE SCOUT services are automatically preserved pursuant to the function of a middleware program which tracks and saves such communications.

//

***Pope's position***

Pope has no personal evidence relevant to the claims being asserted by Crowell.  To the extent any evidence is created during the course of this litigation relevant to such claims, such evidence will be preserved.

***Crowell's position***

On April 7, 2008, Crowell served counsel for Wine Scout and Pope with a litigation hold demand with which they must each comply during the pendency of this litigation.

**7.    Disclosures**

All of the parties, Wine Scout, Pope, and Crowell have agreed to electronically exchange their initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before April 18, 2008.

**8.    Discovery**

***Wine Scout's position***

Wine Scout has not yet taken any discovery.  Wine Scout anticipates taking discovery relating to the scope and nature of Crowell's use of her THE WINE SCOUT mark.  Wine Scout does not anticipate needing to take any discovery in excess of that allowed pursuant to the Federal Rules.

***Pope's position***

Pope has not yet taken any discovery.  Should Pope need to take any discovery, it would be directly related to claims being raised by Crowell.  Pope does not anticipate needing to take any discovery in excess of that allowed pursuant to the Federal Rules.

***Crowell's position***

There has been no discovery taken to date.  During the Fed.R.Civ.P. Rule 26(f) Conference between counsel, there was no discussion of a discovery plan under Fed.R.Civ.P. Rule 26(d).  It is the position of Crowell that with no closure on an ADR process (see Item No. 12 below) and the litigation not yet being at issue, the ability to even develop a discovery plan at this preliminary and incipient stage of the litigation would involve each of the parties overreaching by discovery into

//

issue areas that may not even exist once the litigation becomes at issue and has had the benefit of an ADR process.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

The parties are not aware of any related cases at this time because of the early stage of this litigation.

**11.    Relief**

***Wine Scout's position***

Wine Scout seeks injunctive relief enjoining Crowell's further use of the mark THE WINE SCOUT on or in association with goods or services related to wine, damages in an amount to be determined, an order from the Court directing the Commissioner of Trademarks to refuse Crowell's application to register THE WINE SCOUT as a mark, and a rejection of Crowell's declaratory judgment claims.

***Pope's position***

Pope seeks an order of the Court rejecting Crowell's declaratory judgment claims.

***Crowell's position***

As more fully described above in Item No. 2 (p. 4, ll. 19-25), Wine Scout filed an Opposition with the TTAB to Crowell's approved and published trademark, THE WINE SCOUT. The TTAB, as revealed by the entry 5 in the records in its TTABVUE Database under Opposition No. 91182634, suspended Wine Scout's Opposition pending this disposition of this litigation.

Crowell seeks declaratory judgment by way of the Counterclaim and Third Party Complaint that will, in turn, concern issue numbers 2, 3, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, and 17 in Item No. 3 above under Crowell's position.

//

//

//

**12.    Settlement and ADR**

Counsel for Wine Scout and for Crowell have twice had exchanges concerning an ADR process without success. On April 7, 2008, a Notice of Need for ADR Phone Conference was filed with the Court pursuant to ADR L.R. 3-5 as ECF Docket No. 20. That Phone Conference has been calendared by the ADR Program Office for Wednesday, April 23, 2008, at 2:00 p.m.

**13.    Consent to Magistrate Judge for All Purposes**

Neither Wine Scout nor Pope will not consent to have a magistrate judge conduct all further proceedings in this litigation, including trial.

Crowell does consent to have a magistrate judge conduct all further proceedings in this litigation, including trial.

**14.    Other References**

The parties do not believe that this litigation is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

***Pope's Position***

Pope will stipulate that he has no claim against Crowell in relation to the issues related to the WINE SCOUT mark and will stipulate to such effect, thereby eliminating the need for expending the Court and the parties' time in trying the declaratory judgment against him.

Crowell's Position

The issues of fact and law raised by the Complaint and the Counterclaim/Third Party Complaint are largely the same, substantially the same evidence would support or refute the allegations of the Complaint as well as the Counterclaim/Third Party Complaint, and there is a logical relationship between the Complaint and the Counterclaim/Third Party Complaint. The Counterclaim/Third Party Complaint do not beget independent actions when that pleading is one and the same against Wine Scout and Pope.

