1  J. SCOTT GERIEN, State Bar No. 184728
   MEGAN FERRIGAN HEALY, State Bar No. 229177
2  DICKENSON, PEATMAN & FOGARTY
   809 Coombs Street
3  Napa, California 94559
   Telephone: (707) 252-7122
4  Facsimile: (707) 255-6876

5  Attorneys for Third-Party Defendant
   MARK POPE

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

11 Pope International,                    CASE NO. C07 05930 JW
           Plaintiff,
12                                        **MARK POPE'S ANSWER TO FIRST
      vs.                                 AMENDED COUNTERCLAIM**
13 Patricia Crowell,
14         Defendant.

16 Patricia Crowell, an individual
           Counterclaimant
17    vs.
18 Pope International, a California
   corporation,
19         Counterdefendant.

21 Patricia Crowell, an individual
22         Third Party Plaintiff,
      vs.
23
   Mark Steven Pope, aka Mark S. Pope and
24 aka Mark Pope, individually an as he does
   business under the trade name and style of
25 Bounty Hunter, Bounty Hunter Rare Wine,
   and/or Bounty Hunter Rare Wine and
26 Provisions,
           Third Party Defendant.
27

Third Party Defendant, Mark Pope, ("Pope"), by his undersigned attorneys, as and for his Answer to the First Amended Counterclaim, alleges as follows:

1. Answering Paragraph 1 of the First Amended Counterclaim, Pope denies the allegations contained therein.

2. Answering Paragraph 2 of the First Amended Counterclaim, the nature of the relief sought by Defendant and Counterclaimant, Patricia Crowell ("Crowell") as set forth in Paragraph 2 speaks for itself and Pope denies that Crowell is entitled to the relief requested.

3. Answering Paragraph 3 of the First Amended Counterclaim, Pope denies the allegations contained therein.

4. Answering Paragraph 4 of the First Amended Counterclaim, Pope admits the contents therein.

5. Answering Paragraph 5 of the First Amended Counterclaim, Pope denies the allegations contained therein.

6. Answering Paragraph 6 of the First Amended Counterclaim, Pope denies the allegations contained therein.

7. Answering Paragraph 7 of the First Amended Counterclaim, Pope denies the allegations contained therein.

8. Answering Paragraph 8 of the First Amended Counterclaim, Pope is without knowledge as to the allegations contained therein and on such basis denies such allegations.

9. Answering Paragraph 9 of the First Amended Counterclaim, Pope admits the allegations contained therein.

10. Answering Paragraph 10 of the First Amended Counterclaim, Pope denies that he is an individual doing business as Bounty Hunter, Bounty Hunter Rare Wines, and/or Bounty Hunter Rare Wines and Provisions, and otherwise admits the remaining allegations contained therein.

11. Answering Paragraph 11 of the First Amended Counterclaim, Paragraph 11 speaks for itself and requires neither an admission or denial.

12. Answering Paragraph 12 of the First Amended Counterclaim, based upon information and belief as reflected by the records of the U.S. Patent and Trademark Office (USPTO), Pope admits that Crowell filed the alleged trademark application, but denies that the application was to register a trade name.

13. Answering Paragraph 13 of the First Amended Counterclaim, Pope admits that Wine Scout filed the service mark application Serial No. 77199035 and denies the remaining allegations contained therein.

14. Answering Paragraph 14 of the First Amended Counterclaim, Pope denies the allegations contained therein.

15. Answering Paragraph 15 of the First Amended Counterclaim, Pope admits, upon information and belief based upon review of the USPTO database, that Crowell's trademark/service mark application was approved for publication on January 23, 2008, admits that the USPTO has suspended Wine Scout's service mark application for WINE SCOUT, and denies the remaining allegations contained therein.

16. Answering Paragraph 16 of the First Amended Counterclaim, Pope is without sufficient information to admit or deny the allegation contained therein and on such basis denies the allegation.

17. Answering Paragraph 17 of the First Amended Counterclaim, Pope admits the stated content of the TMEP, but otherwise denies the remaining allegations contained therein.

18. Answering Paragraph 18 of the First Amended Counterclaim, Pope denies the allegations contained therein to the extent the allegations are based upon a hypothetical rather than factual situation.

19. Answering Paragraph 19 of the First Amended Counterclaim, Pope admits the allegations of the Complaint filed by Wine Scout as stated therein and otherwise denies all remaining allegations included in Paragraph 19.

