# BUSINESS & TECHNOLOGY LAW GROUP

160 W. SANTA CLARA STREET
SUITE 1050
SAN JOSE, CALIFORNIA  95113

TELEPHONE:  (408) 282-1949
FACSIMILE:  (408) 275-9930
EMAIL:  snh@bestintechnologylaw.com
WEBSITE:  www.businessandtechnologylawgroup.com

May 12, 2008

Hon. Jeffrey S. White
United States District Judge
U. S. District Court for the No. Dist. of Cal.
Courtroom 2, Seventeenth Floor
450 Golden Gate Avenue
San Francisco, CA  94102

RE:   *Wine Scout International vs. Patricia Crowell*
      *And related Counterclaim and Third Party Complaint*
      *USDC, N.D. Cal., Case No. C-07-05930 JSW*

      *Letter Response to the Request for Court Clarification*
      *Concerning the Amended Notice of Unavailability of*
      *Counsel for Defendant, Counterclaimant, and Third*
      *Party Plaintiff Filed By Plaintiff, Counterdefendant,*
      *and Third Party Defendant (ECF Docket No. 32)*

Dear Judge White:

You will recall that counsel for the parties in the above-entitled matter appeared before the Court during the 1:30 p.m. calendar on April 25, 2008 for the first Case Management Conference.

**FACTUAL BACKGROUND**

At that hearing, the Court may recall that the undersigned (i) informed the Court that his client had been served with pre-trial discovery absent a meet and confer concerning a discovery plan in violation of Fed.R.Civ.P. Rules 26(d) and 26(f); and (ii) at the conclusion of the Case Management Conference the undersigned served opposing counsel with a Notice of Unavailability due to a temporary inability to file it electronically that day.  With respect to the former, the Court detailed for the undersigned and opposing counsel a quite specific procedure, as the transcript of the Case Management Conference will so disclose, concerning discovery disputes leading opposing counsel to stay his clients' improperly served discovery in a corridor conference immediately following the Case Management Conference.  With respect to the latter, the Court stated to the undersigned, as the transcript of the Case Management Conference will also

Hon. Jeffrey S. White
May 12, 2008
Page 2

disclose, to have all electronic communications concerning the case monitored and responded to, and indicated its expectation to both counsel was that there was to be courtesy and collegiality between counsel when a Notice of Unavailability was filed. As will be shown below, the undersigned has complied in all respects with respect to all communications concerning the case and the expectation of conduct between counsel expected by the Court.

In light of said admonishment and expectation by the Court, the Notice of Unavailability was amended by the undersigned and electronically filed on May 17, 2008 at 12:06 p.m. as ECF Docket No. 30 with the only difference between the pleading served in hand at the Case Management Conference on April 25, 2008 and the electronically filed pleading being the language that states:

> Counsel for plaintiff, counterdefendant, and third party defendant was served in hand by the undersigned with a Notice of Unavailability dated April 25, 2008 in an open proceeding before the Court during the Case Management Conference on that date, and the Notice of Unavailability, as so served in hand, recited the identical language as set forth in the two foregoing paragraphs [t]herein. The Court's comment to such service during the open proceeding before it was that while the immediately foregoing paragraph [therein] applied only to state court proceedings, the Court did expect that such a Notice of Availability would be received and treated with professional courtesy and collegiality.

It was only *one hour* after the electronic filing of the Amended Notice of Unavailability within the noticed period of the undersigned's unavailability that opposing counsel demanded by E-Mail:

> Please advise as to who in your office will be available to finalize the discovery plan in your absence. You will recall that the Court advised you that your firm in representing the defendant cannot make it itself 'unavailable' simply because you are not in the office and that you *must* have someone available to continue to prosecute the case.

(Emphasis added.)

Opposing counsel apparently sent the immediately foregoing quoted E-Mail because there had never been a "meet and confer" with respect to a discovery plan. Opposing counsel's proposed plan was not received by the undersigned until May 5, 2008 at 1:27 p.m. The undersigned, after consultations with his client in a different time zone, responded to opposing counsel with his client's proposed discovery plan on May 6, 2008 at 3:07 p.m. Prior to that, the undersigned had offered to meet with opposing counsel in San Francisco for the mandated "meet and confer" on the morning of May 7, 2008 prior to the commencement of his noticed period of unavailability. No response was ever made to that offer by opposing counsel.

