1 | J. SCOTT GERIEN, ESQ., Bar No. 184728 | STEPHEN N. HOLLMAN, ESQ., Bar No. 55219
2 | Dickenson, Peatman & Fogarty | Business & Technology Law Group
3 | 809 Coombs Street | 160 W. Santa Clara Street, Suite 1050
  | Napa, CA 94559 | San Jose, CA 95113
  | Telephone: (707) 252-7122 | Telephone: (408) 282-1949
4 | Facsimile: (707) 255-6876 | Facsimile: (408) 275-9930
  | Attorneys for Plaintiff, | Attorneys for Defendant,
5 | Counterdefendant, and | Counterclaimant, and
  | Third Party Defendant | Third Party Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WINE SCOUT INTERNATIONAL,  )   **CASE NO. C 07 05930 JSW**
     Plaintiff,  )
       )   **JOINT STIPULATION REGARDING**
vs.  )   **FED.R.CIV.P 26(f) DISCOVERY PLAN AND**
       )   **[PROPOSED] ORDER**
PATRICIA CROWELL,  )
     Defendant.  )   **[Electronic digital signatures permitted]**

PATRICIA CROWELL, an individual  )
     Counterclaimant,  )
vs.  )
WINE SCOUT INTERNATIONAL, a California corporation,  )
     Counterdefendant.  )

PATRICIA CROWELL, an individual  )
     Third Party Plaintiff,  )
vs.  )
MARK STEVEN POPE, aka Mark S. Pope and aka Mark Pope, individually and as he does business under the trade name and style of Bounty Hunter, Bounty Hunter Rare Wine, and/or Bounty Hunter Rare Wine and Provisions,  )
     Third Party Defendant.  )

CASE NO. 07 05930 JSW
JOINT STIPULATION RE FED.R.CIV.P.
26(f) DISCOVERY PLAN AND
[PROPOSED] ORDER

Page 1

1    IT IS HEREBY STIPULATED AND AGREED by and among the parties, acting through
2 their undersigned counsel, that, as of May 23, 2008 following an in person meeting in the
3 Attorneys' Lounge of the Federal Building in San Francisco, California between counsel for all of
4 the parties pursuant to the Order of the Court dated May 13, 2008, the parties have agreed pursuant
5 to Fed.R.Civ.P. Rule 26(f) to the content of the following discovery plan.
6    1.    Rule 26(f)(3)(A)    Initial disclosures have been exchanged.  Except as may be
7 occasioned by supplemental disclosure, nothing further is contemplated at this time.
8    2.    Rule 26(f)(3)(B)    In light of a two-step hybrid process occurring in the very near
9 future, the first phase of the parties' discovery will be limited as follows:
10    (i)    The number of interrogatories will be seven per party (with Crowell to be able to
11 propound discovery against both the plaintiff and third party defendant and plaintiff and third party
12 defendant to be able to each propound discovery against Crowell), and they will be counted against
13 the total number of Interrogatories permitted by Fed.R.Civ.P. Rule 33(a);
14    (ii)    A set of Requests for Admission limited to twenty Requests per party (with Crowell
15 to be able to propound discovery against both the plaintiff and third party defendant and plaintiff
16 and third party defendant to be able to each propound discovery against Crowell); and
17    (iii)    An additional Interrogatory per party (with Crowell to be able to propound discovery
18 against both the plaintiff and third party defendant and plaintiff and third party defendant to be able
19 to each propound discovery against Crowell), which will also be counted against the total number of
20 Interrogatories permitted by Fed.R.Civ.P. Rule 33(a), to each party requesting information
21 concerning each response to a Request for Admission that is not an unqualified admission as not
22 being deemed to have discrete subparts as to each such Request for Admission that is not an
23 unqualified admission.
24 If the two-step hybrid ADR process has had good faith participation by all parties and fails to result
25 in a settlement, then it is likely that a second phase of broader discovery pursuant to the
26 Fed.R.Civ.P. is warranted, but based upon narrowed issues that could presumably result from the
27 two-step ADR process.
28

CASE NO. 07 05930 JSW
JOINT STIPULATION RE FED.R.CIV.P.
26(f) DISCOVERY PLAN AND
[PROPOSED] ORDER

     3.    Rule 26(f)(3)(C)    Discovery may proceed with respect to electronically stored information as available.

     4.    Rule 26(f)(3)(D)    On or before the date set forth for responses to discovery, as set forth below, the parties will stipulate to a form of protective order to be entered as on order by the Court.

     5.    Rule 26(f)(3)(E)    The discovery prior to the two-step hybrid ADR process will be mutually exchanged by E-Mail on June 9, 2008, and responses will be due on July 9, 2008 and exchanged by E-Mail on that date.

DATED: May 23, 2008          DICKENSON, PEATMAN & FOGARTY

By:    */s/ J. Scott Gerien*
J. Scott Gerien,
Attorneys for Plaintiff,
Counterdefendant, and
Third Party Defendant

DATED: May 23, 2008          BUSINESS & TECHNOLOGY LAW GROUP

By:    */s/ Stephen N. Hollman*
Stephen N. Hollman,
Attorneys for Defendant,
Counterclaimant, and
Third Party Plaintiff,

//

## [PROPOSED] ORDER

After consideration of the foregoing Stipulation arising from the Court's Order dated May 13, 2008, IT IS HEREBY ORDERED that the foregoing Discovery Plan is hereby adopted by the Court and the parties are directed to fully comply with this Order.

DATED:    May ___, 2008

Hon. Jeffrey S. White
United States District Court Judge

CASE NO. 07 05930 JSW
JOINT STIPULATION RE FED.R.CIV.P.
26(f) DISCOVERY PLAN AND
[PROPOSED] ORDER