1

J. SCOTT GERIEN, ESQ., Bar No. 184728
Dickenson, Peatman & Fogarty
809 Coombs Street
Napa, CA 94559
Telephone:  (707) 252-7122
Facsimile:  (707) 255-6876
Attorneys for Plaintiff,
Counterdefendant, and
Third Party Defendant

STEPHEN N. HOLLMAN, ESQ., Bar No. 55219
Business & Technology Law Group
160 W. Santa Clara Street, Suite 1050
San Jose, CA 95113
Telephone:  (408) 282-1949
Facsimile:  (408) 275-9930
Attorneys for Defendant,
Counterclaimant, and
Third Party Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINE SCOUT INTERNATIONAL, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICIA CROWELL, <br><br> Defendant. | **CASE NO. C 07 05930 JSW** <br><br> **JOINT STIPULATION AND [~~PROPOSED~~] ORDER GOVERNING CONFIDENTIAL AND PROTECTED MATERIAL** <br><br> **[Electronic digital signatures permitted]** |
| PATRICIA CROWELL, an individual <br><br> Counterclaimant, <br> vs. <br><br> WINE SCOUT INTERNATIONAL, a California corporation, <br><br> Counterdefendant. | |
| PATRICIA CROWELL, an individual <br><br> Third Party Plaintiff, <br><br> vs. <br><br> MARK STEVEN POPE, aka Mark S. Pope and aka Mark Pope, individually and as he does business under the trade name and style of Bounty Hunter, Bounty Hunter Rare Wine, and/or Bounty Hunter Rare Wine and Provisions, <br><br> Third Party Defendant. | |

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this litigation are likely to involve production of confidential, proprietary (including, but not limited to, business or financial data), and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, counsel for each of the parties hereby stipulate to and petition the Court to enter the following Protective Order.

Counsel for the parties acknowledge that this Stipulation and Protective Order (i) does not confer blanket protections on all disclosures or responses to discovery; and (ii) that the protections it does afford extend only to the limited information or items hereinafter discussed.

Counsel for the parties further acknowledge, as set forth in Section 10, that Civ.L.R. 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file under seal any information or items hereinafter discussed.

**2.     DEFINITIONS**

2.1     <u>Party:</u>  any party to this litigation, including all of such Party's officers, directors, employees, contractors, consultants, retained experts, and the Outside Counsel, and their respective support staff.

2.2     <u>Disclosure or Discovery Information:</u>  all information, items, or materials, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this litigation.

2.3     <u>"Confidential" Information:</u>  Disclosure or Discovery Information produced by a Designating Party that the Designating Party believes in good faith constitute proprietary commercial or financial information, items, or materials and thereby qualifies for protection under Fed.R.Civ.P. 26(c)(1) and that may be used solely for the purposes of this litigation.

2.4     <u>"Highly Confidential – Attorneys' Eyes Only" Information:</u>  extremely sensitive "Confidential Information" that a Designating Party believes in good faith constitutes a trade secret

or other highly confidential financial or commercial information, items, or materials the disclosure and/or dissemination of which to another Party or a non-Party is likely to create a substantial harm to the ability of the Designating Party and/or its affiliates to conduct business in a competitive manner and such disclosure and/or dissemination of which would create a substantial risk of serious injury to the Designating Party and/or its affiliates that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Information from the Producing Party in this litigation.

2.6    Producing Party: a Party or a non-Party that produces Disclosure or Discovery Information in this litigation.

2.7    Designating Party: a Party that designates Disclosure or Discovery Information in this litigation as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Information that are designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9    Outside Counsel: attorneys who are not employees or contractors of a Party or the House Counsel, but who have been engaged to represent and/or advise a Party in this litigation. Unless otherwise expressly approved through a subsequent Stipulation of the Parties or an Order of the Court, the Outside Counsel will include the partners, associates, and support staff of the law offices who have filed appearances on behalf of any of the Parties in this litigation.