Other than as set forth above, the parties know of no narrowing of issues at this time parties because of the early stage of this litigation.

**16.    Expedited Schedule**

The parties do not believe that this is the type of litigation that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

***Wine Scout's position***

Wine Scout proposes the following schedule for this case:

10/15/08 – close of fact discovery

11/15/08 – exchange of expert reports

12/15/08 – exchange of rebuttal expert reports

1/15/09 – close of expert discovery

2/15/09 – deadline for filing of dispositive motions

4/15/09 – deadline for filing of pre-trial motions

5/15/09 – pretrial conference

6/1/09 – trial

***Pope's position***

Pope's position on scheduling is the same as that of Wine Scout

***Crowell's position***

With this litigation not yet at issue, the selection of an ADR process not yet finalized, and there having been no agreed upon Fed.R.Civ.P. Rule 26(d) discovery plan, it would be premature for the parties to select scheduling at this very incipient stage of the litigation.  In the alternative, Crowell would respectfully suggest to the Court a further Case Management Conference promptly following the completion of an ADR process, as ordered by the Court, for the purpose of such scheduling.

**18.    Trial**

***Wine Scout's position***

The case will be tried to a jury.  Wine Scout anticipates a 3 – 5 day trial.

*//*

***Pope's position***

Pope's position on trial is the same as that of Wine Scout

***Crowell's position***

With this litigation not yet at issue, the selection of an ADR process not yet finalized, and there having been no agreed upon Fed.R.Civ.P. Rule 26(d) discovery plan, it would be premature for the parties to select trial date or length of trial at this very incipient stage of the litigation.  In the alternative, Crowell would respectfully suggest to the Court a further Case Management Conference promptly following the completion of an ADR process, as ordered by the Court, for the purpose of such trial matters.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Wine Scout and Crowell have each filed the Fed.R.Civ.P. Rule 7.1 Disclosure Statement and Civ. L.R. Rule 3-16 Certification of Interested Entities or Persons.

Pope has not as yet responsively pleaded in this litigation.

**20.    Other Matters**

The parties know of no other matters at this time.

DATED:  April 18, 2008                    DICKENSON, PEATMAN & FOGARTY

By:        /s/ *J. Scott Gerien*
                 J. Scott Gerien,
                 Attorneys for Plaintiff,
                 Counterdefendant, and
                 Third Party Defendant

DATED:  April 18, 2008                    BUSINESS & TECHNOLOGY LAW GROUP

By:        /s/ *Stephen N. Hollman*
                 Stephen N. Hollman,
                 Attorneys for Defendant,
                 Counterclaimant, and
                 Third Party Plaintiff,

//

CASE NO. 07 05930 JSW
JOINT CASE MANAGEMENT
STATEMENT FOR 04/25/08
CASE MANAGEMENT CONFERENCE

## CASE MANAGEMENT ORDER

1

2          This Joint Case Management Conference Statement and [Proposed] Order is hereby adopted

3   by the Court as the Case Management Order for the case and the parties are ordered to comply with

4   this Order.  In addition, the Court orders:

5                    *[The Court may wish to make additional orders, such as:*
                     *a.      Referral of the parties to court or private ADR process;*
6                    *b.      Schedule a further Case Management Conference;*
                     *c.      Schedule the time and content of supplemental disclosures;*
7                    *d.      Specially set motions;*
                     *e.      Impose limitations on disclosure or discovery;*
8                    *f.      Set time for disclosure of identity, background and opinions of experts;*
                     *g.      Set deadlines for completing fact and expert discovery;*
9                    *h.      Set time for parties to meet and confer regarding pretrial submissions;*
                     *i.      Set deadline for hearing motions directed to the merits of the case;*
10                   *j.      Set deadline for submission of pretrial material;*
                     *k.      Set date and time for pretrial conference;*
11                   *l.      Set a date and time for trial.]*

12

13  DATED:        April ___, 2008        _____

14                                        Hon. Jeffrey S. White
                                          United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                        CASE NO. 07 05930 JSW
                                                        JOINT CASE MANAGEMENT
                                                        STATEMENT FOR 04/25/08
                                                        CASE MANAGEMENT CONFERENCE