20. Answering Paragraph 20 of the First Amended Counterclaim, Pope admits that Wine Scout has stated its intent is to prohibit, inhibit and/or restrain Crowell from using the name or any mark encompassing the term WINE SCOUT on or in association with wine or wine-related goods or services based upon Wine Scout's prior service mark rights in the WINE SCOUT mark, and otherwise denies the remaining allegations.

21. Answering Paragraph 21 of the First Amended Counterclaim, Pope admits the services description of its service mark application for WINE SCOUT, is without knowledge as to all of the goods and services under which Crowell uses THE WINE SCOUT mark, and on such basis denies the allegations in the second sentence of the paragraph describing the services with which Crowell does not use the mark, and denies all remaining allegations.

22. Answering Paragraph 22 of the First Amended Counterclaim, Pope admits that Wine Scout uses and has used the trade name Wine Scout, is without knowledge as to all business activities with which Crowell uses and has used The Wine Scout name and mark, and on such basis denies the allegations in the second sentence of the paragraph describing the business activities with which Crowell does not use the name and mark, and denies all remaining allegations.

23. Answering Paragraph 23 of the First Amended Counterclaim, Pope admits to the accuracy of the cited content from the Wine Scout web site, is without knowledge as to all business activities with which Crowell uses and has used THE WINE SCOUT name and mark, and on such basis denies the allegations in the second sentence of the paragraph describing the business activities with which Crowell does not use the name and mark, and denies all remaining allegations.

24. Answering Paragraph 24 of the First Amended Counterclaim, Pope admits that Wine Scout's complaint alleges violation of Wine Scout's trade name rights in Wine Scout by Crowell, and denies the remaining allegations in Paragraph 24.

25. Answering Paragraph 25 of the First Amended Counterclaim, Pope admits that Wine Scout has not offered podcasts about wine tasting or wine trips under its WINE SCOUT mark, admits it is using Win Scout as a trade name as a negociant and vintner and denies the remaining allegations in Paragraph 25.

26. Answering Paragraph 26 of the First Amended Counterclaim, Pope re-alleges and incorporates by reference its responses to Paragraphs 1 through 25 of the First Amended Counterclaim.

27. Answering Paragraph 27 of the First Amended Counterclaim, the allegation speaks for itself.

28. Answering Paragraph 28 of the First Amended Counterclaim, Pope denies that there are justiciable controversies between Pope and Crowell, and denies the remaining allegations.

29. Answering Paragraph 29 of the First Amended Counterclaim, Pope admits that Wine Scout has filed a complaint against Crowell alleging various service mark violations, but denies the remaining allegations in Paragraph 29.

30. Answering Paragraph 30 of the First Amended Counterclaim, Pope denies the allegations contained therein.

31. Answering Paragraph 31 of the First Amended Counterclaim, Pope denies that the requested declaratory judgment is necessary as the Court's ruling as to Wine Scout's infringement claim will resolve all issues raised by the declaratory judgment action.

32. Answering Paragraph 32 of the First Amended Counterclaim, Pope re-alleges and incorporates by reference its responses to Paragraphs 1 through 31 of the First Amended Counterclaim.

33. Answering Paragraph 33 of the First Amended Counterclaim, Pope denies that there are justiciable controversies between Pope and Crowell.

34. Answering Paragraph 34 of the First Amended Counterclaim, Pope denies that there are justiciable controversies between Pope and Crowell.

35. Answering Paragraph 35 of the First Amended Counterclaim, Pope denies the allegations contained therein.

36. Answering Paragraph 36 of the First Amended Counterclaim, Pope denies the allegations contained therein.

37. Answering the second Paragraph 37 of the First Amended Counterclaim, Pope denies the allegations contained therein.

### AFFRIMATIVE DEFENSES

1. Crowell has failed to state a claim upon which relief can be granted.
2. There is no case or controversy between Pope and Crowell.
3. There is no underlying coercive claim which Pope may exert against Crowell

### PRAYER FOR RELIEF

WHEREFORE, Pope demands judgment dismissing the Counterclaim, awarding it the costs, expenses, and attorneys' fees it incurs in defending this matter, and awarding it such other relief as the Court deems just and proper.

Dated: 4/24/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan Ferrigan Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Third-Party Defendant,
Mark Pope