Hon. Jeffrey S. White
May 12, 2008
Page 3


### IS THERE EVEN A NEED FOR THE REQUESTED CLARIFICATION BY THE COURT?

In filing a pleading with the Court to which this submission responds, opposing counsel has the objective to have the undersigned, who will be returning to the Bay Area in a scant one week, be required to appoint another counsel to appear to represent the undersigned's client for the purposes of the required "meet and confer" concerning a discovery plan that never occurred in a timely manner despite the fact that (i) opposing counsel served pre-trial discovery in the absence of a mutually approved discovery plan; (ii) the undersigned, who personally is monitoring all electronic communications in the case and having electronic, facsimile, and mailed communications concerning the case, is the only counsel most readily familiar with the discovery issues and disputes in the case; and (iii) the undersigned, despite his noticed unavailability, has been compelled to communicate at length with opposing counsel on multiple occasions during his short period of unavailability.

After the exchange of proposed discovery plans early last week, opposing counsel rejected out of hand the undersigned's proposed discovery plan in its entirety and insisted *only* upon the proposed discovery plan of his clients with not one iota of compromise whatsoever. What opposing counsel has done that precipitates the issue now before the Court is to communicate with the undersigned by interpreting the Court's April 25, 2008 statement upon what was expected of counsel during a period covered by a Notice of Unavailability by demanding *only after* the period of unavailability commenced that a substitute counsel "must" be appointed by the undersigned to meet and confer concerning the two proposed discovery plans else opposing counsel would lift the stay on his pre-trial discovery that was improperly propounded *ab initio*.

Now if there was an impending deadline by which opposing counsel would be prejudiced in the least, those motives underlying his demands could, *arguendo*, at least have some rationale or reason. However, on May 7, 2007, in his *third* communication sent to the undersigned *after* the Notice of Unavailability had commenced, stated:

> However, between my schedule and that of my client, we are unavailable for any ADR until the end of June.

In response, the undersigned communicated on the same day to opposing counsel stating:

> Without checking my schedule, I believe I could be available for a meet and confer in San Francisco, as you suggested, as early as May 21, 22, or 23 – only eight or nine business days hence [now at the earliest seven business days hence] ***and more than five weeks before either you or your clients could be ready for ADR***. Your attempt to force an earlier date knowing full well of the dates of my short absence smacks of the same intractable position of your clients to have discovery occur their way and only their way. Since the latest of the proposed dates of my availability for a meet and confer would still be ***more than five weeks in advance of the earliest***

Hon. Jeffrey S. White
May 12, 2008
Page 4

> *possible date you and your client would be available for ADR*, your clients are prejudiced not at all by waiting for a meet and confer between us until that time, and the only reason to insist otherwise is to apparently seek an unfair advantage based upon my short absence.

(Emphasis added.)

Instead of even attempting to meet and confer further with the undersigned, opposing counsel filed on May 9, 2008 the pleading with the Court to which this submission responds.

Despite the intractablility of opposing counsel concerning his clients' proposed discovery plan and his failure to respond to an invitation to a meet and confer on May 7, 2008, he has now undertaken to involve the Court in a matter as to which (i) there was no meet and confer; (ii) the pleading filed by him during the undersigned's short noticed absence is a deliberate gross impropriety utterly inconsistent with the Court's statement that it expected courtesy and professional collegiality during a noticed period of a counsel's unavailability; and (iii) is made even more egregious by the admitted fact that neither opposing counsel nor his clients could possibly suffer any prejudice given their respective unavailability to participate in and ADR process for more than five weeks after the latest of the dates proposed by the undersigned for a meet and confer as early as next week.

## CONCLUSION

The undersigned most sincerely apologizes for the Court having to be involved in a matter of this nature, and respectfully requests that either (i) no response be made by the Court to either opposing counsel's pleading or this response; or (ii) that opposing counsel's request for clarification be denied given that a meet and confer by the undersigned, as the most knowledgeable counsel on the matters to be covered in a meet and confer, will be available for such a meeting prior to the end of next week at no prejudice whatsoever to opposing counsel's clients other than their whim.

Respectfully submitted,

  /s/ *Stephen N. Hollman*
Stephen N. Hollman,
Attorneys for Defendant, Counterclaimant and
Third Party Plaintiff,
PATRICIA CROWELL

cc:    Client