2.10    House Counsel: attorneys who are employees or contractors of a Party.

2.11    Counsel (without qualifier): The Outside Counsel and the House Counsel and their respective support staffs.

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party's Outside Counsel to serve as an expert witness or as a consultant in this litigation and who is not a past or a current employee of a Party or of a competitor of a Party who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party, and who is not nor has been a direct or indirect owner of an interest

in a Party or a competitor of a Party, and this definition also includes any jury or trial consultant retained by a Party in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their respective employees, support staffs, and contractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Protective Order cover not only Protected Material, but also any information or extracted therefrom as well as all whole or partial copies thereof, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their Outside Counsel to or in Court or in other settings that might reveal any of the Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order will remain in effect until a Designating Party agrees otherwise in writing or an Order of the Court otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party that designates all or any portion of Disclosure or Discovery Information as Protected Material will make any such designation in good faith.  In so doing, a Designating Party will designate for such protection only of such Protected Material, or oral or written communications that so qualify, so that other portions of the Disclosure or Discovery Information for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Protective Order.

Mass, indiscriminate, or routinized designations of Protected Material are prohibited if they are for the purpose of unnecessarily encumbering or retarding the development process of this litigation.

//

1    If it comes to a Party's attention that Protected Material does not qualify for that protection,

2    or does not qualify for the level of that protection initially asserted, then that Party will promptly

3    notify all other Parties that it is withdrawing the mistaken designation.

4    5.2    <u>Manner and Timing of Designations.</u>    Except as otherwise provided in this

5    Stipulation and Protective Order (see, *e.g.*, second paragraph of Section 5.2(a) below), or as

6    otherwise stipulated by the Parties or as ordered by the Court, Protected Material will be clearly so

7    designated before such Protected Material is disclosed or produced.  Such designation requires:

8    (a)    <u>for information in documentary form</u> (apart from transcripts of depositions or

9    other pretrial or trial proceedings) that the Producing Party affix the legend "CONFIDENTIAL" or

10    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains

11    Protected Material.  If only a portion or portions of the Disclosure or Discovery Material on a page

12    qualifies for protection, then the Producing Party will clearly identify the protected portion(s) (*e.g.*,

13    by making appropriate markings in the margins) and will specify, for each portion, the level of

14    protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15    ATTORNEYS' EYES ONLY").

16    A Party that makes original documents or materials available for inspection need not

17    designate them for protection until after the inspecting Party has indicated which documents and

18    materials it would like copied and produced.  During the inspection and before the designation, all

19    of the original documents and materials made available for inspection will be deemed as "HIGHLY

20    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only after the inspecting Party has identified

21    the original documents and materials it wants copied and produced, the Producing Party will

22    determine within twenty (20) days which of the original documents and materials, or portions

23    thereof, qualify for protection under this Stipulation and Protective Order, and then, before

24    producing such original documents and materials, the Producing Party will affix the appropriate

25    legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at

26    the top of each page that contains the Protected Material.  If only a portion or portions of the

27    original documents and materials page qualifies for protection, the Producing Party will clearly

28

CASE NO. 07 05930 JSW
JOINT STIPULATION AND
[PROPOSED] ORDER FOR CONFIDT'L.
AND PROTECTED MATERIAL

identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and will specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  When it is impractical to identify separately each portion of testimony that is entitled to such protection, and when it appears that substantial portions of the testimony may qualify for such protection, then the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within such period of twenty (20) days will be covered by the provisions of this Stipulation and Protective Order.

Transcript pages containing Protected Material will be separately bound by the court reporter, who will affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary and for any other tangible items that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, will identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1    5.3    <u>Inadvertent Failures to Designate.</u>    If timely corrected, an inadvertent failure to

2    designate qualified Disclosure or Discovery Information as "CONFIDENTIAL" OR "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating

4    Party's right to secure protection under this Stipulation and Protective Order for Protected Material.

5    If Protected Material is appropriately designated as "CONFIDENTIAL" OR "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY" after it was initially produced, the Receiving

7    Party, on timely notification of the designation, will make reasonable efforts to assure that the

8    Protected Material is treated in accordance with the provisions of this Stipulation and Protective

9    Order.

10    **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

11    6.1    <u>Timing of Challenges.</u>    Unless a prompt challenge to a Designating Party's

12    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13    economic burdens, or a later significant disruption or delay of this litigation, a Receiving Party does

14    not waive its right to challenge a confidentiality designation by electing not to mount a challenge

15    promptly after the original designation is disclosed.

16    6.2    <u>Meet and Confer.</u>    A Receiving Party that elects to initiate a challenge to a

17    Designating Party's confidentiality designation will do so in good faith and will begin the process

18    by its Outside Counsel conferring directly with the Outside Counsel for the Designating Party (in

19    face to face dialogue as so ordered by the Court on April 25, 2008 for all discovery disputes with

20    other forms of communication not being deemed by the Court to be adequate).  In so conferring, the

21    Outside Counsel for the Receiving Party will explain the basis for its belief that the confidentiality

22    designation was not proper, and must give the Outside Counsel for the Designating Party an

23    opportunity to review the designated Protected Material, to reconsider the circumstances, and, if no

24    change in designation is offered, to explain the basis for the chosen designation.  The Outside

25    Counsel for the Receiving Party may proceed to the next stage of the challenge process only if it has

26    engaged in this meet and confer process first.

27    //

28

6.3  <u>Judicial Intervention.</u>  The Receiving Party that elects to press a challenge to a confidentiality designation of Protected Material after considering the justification offered by the Designating Party may file and serve a motion under Civ.L.R. 7 (and in compliance with Civ.L.R. 79-5, if applicable) that identifies the challenged Protected Material and sets forth in detail the basis for the challenge.  Each such motion will be accompanied by a competent declaration that affirms that the Outside Counsel for the Receiving Party has complied with the meet and confer requirements imposed in the immediately preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Outside Counsel for the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding will be on the Outside Counsel for the Designating Party.  Until the Court rules on the challenge, all Parties and non-Parties will continue to afford the Protected Material that is the subject of the challenge the level of protection to which it is entitled under the Designating Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  <u>Basic Principles.</u>  The Receiving Party may use Protected Material that is disclosed or produced by the Designating Party in connection with this litigation only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order.  When this litigation has been terminated, the Outside Counsel for the Receiving Party will fully comply with the provisions of Section 11 below.

Protected Material will be stored and maintained by the Receiving Party at a location and in a secure manner that ensures access is limited to only to the persons so authorized under this Stipulation and Protective Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Outside Counsel for the Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" only to:

//

(a)    its support staff employed by such Outside Counsel and then only to such of those members of its support staff who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including the House Counsel) of the Receiving Party to whom disclosure is reasonably necessary of the Protected Material for the purposes of this litigation and then only to such of those persons who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c)    any Expert(s) of the Receiving Party to whom disclosure is reasonably necessary of the Protected Material for the purposes of this litigation and then only to such of those persons who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)    the Court and its personnel;

(e)    court reporters, their support staffs, and Professional Vendors to whom disclosure is reasonably necessary of the Protected Material for the purposes of this litigation and then only to such of those persons who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(f)    during their depositions, witnesses in this litigation to whom disclosure is reasonably necessary of the Protected Material for the purposes of this litigation and only to such of those persons who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, and pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material will be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Protective Order; and

(g)    the author of the document or the original source of the Protected Material.

//

//

7.3    Limited Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Materials.  The Outside Counsel for the Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    its support staff employed by such Outside Counsel and then only to such of those members of its support staff who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    Experts (i) to whom disclosure is reasonably necessary of the Protected Material for the purposes of this litigation and then only to such of those Experts who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, and (ii) as to whom the procedures set forth in Section 7.4 have been followed;

(d)    the Court and its personnel; and

(e)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary of the Protected Material for the purposes of this litigation and then only to such of those persons who, prior to such disclosure, have duly completed and executed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

7.4    Limited Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to Experts.

(a)    Unless otherwise ordered by the Court or agreed in writing by the Designating Party, the Outside Counsel for the Receiving Party who seeks to disclose to any Expert any Protected Material that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will first make a written request to the Designating Party that (i) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (ii) sets forth the full name of the Expert and the address, city, and state of his or her primary residence, (iii) attaches a copy of the Expert's current resume, (iv) identifies the Expert's current employer(s), (v) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to

1    whom the Expert has provided professional services at any time during the preceding five (5) years,

2    and (vi) identifies (by name and number of the case, filing date, and location of court) any litigation

3    in connection with which the Expert has provided any professional services during the preceding

4    five (5) years.

5            (b)    The Outside Counsel for the Receiving Party that makes a request to provide

6    such Protected Material specified in the immediately preceding paragraph may disclose that

7    Protected Material to the identified Expert unless, within seven (7) court days of delivering the

8    request, the Outside Counsel for the Receiving Party making the request receives a written objection

9    from the Outside Counsel for the Designating Party.  Any such objection will set forth in detail the

10   grounds on which it is based.

11           (c)    The Outside Counsel for the Receiving Party that receives a timely written

12   objection, as set forth in the immediately preceding paragraph, will be required to meet and confer

13   with the Outside Counsel for the Designating Party to try to resolve the matter by agreement (in

14   face to face dialogue as so ordered by the Court on April 25, 2008 for all discovery disputes with

15   other forms of communication not being deemed by the Court to be adequate).  If no agreement is

16   reached, the Outside Counsel for the Receiving Party seeking to make the disclosure to the Expert

17   may file a motion under Civ.L.R. 7 (and in compliance with Civ.L.R. 79-5, if applicable) seeking

18   permission from the Court to do so.  Each such motion will be accompanied by a competent

19   declaration that affirms that the Outside Counsel for the Receiving Party has complied with the

20   meet and confer requirements imposed in this paragraph.  Any such motion will describe the

21   circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

22   is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

23   additional means that might be used to reduce that risk.  In addition, any such motion will be

24   accompanied by a competent declaration in which the Outside Counsel for the Receiving Party

25   describes the efforts by the Outside Counsel for all of the Parties to resolve the matter by agreement

26   (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons

27   advanced by the Outside Counsel for the Designating Party for its refusal to approve the disclosure.

28

1    Until the Court rules on the challenge, all Parties and non-Parties will continue to afford the

2    Protected Material that is the subject of the challenge the level of protection to which it is entitled

3    under the Designating Party's designation.

4        7.5    Other Specific Restrictions Upon the Outside Counsel for the Receiving Party of

5    Receipt of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.

6        (a)    Except as provided in Sections 7.3 and 7.4, the Outside Counsel for the

7    Receiving Party who is served with any Protected Material that is marked "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY" will not under any circumstances, unless with

9    the prior written consent of the Outside Counsel for the Disclosing Party or the prior Order of the

10   Court, disclose, discuss, reveal, or make available all or any part of the Protected Material that is

11   marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or any whole or partial

12   copies (whether in human readable or electronic form and including, but not limited to, archived or

13   backup copies), abstracts, compilations, summaries, or any other form of conveying, reproducing,

14   or capturing any part of the Protected Material so marked, including, but not limited to, in any such

15   case by written, verbal, or electronic means (to include E-Mail and/or instant messaging).  From

16   time to time, the Outside Counsel for the Designating Party may request a written affirmation of the

17   Outside Counsel for the Receiving Party of its full compliance with the obligations under this

18   Section 7.5(a) by such Outside  Counsel and any of its employees or support staff to whom

19   disclosure was made pursuant to Section 7.3, and the Outside Counsel for the Receiving Party will

20   fully comply with a written affirmation to any such request that is made no more frequently than

21   twenty (20) days following the date of the signing by the Outside Counsel for the Receiving Party

22   of this Stipulation and Protective Order or twenty (20) days following the date of a prior request for

23   a written affirmation by the Outside Counsel for the Designating Party, whichever is applicable.

24       (b)    If the Outside Counsel for the Receiving Party fails or refuses to comply with

25   the any of the provisions of the immediately preceding paragraph regarding a written affirmation,

26   then such Outside Counsel will have the same rights and obligations to meet and confer and for

27   judicial intervention as set forth in the circumstances described in Sections 6.2 and 6.3 herein.

28

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If the Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," then the Receiving Party will notify the Designating Party in writing immediately by facsimile and overnight courier service and in no event more than three (3) court days after receiving the subpoena or order.  Such notification will include a copy of the subpoena or court order.

The Receiving Party will also immediately inform in writing the party to such other litigation who caused the subpoena or order to issue in that other litigation advising some or all of subject matter of the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party will deliver a copy of this Stipulation and Protective Order promptly to the party in such other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert all interested parties to the existence of this Stipulation and Protective Order and to afford the Designating Party in this litigation an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party will bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these Order should be construed as authorizing or encouraging the Receiving Party in this litigation to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If the Receiving Party and/or its Counsel learns that, by inadvertence or otherwise, there has been a disclosure of the Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, then the Outside Counsel for the Receiving Party will immediately (i) notify in writing the Outside Counsel of the Designating Party of the unauthorized disclosures, (ii) use its commercially reasonable efforts to retrieve all whole or partial copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Stipulation and Protective Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

CASE NO. 07 05930 JSW
JOINT STIPULATION AND
[PROPOSED] ORDER FOR CONFIDT'L.
AND PROTECTED MATERIAL

1    retroactive to the date upon which such unauthorized disclosure occurred.

2    **10.    FILING PROTECTED MATERIAL**

3         Without written permission from the Designating Party or an order of the Court obtained

4    only after appropriate notice to all interested persons, a Party may not file in the public record in

5    this litigation any Protected Material.  A Party that seeks to file under seal any Protected Material

6    will comply with Civ.L.R. 79-5.

7    **11.    FINAL DISPOSITION**

8         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days

9    after the final termination of this litigation, the Outside Counsel for the Receiving Party will return

10   "All Protected Material" to the Producing Party.  As used in this Section 11, "All Protected

11   Material" will mean and include all whole or partial copies (whether in human readable or

12   electronic form and including, but not limited to, archived or backup copies), abstracts,

13   compilations, summaries, or any other form of reproducing or capturing any part of All Protected

14   Material.  Further, the Outside Counsel for the Receiving Party will submit a written certification to

15   the Outside Counsel for the Producing Party by the sixty (60) day deadline that identifies (by

16   category, where appropriate) All Protected Material that was returned or destroyed and that affirms

17   that the neither the Outside Counsel for the Receiving Party, the Receiving Party, nor any other

18   person or Expert has retained any whole or partial copies (whether in human readable or electronic

19   form and including, but not limited to, archived or backup copies), abstracts, compilations,

20   summaries, or other forms of reproducing or capturing any of All Protected Material.

21   Notwithstanding these provision, only the Outside Counsel for the Parties are entitled to retain an

22   archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

23   attorney work product, but only after All Protected Material has been removed or deleted, and such

24   removal or deletion will be included as an matter for inclusion in the written certification referred to

25   in this Section.

26   //

27   //

28

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right to object on any ground to use in evidence in this litigation of any of the Disclosure or Discovery Information covered by this Stipulation and Protective Order.


DATED: July ___, 2008                    DICKENSON, PEATMAN & FOGARTY


                                         By:      /s/ J. Scott Gerien
                                                  J. Scott Gerien,
                                                  Attorneys for Plaintiff,
                                                  Counterdefendant, and
                                                  Third Party Defendant

DATED: July ___, 2008                    BUSINESS & TECHNOLOGY LAW GROUP


                                         By:      /s/ Stephen N. Hollman
                                                  Stephen N. Hollman,
                                                  Attorneys for Defendant,
                                                  Counterclaimant, and
                                                  Third Party Plaintiff,


                             **[PROPOSED] ORDER**

        After consideration of the foregoing, IT IS HEREBY ORDERED that the foregoing Protective Order is hereby adopted by the Court and the parties are directed to fully comply with this Order.


DATED:      July _9_. 2008       _____
                                         Hon. Jeffrey S. White
                                         United States District Court Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address, city, and state], swear under the penalty of perjury that I have read in its

entirety and understand the Protective Order that was issued by the United States District Court for

the Northern District of California on _____ in the litigation captioned *Wine Scout International*

*v. Patricia Crowell* and related Counterclaim and Third Party Action, Case No. C 07 05930 JSW

(N.D. Cal.).

I agree to fully comply with and to be bound by all of the terms and conditions of the

Protective Order referred to above, and I understand and acknowledge that any failure to so fully

comply could expose me to sanctions and punishment in the nature of contempt by the Court.

I solemnly promise that I will not disclose in any manner any information or item that is

subject to the Protective Order referred to above to any person or entity except in strict compliance

with the provisions of that Protective Order.

I further agree to submit to the personal jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND even if such enforcement

proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address, city, state, and

telephone number] as my California agent for service of process in connection with this litigation or

any proceedings related to enforcement of this ACKNOWLEDGMENT AND AGREEMENT TO

BE BOUND.

*Dated*: _____

*City and State where sworn and signed*: _____

*Printed name*: _____

*Signature*: _____

CASE NO. 07 05930 JSW
JOINT STIPULATION AND
[PROPOSED] ORDER FOR CONFIDT'L.
AND PROTECTED MATERIAL

Page 1